**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Emanuel Thomas Newman,
    Plaintiff,

    -Vs-

Ronald L. Jury, Lieutenant, SIS
In his individual capacity,
Defendant,

Louis Caprio, Lieutenant, In his
individual capacity, Defendant,

James White, Lt., In his individual
capacity, Defendant,

1 : CV01-0677
Civil No. _____

Jury Trial Requested.

FILED
SCRANTON

APR 1 8 2001

PER _____
DEPUTY CLERK

**CIVIL COMPLAINT BY FEDERAL PRISONER**
**PURSUANT TO 28 U.S.C. § 1331**

1) Plaintiff Emanuel Thomas Newman, acting pro-se, brings this **Bivins** action for compensatory and exemplary damages against two defendants, officials of the Federal Bureau of Prisons and employed at U.S.P. Allenwood in White Deer, Pennsylvania for violations and denials of rights protected by the **Eighth Amendment** of the United States Constitution.

Newman is a Federal prisoner incarcerated at U.S.P. Allenwood, unsuccessfully sought the defendant's protection from threatened and murderous assaults, was indeed assaulted, and suffered a continuing loss of his vision along with extreme physical, mental and emotional anxiety as a result of the defendants deliberate indifference to the dangerous threats made know to them by Newman and others.

2) Newman has not filed any previous civil complaints. He has unsuccessfully applied for administrative relief from the **B.O.P.** Newman seeks only money damages, which is a remedy not available through administrative means.

**B. Jurisdiction and Venue.**

3) The jurisdiction and venue are appropriate in this Court pursuant to 18 U.S.C. § 1331 and 1391 (b) and under the authority of **Bivins v. Six Unknown**

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct 1999, 29 L.Ed 2d 619. Newman's claims for damages arise under the **Eighth Amendment** to the Constitution of the United States and present a federal question. The events giving rise to his claim occurred in the Middle District of Pennsylvania.

**B. Parties:**    4) Plaintiff, Emanuel Thomas Newman (Newman).

5) Defendant, Ronald L. Jury (Jury).

6) Defendant, Lieutenant Louis Caprio (Caprio).

7) Defendant, Lieutenant James White (White).

8) At all times relevant to this complaint the defendant's were employees of the Bureau of Prison (B.O.P.) at U.S.P. Allenwood and acted under the color of law and regulations thereof. **(See Exhibits 5 through 13)**

### C. Factual Allegations

9) During the winter 1998 to 1999, USP.Allenwood inmate Kevin Tensley asked Newman to advise and help him with his post-conviction legal filing, because Tensley was illiterate and unfamiliar with the law, Newman agreed to help him.

But in the course of reviewing Tensley's legal papers Newman learned that Tensley has been an informant for the Drug Enforcement Administration and for that reason Newman returned the papers to Tensley on or about the winter of 1998 to 1999 and told him that he would not be able to assist him. Newman thought the matter closed and thought no more about it.

10) On April 16, 1999, inmate Albert Gass suddenly and without provocation or apparent reason assaulted Newman with a metal club in the dish room of Allenwood's Food Services Department, where both worked. Newman suffered numerous contusions and cuts and was taken to the hospital on a gurney, where he received 21 stiches in his head. Newman remained in the hospital five days and was transfered to the Special Housing Unit as an administrative detainee on April 21, 1999.

11) Special Investigations Sections Lieutenant Jury interviewed Newman in the S.H.U. on April 21, 1999, in an attempt to determine the reason for the incident. Newman explained that he was not well acquainted with Gass, and had no idea what Gass' reasons were for attacking him. Lt Jury then released Newman to the general population without a complete and through investigation.

12) On the evening of May 8, 1999, inmate Wayne Jackson approached Newman in the housing unit they occupied and warned him that an attempt to murder Newman was being planed. According to Jackson, inmate Kevin Tensley was organizing members of the prison gang, the D.C. Boys, to accomplish the killing. **(Ex.#1)**

13) Right after his conversation with Jackson and just before the nightly unit lock down at 10 P.M., Newman informed his unit Officer, C.O. Couch, that he had learned of a threat to his safety.

