MCC:DD:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
      Plaintiff

    v.          Civil No. 1:CV-01-0677
       (Rambo, J.)
RONALD L. JURY, Lieutenant,
SIS, et al.,
      Defendants

FILED
WILLIAMSPORT, PA
-KF
JUL 16 2001
MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

**A N S W E R**

In accordance with Rule 8(b) of the Federal Rules of Civil Procedure, defendants Jury, Caprio, and White hereby answer plaintiff's complaint filed April 18, 2001, as follows:

1. Admitted in part and denied in part. Paragraph one is admitted to the extent that at all times relevant to the complaint, plaintiff was incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"). The remainder of this paragraph is denied. Additionally, this paragraph contains legal conclusions of law to which no answer is required. To the extent that these legal conclusions are deemed to contain factual allegations, they are denied.

2. Paragraph two is admitted to the extent that plaintiff unsuccessfully applied for relief through the Bureau of Prisons

administrative remedy process. The remainder of this paragraph contains legal conclusions of law to which no answer is required. To the extent that these legal conclusions are deemed to contain factual allegations, they are denied.

3. Paragraph three is admitted to the extent that at all times relevant to the complaint, plaintiff was incarcerated at USP Allenwood, which is located within the Middle District of Pennsylvania. The remainder of this paragraph contains legal conclusions of law to which no answer is required.

4. Paragraph four is admitted.

5. Paragraph five is admitted soley to the extent that Lieutenant Jury has been named as a defendant to this action.

6. Paragraph six is admitted solely to the extent that Lieutenant Caprio has been named as a defendant to this action.

7. Paragraph seven is admitted solely to the extent that Lieutenant White has been named as a defendant to this action.

8. Paragraph eight is admitted.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph nine.

10. Admitted and denied. Paragraph ten is admitted to the extent that plaintiff was assaulted by inmate Albert Gass at USP Allenwood on April 16, 1999. It is further admitted that Plaintiff received medical attention in the institution's Health

Services Unit ("HSU") and that plaintiff was discharged from the HSU on April 21, 1999, and placed into the Special Housing Unit on administrative detention status. The remainder of the paragraph is denied.

11. This paragraph is denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph twelve.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph thirteen.

14. Admitted and denied. Paragraph fourteen is admitted to the extent that plaintiff was located by staff and escorted to the Lieutenant's Office where he was interviewed by Lieutenant Caprio. The remainder of this paragraph is denied.

15. Denied in part. Paragraph fifteen is denied to the extent that plaintiff was called to an interview and interviewed by Lieutenant White. Defendants are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph thirteen.

16. Paragraph sixteen is denied.

17. Paragraph seventeen is denied.

3

18. Admitted and denied. Paragraph eighteen is admitted to the extent that it alleges that on May 14, 1999, Kevin Tinsley struck and punched plaintiff in his face and body.

19. Admitted in part. Paragraph nineteen is admitted to the extent that plaintiff received medical attention in the HSU following the incident.

20. Paragraph twenty is denied.

21. This paragraph contains legal conclusions of law to which no answer is required. To the extent that these legal conclusions are deemed to contain factual allegations, they are denied.

22. Paragraph twenty-two contains plaintiff's prayer for relief rather than an allegation of fact for which an answer is required.

### DEFENDANTS' AFFIRMATIVE DEFENSES

#### First Defense

The complaint should be dismissed for failure to exhaust administrative remedies.

#### Second Defense

The complaint, insofar as it seeks damages for events arising prior to April 18, 1999, is barred by the statute of limitations.

### Third Defense

The complaint fails to state a claim upon which relief can be granted.

### Fourth Defense

Defendants Jury and White are subject to dismissal based on their lack of personal involvement.

### Fifth Defense

The complaint against defendants in their official capacity is barred by sovereign immunity.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Dulce Donovan*
DULCE DONOVAN ⌒RS
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17701

Date: July 16, 2001

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN, :
        Plaintiff :
  :
    v. : Civil No. 1:CV-01-0677
  : (Rambo, J.)
RONALD L. JURY, Lieutenant, :
SIS, et al., :
        Defendants :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on July 16, 2001, she served a copy of the attached

**ANSWER**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

*Michele E Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist