UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN
    PLAINTIFF,

VS.

RONALD L. JURY, LIEUTENANT,
SIS, ET AL.,
    DEFENDANTS.

CIVIL NO.: 1:CV-01-0677

PLAINTIFF'S TRAVERSE
TO THE RETURN/ANSWER

    COMES NOW, Emanuel Thomas Newman, Plaintiff, and responds to the Defendant's answer.

    Plaintiff would state that disputed issues of fact are to be resolved by a jury.

    1.) Plaintiff admits in part, and denies in part, Defendant's answer to paragraph #1. Plaintiff was incarcerated at USP Allenwood. Plaintiff denies Defendant's conclusion that the remainder of paragraph #1 contains no factual allegations, or that the legal conclusions of law don't require an answer.

    2.) Plaintiff admits in part, and denies in part, Defendant's answer to paragraph #2. Plaintiff has unsuccessfully applied for relief via the Bureau Of Prisons Administrative Remedies. Plaintiff denies that the legal conclusions presented don't

require an answer, and that said legal conclusions contain factual allegations.

3.) Plaintiff admits in part, and denies in part, paragraph #3. Plaintiff was incarcerated at USP Allenwood during all relevent times related to the complaint. All legal conclusions presented require an answer, because they present factual allegations.

4.) Plaintiff admits paragraph #4

5.) Plaintiff admits paragraph #5

6.) Plaintiff admits paragraph #6

7.) Plaintiff admits paragraph #7

8.) Plaintiff admits paragraph #8

9.) Plaintiff denies defendant's denial of paragraph # 9.

10.) Plaintiff admits in part, and denies in part, Defendant's answer to paragraph #10. Plaintiff admits that he was assualted on April 16, 1999 by inmate Albert Gass.

Plaintiff denies Defendant's conclusion that he didn't receive any medical treatment from USP Allenwood's Health Service, and once discharged, that he was placed in the Special Houseing Unit under Administrative detention. Furthermore, Plaintiff received 21 stiches in his head and numerous other contusions and cuts. His condition after the assault was such that he had to be removed on a gurney.

11.) Plaintiff denies the Defendant's answer to paragraph #11. It was defendant Jury who interviewed him on April 21, 1999 and released him back into general population.

12.) Plaintiff denies the Defendant's answer to paragraph #12. Plaintiff submitted sworn affidavits in support of his complaint.

Furthermore, Plaintiff personally talked with Defendant White and Caprio concerning the factual allegations raised in this paragraph.

13.) Plaintiff denies the Defendant's answer to paragraph #13. Plaintiff submitted sworn affidavits in support of his complaint. Furthermore, Plaintiff personally talked with Defendant's White and Caprio concerning the factual allegations raised in the paragraph.

14.) Plaintiff admits in part, and denies in part, the Defendant's answer to paragraph #14. Plaintiff admits that he was located by staff and escorted to the Lieutenant's office, where he was interviewed by Defendant Caprio. Plaintiff further states that it was upon his own request that he was escorted to the Lieutenant's office, because he had been made aware of a serious threat by members of the "D.C. Boys prison gang" against his life. The Defendant's denial of any part of this paragraph is untrue, because Plaintiff made Defendant Caprio aware of the threats against his life during the interview.

15.) Plaintiff admits in part, and denies in part, Defendant's answer to paragraph #15. Plaintiff admits, as do the Defendants that prior to his May 12, 1999 interview with Defendant White, that inmate Bobby Hazel told Plaintiff that he had refused an offer from inmate Tensley to pay him for stabbing or beating Plaintiff, because Tensley was afraid Plaintiff would tell other convicts that he worked as an informant for the D.E.A./B.O.P.. Plaintiff further denies Defendant's conclusion he was never called to an interview with Defendant White. Plaintiff submitted affidavits in support of his complaint that refute this denial.

16.)   Plaintiff denies the Defendant's answer to paragraph #16.

17.)   Plaintiff denies the Defendant's answer to paragraph #17.

18.)   Plaintiff denies in part, and admits in part, Defendant's answer to paragraph #18. Plaintiff admits the May 14, 1999 assault by inmate Tensley.  The Plaintiff denies the Defendant's denial of the factual allegations that inmate Tensley used a weapon.

19.)   Plaintiff admits in part, and denies in part, Defendant's answer to paragraph #19. Plaintiff admits that he was rescued by staff after the assault and given basic medical attention in the prison hospital. Plaintiff denies the Defendant's denial of the factual allegation that Plaintiff was placed in the Special Housing Unit under Administrative detention from May 14, 1999 until December 1, 1999.

20.)   Plaintiff denies the Defendant's answer to paragraph #20 completely.

21.)   Plaintiff denies the Defendant's allegations that paragraph #21 contains legal conclusions to which no answer is necessary, or that said legal conclusions failed to contain factual allegations.

