UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

COPY
FILED
SCRANTON

AUG 1 3 2001

PER _____
DEPUTY CLERK

EMANUEL THOMAS NEWMAN,
    PLAINTIFF,

    V.

RONALD L. JURY, LIEUTENANT,
SIS, ET AL.,
    DEFENDANTS,

CIVIL NO.: 1:CV-01-0677

## PLAINTIFF'S STATEMENT OF
## DISPUTED FACTUAL ISSUES

COMES NOW, Emanuel T. Newman, Plaintiff Pro-Se, stating the following:

Defendant's have moved for Summary Judgement on Plaintiff's claim of deliberate indifference.

Pursuant to local rule 7.4 & 56.1 of this Court, the Plaintiff submits the following list of genuine issues of material fact that require the denial of the Defendant's Motion.

In support thereof, Plaintiff submits the following:

1) Whether Plaintiff unsuccessfully sought the Defendant's protection from threatened murderous assaults, and

2) Whether Plaintiff was indeed assaulted because of Defendant's deliberate indifference resulting in extreme physical, mental, and emotional anxiety, and suffering continuing loss of part of his vision.

3)  Whether Plaintiff, after being warned of a plot against his life, went to the Housing Unit Officer and informed him his life was in danger, and that he needed to see the lieutenant on duty.

4)  Whether Plaintiff, after being escorted to Defendant Caprio's office informed him about the plot against his life, and whether Plaintiff requested said Defendant to do whatever was necessary to ensure his safety.

5)  Whether Plaintiff was sought out and escorted to see Defendant White in his office.

6)  Whether Plaintiff was informed by Defendant White, that he was following up on the threats against Plaintiff, upon the request of Defendant Caprio.

7)  Whether Plaintiff was informed by Defendant White that he had confirmed the threats against him.

8)  Whether Plaintiff informed Defendant White of the plots made known to him by inmates Jackson and Hazel.

9)  Whether Plaintiff was returned to general inmate population by Defendant White, because he claimed Plaintiff wasn't telling him the entire story.

10)  Whether Plaintiff requested Defendant White to take whatever measures necessary to ensure his safety.

11)  Whether Plaintiff was assaulted on May 14, 1999. Thereby being beaten about the head and face with a metal weapon.

12)  Whether Plaintiff's left eye was damaged during the May 14, 1999 assault. Thereby resulting in blood leaking into the viteous humor of his eyeball, and causing permanent spots in his field of vision, and blurry vision.

Respectfully submitted by:

8/10/01

Emanuel Thomas Newman
13418-039
FCI - Pekin
P.O. Box 5000 (M01)
Pekin, IL 61555-5000

**U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF**
**PENNSYLVANIA**

EMANUEL THOMAS NEWMAN,

      Plaintiff,

                            Civil No.: 1:CV-01-0677

Vs.

                            (Rambo, Judge)

Ronald L. Jury, LT, SIS, ET AL.,

      Defendant,

---

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents. *Disputed Factual Issues*

This *10Th* day of *August* 2001.

By, *[signature]*
       Emanuel Thomas Newman 13418-039
       P.O. Box 5000
       Pekin, Illinois 61555-5000

COPIES TO:    U.S. Attorney           Clerk Of The Court
              316 Federal Building    U.S. District Court
              240 West Third Street   228 Walnut Street
              Williamsport, PA 17703  P.O. Box 983
                                         Harrisburg, PA 17108