UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emanuel Thomas Newman,<br>    Plaintiff, | Civil no. 1:CV-01-0677 |
| v. | |
| Ronald L. Jury, Lieutenant,<br>Sis, et al.,<br>    Defendant, | (Rambo, J) |

ORIGINAL

FILED
HARRISBURG, PA
JAN 17 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OBJECTIONS AND COMPEL DISCOVERY

**Comes Now**, plaintiff Emanuel Thomas Newman, and moves this court to strike the defendant's objections and compel defendant's Louis Caprio and Jimmie White to answer his second set of interrogatories.

In support thereof plaintiff states the following:

1. On the 30th, day of November, 2001, this plaintiff, after receiving false, misleading, evasive, and incomplete answers to his first set of interrogatories, served defendant's Louis Caprio and Jimmie White with a second set of interrogatories in writing pursuant to Rule 33 of the Federal Rules of Civil Procedure.

2. Plaintiff's second set of interrogatories consisted of seven (7) questions for defendant Caprio, and five (5) for defendant White. The second set of interrogatories were served with Due Diligence, and in good faith. Furthermore, said interrogatories placed no burden or undue expense upon either defendant.

-1-

3. The defendant's objections/responses don't comply with Rule 33 of the Federal Rules of Civil Procedure. The defendant's did not sign their names as required by Rule 33 (b)(2). Nor did they respond within the 30 day time limit as set by Rule 33 (b)(3). Nor did they state with specificity as to why they objected to each of the individual interrogatories set forth as required by Rule 33 (b)(4).

4. The interrogatories served on each defendant was directed specifically at disposing of any and all falsehoods, and establishing whether or not certain acts or omissions as stated in plaintiff's complaint took place.

5. Concerning the interrogatories served on defendant Louis Caprio: Defendant Caprio has stated in his answers to the first set of interrogatories, that it was he who called the plaintiff to his office to investigate information provided by one of his sources. The seven (7) questions asked in plaintiff's second set of interrogatories clear up any falsehoods concerning this matter.

6. Concerning the interrogatories served to defendant Jimmie White: He claims that he never had any meeting with plaintiff during the week of May 10, 1999 for any reason whatsoever. This statement is false, and the five (5) interrogatories directed to his acts and omissions concerning the week of May 10, 1999 are specifically focused so as to clear up any falsehoods on the part of plaintiff or defendant, because defendant White signed plaintiff's institutional pass when he arrived at his office and then again when he departed to the housing unit.

7. The Federal Rules of Civil Procedure, Rules 33, and 37(d) provides that where one party fails to serve any answers or objections

-2-

to interrogatories, the court may make such orders in regard to the failure as is just. **Ralph E. Weeks Co., v. Kearny**, 57 F.R.D. 475 (M.D. Pa. 1974).

8. Plaintiff, in his motion to strike objections and compel answers, request the court to issue such an order, and further prays that said order require the clerk of the court to enter a default judgement against defendant Jimmie White and Louis Caprio in the event they do not answer within five (5) days of said order. It is a settled proposition of law that the refusal of any party to answer interrogatories warrants the entry of a default judgement against those parties, or, in the case of the refusal of this plaintiff to answer interrogatories served upon him by the defendants, the proper remedy would be the dismissal of the complaint. **Sivelle v. Maloof**, 373 F.2d 520 (1st.Cir.1967); **Ralph E. Weeks Co., v. Kearney**, Supra.

9. Plaintiff's factual allegations are made in good faith and are substantiated by the record. It appears that the defendant's consider plaintiff's attempts to utilize the discovery provisions of the Federal Rules Of Civil Procedure as being **malicious and unreasonably cumulative.** Moreover, it appears that the defendant's who are all prison officials, and the plaintiff who is a prisoner, that they are exempt from the provisions of the Federal Rules of Civil Procedure.

However, there are no such exemptions in the Federal Rules of Civil Procedure.

10. It is clear that the Supreme Court of the United States recognized the rights of prisoners to avail themselves of all tools necessary to prefect a legal action, both habeas corpus and civil. **Df. Gilmore v. Lynch**, 319 F.Supp 105, 110 (N.D.Cal.1971) aff'd sub nom., **Younger v. Gilmore**, 404 U.S. 15 (1972); **Johnson v. Avery**, 393 U.S. 483 (1969).

-3-

**Wherefore,** the court should enter an approprate order compelling the defendants Louis Caprio and Jimmie White to answer the interrogatories heretofore filed within five (5) days of said order, and.

Further, because the court has ordered both parties in this matter to complete all discovery within 30 days, if the defendants fail to answer within the five (5) days allowed in the court's order, that the clerk of the court should enter a default judgment against both defendants.

Respectfully submitted

By, *[signature]*
Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Illinois 61555-5000

Date: JANUARY 9, 2002.

**U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF**
**PENNSYLVANIA**

EMANUEL THOMAS NEWMAN,
    Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
    Defendant,

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents. (PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OBJECTIONS AND COMPEL DISCOVERY)

This _9Th_ day of _JANUARY_ 2002.

By, _[signature]_
Emanuel Thomas Newman 13418-039
P.O. Box 5000
Pekin, Illinois 61555-5000

COPIES TO:

U.S. Attorney
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Clerk Of The Court
U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108