MCC:MEM:mel:2001V00411

FILED
WILLIAMSPORT, PA
JAN 2 8 2002
MARY E. D'ANDREA, CLERK
Per _____ KF
         Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,         :
       Plaintiff            :
                            :
     v.                    :   Civil No. 1:CV-01-0677
                            :   (Rambo, J.)
RONALD L. JURY, Lieutenant,    :
SIS, et al.,                   :
       Defendants           :

### DEFENDANTS' BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This is a failure to protect case brought by a federal prisoner, Emanuel Thomas Newman. Defendants are three employees of USP Allenwood: Ronald Jury, former Special Investigative Agent; Louis Caprio, Lieutenant; and James White, Lieutenant. Presently before the Court is Newman's motion to compel answers to his Second Set of Interrogatories, which defendants oppose.

### Relevant Procedural History

Relevant to the current motion, Newman served his first separate sets of Interrogatories upon defendants White and Caprio on October 5, 2001. (Exhs. 1 and 2.) Each set of interrogatories were numbered one through eight, however, with subparts, the interrogatories contained thirty-seven and thirty-six questions, respectively. (Id.) The individual defendants served Newman with their responses and objections to the interrogatories on May 11, 1999. (Exhs. 3 and 4.) As those objections and responses

indicate, defendants objected to interrogatories 6(f) through 8 as they were beyond the requisite number permitted by Rule 33(a) of the Federal Rules of Civil Procedure. However, without waiving that objection, defendants responded to each and every interrogatory. (<u>Id.</u>)

Newman served his Second Set of Interrogatories upon defendants White and Caprio on November 30, 2001. (Exhs. 5 and 6.) On January 2, 2002, the individual defendants objected to the interrogatories on the ground that they exceed the requisite number permitted by Rule 33 of the Federal Rules of Civil Procedure. (Exh. 7.) Thereafter, Newman filed the present motion to compel answers to his Second Set of Interrogatories.

## QUESTION PRESENTED

Should plaintiff's motion to compel answers to his Second Set of Interrogatories be denied?

Suggested answer in the affirmative.

## ARGUMENT

1. **The Signature Issue**

Newman's first argument is that the individual defendants, in objecting to the Second Set of Interrogatories, did not sign their names "as required by Rule 33(b)(2)." (Plff's Mot. to Strike Defts' Objections and Compel Discovery, p. 2.) However, the explicit language of the Rule is that, in responding to interrogatories, "the **answers** are to be signed by the person

2

making them, *and the objections signed by the attorney making them.*" Fed. R. Civ. P. 33(b)(2)(emphasis added). In this case, there were no *answers* to the interrogatories provided, only an objection that they exceed the requisite number. Therefore, the defendants were not obligated to sign the response.

2.  **The Timeliness Issue**

Newman's second argument is that the defendants did not respond within the "thirty day limit as set by Rule 33(b)(3)." (Plff's Mot. to Strike Defts' Objections and Compel Discovery, p. 2.) The Rule actually directs the responding party to answer the interrogatories "within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(3). In this case, Newman served his Second Sets of Interrogatories, *by mail*, on November 30, 2001 (Exhs. 5 and 6), and the defendants responded, noting their objection, on January 2, 2002. (Exh. 7). The thirty-day prescribed period for responding to the interrogatories actually expired Sunday, December 30, 2001. However, Rule 6(e) of the Federal Rules of Civil Procedure allows defendants to add an additional three days to the prescribed period because the interrogatories were served by mail. Defendants, therefore, complied with the Federal Rules of Civil Procedure in responding to the discovery requests.

3.  **The Specificity Issue**

Newman's last argument is that, in objecting to the interrogatories, defendants did not "state with specificity as to why they objected to each of the individual interrogatories set forth as required by Rule 33(b)(4)." (Plff's Mot. to Strike Defts' Objections and Compel Discovery, p. 2.)

Subsection (b)(4) states that, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). Defendants submit that their objection that the interrogatories "are beyond the requisite number permitted by Rule 33 of the Federal Rules of Civil Procedure" meets the specificity requirement. Rule 33(a) clearly limits the number of written interrogatories to "25 in number *including* all discrete subparts," unless leave of court has been granted or a stipulation has been entered between the parties. Fed. R. Civ. P. 33(a) (emphasis added). Since no such Order or stipulation exists in this case, the interrogatories are limited to 25. Defendants have therefore raised a valid objection and have stated it with the required specificity.

4

## Conclusion

In conclusion, plaintiff's motion to compel is meritless. Accordingly, we ask the Court to deny the motion.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*[signature: Mark E. Morrison]*

MARK E. MORRISON
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Date: January 28, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN, :
       Plaintiff :
        :
       v. : Civil No. 1:CV-01-0677
        : (Rambo, J.)
RONALD L. JURY, Lieutenant, :
SIS, et al., :
       Defendants :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on January 28, 2002, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

                                           */s/ Michele E. Lincalis*
                                         MICHELE E. LINCALIS
                                         Paralegal Specialist