14) The next day, May 9, 1999, Newman was called to the Lieutenant's office to see Lieutenant Caprio. Newman recalled the assault by Gass (Caprio had come to the scene on April 16, 1999) and related the information given to him by inmate Jackson about the planed murder. Because Jackson had conditioned his warning on anonymity, Newman declined to furnish Jackson's name as his source of information about the planed murder. Newman asked Lt. Caprio to take whatever measures were appropriate to ensure his safety. Lt. Caprio said he would investigate and get back to Newman. **(Ex.#2)**

15) Three days later, on May 12, 1999, Newman was called to an interview with Lt. White. Just before going to the interview, inmate Bobby Hazel told Newman that he had refused an offer from Tensley to pay him for stabbing or beating Newman. Hazel explained that Tensley was afraid that Newman would tell other convicts that Tensley had worked as a D.E.A./ B.O.P. informant. **(Ex.#3)**

16) At the interview Lieutenant White told Newman that inmate informants had confirmed the existence of the threat Newman had reported earlier to Caprio: that inmate Tensley had hired the D.C. Boys to assault or kill Newman. Further,

according to  White's information, it had been Tensley who had gotten Gass to
attack Newman on April 16, 1999.

17) Newman repeated his fears for his life to Lt. White and related the
additional information Hazel had given to him. Newman asked Lt. White as he had
Lt. Caprio, to take appropriate measures to safeguard him. Lt. White  said  that
before he could take any action , he would investigate and get back to Newman.

18) On May 14, 1999, Tensley attacked Newman in the housing unit, beat-
ing him severely and repeatedly about the head and face, with his fist and what
I believe to be some type of weapon.

19) After rescue by staff, Newman was examined and treated in the prison
clinic, and then confined in Administrative detention until his release into
the general population on December 1, 1999.

20) As a result of Tensley's May 14, 1999 assault, Newman suffered
extreme pain, dangerous head injuries and continuing significant loss of vision.
Between May 8th and May 14th, 1999 Newman suffered severe anxiety and fear for
**his life, arising in significant part from his unsuccessful attempts to obtain
protection from Lieutenants Caprio and White. Newman's fear was intensified by
the risk he incurred in providing detailed information to Caprio and White about**
the threatened assaults, knowing that if it became known within the inmate pop-
ulation, other threats might arise.

### D. Claims.

21) Newman's injuries, pain and physical and mental suffering resulted
from the deliberate indifference to his safety and welfare by the
defendants, Lt.Caprio, Lt.White, and Lt.Jury. Because the defendant's
deprived Newman of his rights under the Eighth Amendment to be free
from such injuries, pain and suffering by refusing to take the
appropriate action to protect Newman, whether by segregating him
or by other means.

### E. Relief Requested

22 ) Newman seeks compensatory damages in the amount of $550,500 jointly and severally from defendants Caprio and White. He further asks for exemplary damages in the amount of $550,500 jointly and severally because of the egregiousness of their failure to do their duty and protect his rights, and the desireability of deterring them and other prison officials from simular failures to preform their duties.  The same damages apply to defendant jury in the same amounts.


Respectfully submitted by, _____

Emmanuel Thomas Newman
Reg#13418-039
F.C.I. PEKIN
P.O. Box 5000(MO-1)
PEKIN, Illinois 61555-5000


### CERTIFICATION

I, Emanuel Thomas Newman, Plaintiff in this action, declare pursuant to Title 28 U.S.C. § 1746 and under the penalties of perjury, that the factual allegations made in this complaint are to the best of my knowledge true and correct. And,

FURTHER I SAYETH NOT.