22.)   Plaintiff admits paragraph #22.

### PLAINTIFF'S DENIAL OF DEFENDANT'S AFFIRMATIVE DEFENSES

#### I. DEFENDANT'S FIRST DEFENSE:

Plaintiff would state that he denies the first defense. Plaintiff included copies of every Administrative remedy proceudre available to prisoners, and each level had been exausted. Furthermore, Plaintiff submitted an affidavit in support of the exhaustion of all remedies.

## II. DEFENDANT'S SECOND DEFENSE:-

Plaintiff would state that he denies the second defense. Plaintiff's complaint, insofar as it seeks damages for events that took place on or about May 14, 1999 is not barred by the Statute of Limitations, because the complaint was filed within the ------ two-year time limit.

## III. DEFENDANT'S THIRD DEFENSE:

Plaintiff would state that he denies the third defense. On a Motion to Dismiss, the allegations of the complaint must be accepted as true. CRUZ v. BELO, 405 U.S. 319, 322 (1972). Plaintiff alleges that he suffered numerous injuries, pain, partial loss of vision of his left eye, physical and mental suffering which resulted from the deliberate indifference to his safety and welfare by Defendant's Caprio and White, whom he personally informed of the serious threat against his life by the "D.C. Boys" prison gang.

Plaintiff, who received 21 stitched in his head, had to wear a bandage that covered his entire head because the wound continued to bleed for three weeks after being released back into population.

It becomes hard to think of what Plaintiff looked like as he sat in front of the Defendant's with bruises on his face and arms, and his head bandaged, while he informed the Defendant's that he had been made aware of a plot by the leader of the "D.C. Boys" prison gang to have him murdered.

The Court is bound to give this Plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail clerks inter Ass'n, local 1625, A.F.L.-CIO vs. Schermerhorn, 373 U.S. 746, 753 N.6 (1963).

Thus, this Plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Id  See also Wheeldon vs. Wheeler, 373 U.S. 647, 648 (1963). (Inferring facts from allegations of complaint).

In general, the complaint is construed favorable to the pleader. Scheuor vs. Rhodes, 416 U.S. 232, 236 (1974). The Court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Hishon vs. King & Spalding, 467 U.S. 69 (1984). (Citing Conley vs. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court in **Anderson v. Liberty Lobby, Inc.,** 4 **U.S. 242, 24  (19 6),** held that when a trial court considers a motion for summary judgement, the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions filed together with any affidavits show that there is no genuine issue of material fact upon which the moving party is entitled to a judgement as a matter of law.

The plaintiff would submit to this court that the affidavits along with the medical records that are being presented at this time, because he just received copies of said records after having been given one reason after another for almost two years, with the defendant's own partial admission in their fourth defense that one of the defendant's was culpable (Defendant Caprio) shows that there are in fact genuine issues of material fact upon which plaintiff is entitled to a judgement as a matter of law.

Therefore, because the Defendant's deprived the Plaintiff of his rights under the Eight Amenmdment to be free from injury/assault by refusing to take the appropriate action to protect him, whether by segregating him or by other means once they have been made aware of a serious threat, they violated his constitutional rights.

### IV.   DEFENDANT'S FOURTH DEFENSE:

Plaintiff would state that he denies the fourth defense in part, and admits in part.

Plaintiff admits the following: 1) That the complaint should be dismissed against the Defendant Jury. Because Plaintiff has no personal knowledge that Defendant Jury had personal involvement related to the May 14, 1999 incident, which the complaint is based upon. 2) That defendants Caprio and White should not have the complaint dismissed against them because of their personal involvement in all matters related to the May 14, 1999 incident.

### V   DEFENDANT'S FIFTH DEFENSE:

Plaintiff would state that he denies the fifth defense.

Plaintiff brought his complaint against the Defendant's in their individual capacities. Therefore, Plaintiff's complaint is not barred sovereign immunity.

Whereas, disputed issues of fact are to be resolved by a jury. Therefore, Plaintiff requests a trial by jury.

Respectfully submitted: *[signature]* D.D.

8/10/01

-7-

U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN
    PLAINTIFF,

VS.

RONALD L. JURY, Lt., SIS,
  ET AL.,
    DEFENDANT.

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE

The undersigned Plaintiff hereby certifies that pursuant to 28 U.S.C. § 1746, the following is true:

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class Mailing to all the Defendant's via their attorney, upon who I am serving all documents. **(Plaintiff's Traverse to Return/Answer)**

This _10Th_ day of _August_ 2001.

By: _[signature]_
Emanuel Thomas Newman 13418-039
P.O. Box 5000
Pekin, IL 61555-5000

**COPIES TO:**

U.S. Attorney
316 Federal Building
240 West third Street
Williamsport, PA 17703

Clerk Of The Court
U.S. District Court
228 Walnut Street
Harrisburg, PA 17108