This _1_ day of _APRIL_____, 2001

_____
Emanuel Thomas Newman
13418-039
F.C.I. PEKIN
P.O. Box 5000 (MO-1)
PEkin, Illinois 61555-5000

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON  DIVISION

Emanuel T. Newman                          )
       Plaintiff,                        )
                                         )
                                         )
    -Vs-                                  )
                                         )
                                         )
Ronald L.Jury,                             )
       Defendant,                        )
James White,                               )
       Defendant,                        )
Louis Caprio,                              )
       Defendant,                        )

PLAINTIFF'S APPENDIX IN SUPPORT OF HIS COMPLAINT

Emanuel T. Newman
13418-039
F.C.I.Pekin
P.O. BOX 5000 (MO-1)
Pekin, Illinois
       61555-5000

## TABLE OF CONTENTS

| ITEM: | EXHIBIT #: |
|---|---|
| AFFIDAVIT OF WAYNE JACKSON......................... | Ex.# 1 |
| AFFIDAVIT OF NIGEL WILLIAMS........................ | Ex.# 2 |
| AFFIDAVIT OF BOBBY HAZEL........................... | Ex.# 3 |
| AFFIDAVIT OF EMANUEL T. NEWMAN CONCERNING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES.............. | Ex.# 4 |
| CENTRAL OFFICE APPEAL (BP-11)...................... | Ex.# 5 |
| RESPONSE FROM CENTRAL OFFICE TO BP-11.............. | Ex.# 6 |
| REGIONAL ADMINISTRATIVE APPEAL (BP-10)............ | Ex.# 7 |
| RESPONSE FROM REGIONAL OFFICE TO BP-10............ | Ex.# 8 |
| REQUEST FOR ADMINISTRATIVE REMEDY (BP-9).......... | Ex.# 9 |
| RESPONSE FROM WARDEN'S OFFICE TO BP-9............. | Ex.# 10 |
| REQUEST FOR ADMINISTRATIVE REMEDY FROM UNIT TEAM CONCERNING DELIBERATE INDIEFERENCE & INJURY... (THE RESPONSE IS LOCATED ON THE BOTTOM OF PAGE) | Ex.# 11 |
| ATTACHMENT TO BP-8................................ | Ex.# 12 |
| ADMINISTRATIVE TORT CLAIM RESPONSE................ | Ex.# 13 |

STATE OF PENNSYLVANIA )
                      ) :SS
COUNTY OF UNION       )

### AFFIDAVIT OF WAYNE JACKSON

       That I Wayne Jackson, pursuant to Title 28 U.S.C. § 1746 do hereby state that the following is true under the pain and penalty of perjury:

     1) That I am an inmate at U.S.P. Allenwood, located in the city of White Deer, Pennsylvania.

     2) That I was in food services the day that inmate Emanuel Thomas Newman was assaulted, having my lunch.

     3) That I was made aware of a plot to murder inmate Newman that was being taken out by inmate Kevin Tensley.

     4) That on or about May 8, 1999 I made inmate Newman aware of the plot against his life, and informed him that it had been inmate Tensley, who had him assaulted on April 16, 1999, because Tensley, who was a B.O.P. informant, had thought that Inmate Newman was going to reveil his status as an informant to the entire inmate population at U.S.P. Allenwood. And specifically to the D.C.Boy's prison gang who Tensley was a member of. (I didnot want my name used)

     5) That I was walking by the lieutenant's office on May 12, 1999, when I saw inmate Bobby Hazel standing by the fence. When I asked him what was going on, he stated that Inmate Newman was inside seeing lieutenant White, because the lieutenant had called for him to come down.

     6) That upon further investigation I saw inmate Newman through the window of the building containing the lieutenant's office, and lieutenant White was in there with him.

     7) That when Newman left the lieutenant's office, both myself and inmate Bobby Hazel walked with him. Newman told us that the lieutenant had told him there was a hit out on his life and that it was inmate Tensley who had put it out on him.

     8) That both Bobby Hazel and myself were shocked that Newman was allowed to return to the general population, with a threat against his life. And

**FURTHER I SAYETH NOT.**

This _4th_ day of _December_____, 1999 A.D.

By _Wayne Jackson_____ Certifier.
     Wayne Jackson
     Reg no. _58074-004_
     U.S.P. ALLENWOOD
     P.O. BOX 3000
     WHITE DEER, PA 17887

# Affidavit of Nigel Williams

I Nigel williams pursuant to 28 usca 1746, Do hearby state the following upon my oath .... that on mar 10 1996 inmate Kevin tensley aka twin approached me and Requested me to beat down inmate Newman because inmate Newman was revealing to the inmate population that he inmate Kevin tensley was an informant.

Furthermore tensley stated that his homeboy black had hit newman on the head because of such rumor, and he would take care of it himself but didn't want to mess his transfer up. and if I did this he would have some money sent to my account.

however due to the fact of inmate tensley leaving by the time of me meeting up with newman I wouldn't of get paid for my troubles.

Nigel williams 06577.052
11·25·99

# Affidavit Of Bobby E. Hazel

I, Bobby E. Hazel, being sworn, hereby depose and state the following:

1. I am a prisoner of the United States Penitentiary, Allenwood Pennsylvania. My Reg. No. 44099-133. I made this affidavit in the name of prisoner Newton A.K.A. "Isea" who is being held in administrative Detention.

2. In the month of May 1999, prisoner Tewsley confronted me complaining about trying to get someone to hurt Isea. I asked Tewsley what were the problem, but he never told me. Lateraftea I told Isea about Tewsley intention, because we were friends.

3. I believe in the same month, I walked with Isea to the Lieutenant office, where I waited for Isea outside. Lateraftea, Isea existed the Lieutenant Office, where Isea say to me that Lieutenant White told him that D.C. prisoner's have a hit on him, and the Lieutenant thought his life were endanger.

4. Tewsley told me personally and I already heard him bragging about the Cop his crew murdered, that got him incarcerated. Also I heard that Tewsley is infamous. Upon Isea returned to general population, I were shocked seeing him knowing what I knew what Tewsley trying to get Isea hurt.

-2-

This affidavit is taken to the best of my knowledge,
& I understand making a false statements led to the
oath of perjury.

Bobby E. Hazel
Bobby E. Hazel
Reg. No. 41093-133
P.O. Box 3000
White Deer, Pa 17887

Date: November 27, 1999

## AFFIDAVIT OF EMANUEL THOMAS NEWMAN

I, Emanuel Thomas Newman, do hereby state upon my oath, that the following is true and correct to the best of my knowledge and belief:

1) That I have exhausted all of my administrative remedies as required by the Prison Litigation Reform Act (P.L.R.A.).

2) That on January 10th, 2000, I filed a BP-8 concerning the injury that I had received due to prison staff's deliberate indifference, that was denied on January 12th, 2000.

3) That I filed a BP-9, appealing the denial of my BP-8 on January 13th, 2000 to the Warden of U.S.P. Allenwood, that was denied on February 14, 2000.

4) That I was transferred while waiting to receive the denial of my BP-9 appeal from the warden's office.

5) That I filed a BP-10 appealing the denial of my BP-9 to the Regional Office Of The B.O.P., that was denied on May 11th, 2000 by the regional director. Newman filed a Tort Claim that was denied.

6) That I filed a BP-11 to the Central Office of the B.O.P. in Washington, D.C. on May 22th, 2000, that was denied on July 25th, 2000 by the National Administrator.

7) Therefore, I have exhausted all of the Bureau Of Prison's administrative Remedies available to me, and have been unable to obtain any relief. I am, therefore, seeking relief in the United States District Court, prior to May 14, 2001, which is the two year deadline for filing. **And, pursuant to 28 U.S.C. § 1746**, FURTHER I SAYETH NOT.

This _1st_ day of April, 2001

By _Emanuel Thomas Newman_ ————Certifier.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | NEWMAN, EMANUEL T. | 13418-039 | MO-1 | PEKIN, F.C.I. |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am appealing the denial of my Regional appeal (Bp-10), for the following reasons:

    1). They have failed to do a full investigation into this matter, and therefore, their decision is incorrect.

May 22, 2000
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**



_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _204300-A1_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

**Administrative Remedy No. 204300-A1**
**Part B - Response**


You appeal the Warden's response to your claim staff negligence
resulted in your assault by another inmate.  As relief, you
request monetary damages for a physical injury you allege
resulted from the assault.

Our review reveals the Warden and the Regional Director
accurately addressed the issues raised.  We find no evidence to
support your claim staff acted negligently.  Furthermore, as
monetary compensation is not available through the Administrative
Remedy Program, you may file a tort claim per the Federal Tort
Claims Act if you believe staff acted negligently.  Your appeal
is denied.


_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy ~

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any ~ ~ must be submitted with this appeal.

From: **Newman, Emanuel, T.**        **13418-039**        **MO-1**        **(?) PEKIN**
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**
I am appealing the decision of the Warden of U.S.P. Allenwood concerning my Bp-9 (Admin Remedy no. 204300-F1)
My claim deals with the violation of my eight amendment right to be free from assaults that staff have prior knowledge of and thereby show complete and total indeference delibrately by forgoing any thought of my safety, placing me in harms way, which caused me to be assaulted, and thereby loosing portions of the feild of vision in my left eye. Furthermore, I suffered great mental and emotional disstress due to the fact that I was made to remain in the Special Housing Unit for eight month, and on 11-30-99 given a memorandum by the warden's office which stated that there was a serious threat to my safety on the compound of U.S.P. Allenwood, and then on December 1, 1999 (The very next day) I was then order to return to the allenwood compound, even after I made known to staff that other inmates had informed me that they had been offered money to stab, beat, and or murder me. **PLEASE SEE ATTACHED DOCUMENT FOR COMPLETE DETAILS AND REQUESTED RELIEF FOR INJURIES SUFFERED.**

MARCH 8, 2000
DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**




_____        _____
DATE                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C—RECEIPT**
                                        CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
Part B — Response

---

Name:        **NEWMAN, Emanuel**
Reg. No.:    **13418-039**
Admin. Remedy No.:   **PEK 204300-R3-00**

---

This is in response to your above referenced Regional Administrative Remedy Appeal.  You are requesting monetary damages as compensation for a physical injury you suffered during an assault. Specifically, you allege that staff had prior knowledge of a serious threat to your safety but were deliberately indifferent to taking any action to prevent the assault.

Your institution level complaint and the Warden's February 14, 2000, response have been reviewed. We find no evidence which substantiates your claim.  Therefore, in the absence of any new and verifiable evidence, we find your allegation to be without merit.

Based on the above, your Regional Administrative Remedy Appeal is denied.


_5/4/00_
Date

_____
G. L. Hershberger, Regional Director

...ARTMENT OF JUSTICE

... Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY** #04

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: NEWMAN, EMANUEL, T        13418-039        3-A        USP. ALLENWOOD
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A- INMATE REQUEST  I AM REQUESTING ADEQUATE MONEY DAMAGES FOR THE VIOLATIONS OF MY 8TH AMENDMENT RIGHT TO BE FREE FROM ASSAULTS, WHEN STAFF HAS PRIOR KNOWLEDGE OF SAID ASSAULT, AND FOR THE PREVENTABLE LOSS OF PORTIONS OF MY FIELD OF VISION IN MY LEFT EYE. A SENSITIVE BP-10 WAS REJECTED BY THE REGIONAL DIRECTORS OFFICE, AND I WAS INSTRUCTED TO MAKE MY REQUEST AT THE LOCAL LEVEL. I AM APPEALING THE DENIAL OF MY BP-8, PLEASE SEE THE ONE PAGE ATTACHMENT FOR DETAILS.

1/13/2000
DATE

_Emanuel Thomas Newman_
SIGNATURE OF REQUESTER

Part B- RESPONSE




DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 204300-F1

                                          CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

NEWMAN, Emanuel
Reg. No. 13418-039
Appeal No. 204300-F1
Page 1


RECEIVED
MAR 0 8 2000
By PEK Legal
response provide to inmate
this date
*signature*

## Part B - Response

This is in response to your Request for Administrative Remedy, in which you request adequate monetary damages for an assault which occurred on April 16, 1999.  You claim that due to staff negligence you were assaulted.

A review of your allegation was conducted and revealed that you were interviewed prior to the incident which occurred on April 16, 1999.  Specifically, you were in the Lieutenant's Office and questioned about your safety if you remained in general population. During this interview, you indicated there was no imminent danger and you have no known enemies in general population.  You also requested to remain in general population during the interview. The Lieutenant conducted an investigation which concluded there was no positive identity of a specific threat to your safety which existed.  Furthermore, you also denied a threat to your safety and provided no additional information which would identify any specific threat to your safety.

Therefore, your Request for Administrative Remedy is denied.

Date 2-14-00

*signature*

Jake Mendez
Warden

*Sensitive Limited Official Use Only*

ADP-1330.13D
September 1, 1999
Attachment I

# United States Penitentiary
# Allenwood, Pennsylvania

---

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

NOTE TO INMATE:  You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: _____GEG_____ (Initials of Correctional Counselor)
Date Issued To The Inmate: _____12/21/99_____

INMATE'S COMMENTS:

1.  Complaint: That I am requesting adequate money damages for the violations of my Eighth Amendment Right to be Free from Assault, when staff has prior knowledge of said assaults, and the loss of portions of my field of vision in my left eye. See Attached one page document.

2.  Efforts you have made to informally resolve: A sensitive Bp-10 was filed to the Regional director's office. Said Bp-10 was rejected, and I was instructed to go through the normal local procedures.

3.  Names of staff you contacted: Regional Director.

---

Date Returned to Correctional Counselor: January 10, 2000

_____    13418-039    1/10/2000
Inmate's Signature       Reg. Number   Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1.  Efforts made to informally resolve and staff contacted: An investigation was conducted and at the conclusion the inmates involved in the incidents with you were transferred and you were placed back into general population at U.S.P. Allenwood.

---

Date BP-9 Issued: 1-12-2000

G. Gallick, Counselor Unit IIIA
Correctional Counselor

Unit Manager (Date)  1/18/00

<u>ATTACHMENT TO BP-10-SENSITIVE ISSUE</u>

NEWMAN, EMANUEL, T.          #13418-039          Unit 3-A _          USP.Allenwood

On April 16, 1999, I was assaulted with a weapon by inmate Albert Gass. 7 days later I
was released from administrative detention. At that time I stated that I did not know
inmate Gass and had no real idea why he had assaulted me.
Upon being returned to population I was approached by inmates . who wish  to remain
un-named and informed that inmate Kevin Tensley had inmate Albert Gass assault me on
April 16, 1999, and that inmate Tensley was at that time rounding up D.C. Boys to murder
me. I went to Lt. Caprio and informed him of all the details and requested that he do
whatever was necessary to ensure my safety. (He had been present at the April 16, 1999
assault). He informed me that he would look into the matter and get back with me.
A  few days later I was called to the lieutenant's office to see Lt. White. He informed
me that inmate informants who he personally knew from other institutions that he had
worked at had confirmed -- the information given to Lt. Caprio, and that there was
a plot to have me murdered , and that inmate Tensley was at the bottom of the whole thing.
Because Lt. White took the threat to be creditable I requested him to take whatever
measures that were necessary to ensure my safety. He informed me that he would look into
the matter and get back with me. Two days later I was assaulted by inmate Tensley, who
beat me about the head and face with his fist and what I believe to be a weapon.
Thereby causing the loss of portions of the field of vision in my left eye.

Both myself and Tensley were placed into administrative detention, inmate Gass was already
in administrative detention under investigation for the April 16, 1999. Tensley refused
to be place into any other cell other than the one that inmate Gass was in.
On August 13, 1999 inmate Tensley was transferred to F.C.I. Cumberland, the incident
report for the assaults were dropped and I was also informed that he received a sum of
money. On October 28, 1999 inmate Albert Gass was transferred, and before leaving he
personally informed me that he was sorry for what had happened, and that he had been
mislead by inmate Tensely into believing that I had wronged Tensley in some way.
I filed a number of administrative remedies to the warden's office, and to the regional
office most were returned to me , because I didn't have the right forms. However, my
correctional counselor Gallack only visited me three (3) times in seven months, and failed
to respond to any of my many request (cop-outs) for Bp-8, Bp-9's, Bp-10, etc... Thereby
causing my administrative remedies to be returned.
<u>SENSITIVE ISSUE:</u>
This matter is a sensitive issue, because Lt. Caprio was there when I was assaulted the
first time, and when I informed him of the circumstances, and requested he do whatever
was necessary to ensure my safety he should have taken action at that time to do so,
thereby causing me to avoid losing portions of my field of vision. Lt. White further looked
into the matter and informed me personally that he knew of a plot by the D.C. Boys to
murder me, and was requested by me to take whatever measures necessary to ensure my safety,
and neither Lieutenant did anything, but return me to the general population to be assaulted.
I believe that by addressing this administrative remedy at the local level, that either
or both of the named Lieutenants or staff who are their close personal friends will retalite
against me. Both named persons (Caprio and White) can cause undue harassment to come about,
shake downs, incident reports for unjust reasons, and or allowing dangerous incidents to
happen near and or around me, causing things to be planted in my cell etc....Therefore, I
I fear that my wellbeing and or safety will be placed into danger by bring this administrativ
remedy at the local level.

I am requesting money damages for the violation of my Eighth Amendment right to be free from
cruel and unusual punishment (Assault), and my civil rights.
(1) for the failure of Lt. White and Caprio to protect me from any assault/murder plot by
other inmates that was made know to them by myself and then confirmed by their own
investigation, not to return me to general population after I requested them to take all
measures necessary to ensure my safety so that I could be assaulted.
(2) for the loss of portions of my field of vision in my left eye, that resulted from
the assault -- both Lt. White and Lt. Caprio knew about in advance and  did nothing
about.
A just amount of damages is requested at this time........

UNITED STATES GOVERNMENT

# Memorandum
Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** September 21, 2000

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2000-01122

**TO:** Newman, Emanuel T. - Reg. No. 13418-039
FCI Pekin

On April 18, 2000, our office properly received your Administrative
Tort Claim No. TRT-NER-2000-1122 dated April 14, 2000.  In
accordance with the Federal Tort Claims Act (FTCA),
28 U.S.C. § 2672, under authority designated to me by
28 C.F.R. § 543.30, I have considered settlement.  You seek
compensatory damages in the amount of $5,000,000.00 for alleged
personal injuries.  Specifically, you claim that staff at the United
States Penitentiary (USP) Allenwood, in White Deer, Pennsylvania,
were deliberately indifferent to your safety and welfare and, as a
result, you allege you suffered permanent injury.

After careful review of this claim, I have decided not to offer a
settlement.  Investigation reveals that on May 14, 1999, you were
assaulted by an inmate at USP Allenwood, resulting in injury.  You
received prompt medical treatment for your injuries, none of which
are considered permanent.  Although our records show that you
previously notified staff that you had a minor confrontation with
this inmate, the record also indicates you claimed that you did not
expect any future problems with this inmate.  You advised staff
during an interview that you would report to the Lieutenants' Office
if you felt any threat.  However, you failed to report any threat to
staff after this interview.  Without prior knowledge of a specific
problem, the Bureau of Prisons cannot be held responsible for the
acts of other inmates.  Your failure to advise staff of any imminent
danger prevented staff from taking any action to protect you.  There
is no evidence that negligence on the part of any Bureau of Prisons'
employee resulted in your alleged permanent injury.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate United
States District Court within six(6) months of the date of this
memorandum.

cc:  Jake Mendez, Warden, USP Allenwood
David Winn, Warden, FCI Pekin

## CERTIFICATE OF SERVICE

I, Emanuel T. Newman, pursuant to **28 U.S.C. § 1746**, do hereby state upon my oath that I have served all parties to this lawsuit via United States Marahal Service or U.S. Postal Service. And, **FURTHER I SAYETH NOT.**

This *1st* day of *APRIL* ,2001

By, _Emanuel T. Newman_ Certifier.
   Emanuel T. Newman
   13418-039
   F.C.I. Pekin
   P.O. BOX 5000 (MO-1)
   Pekin, Illinois 61555-5000

Copies to:

   Ronald L. Jury
   Defendant
   U.S.P. Allenwood
   P.O. BOX 3500
   White Deer, Pa 17887

   Louis Caprio
   Defendant
   U.S.P.Allenwood
   P.O. BOX 3500
   White Deer, Pa 17887

   James White
   Defendant
   U.S.P. Allenwood
   P.O. BOX 3500
   White Deer, Pa 17887