IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN, :
      Plaintiff : CIVIL NO. 1:CV-01-0677
  v. :
RONALD L. JURY, et. al., : (Judge Rambo)
      Defendants :

## MEMORANDUM AND ORDER

On April 18, 2001, Plaintiff filed a complaint pursuant to 28 U.S.C. § 1331. Pending before the court is Plaintiff's motion to strike Defendants' objections and compel discovery (Doc. 30). The matter is fully briefed and ripe for consideration. Also pending before the court is Defendants' motion to depose Plaintiff (Doc. 37).

In his motion to compel, Newman states he served a second set of interrogatories because he believed the answers to the first set were "false, misleading, evasive, and incomplete." (Doc. 30, ¶¶ 2, 3.) Plaintiff moves to strike Defendants' objections to his second set of interrogatories alleging Defendants failed to comply with Federal Rule of Civil Procedure 33. Specifically, Plaintiff contends Defendants did not sign their names as required by Rule 33(b)(2); did not respond within the 30 day time limit as set by Rule 33(b)(3); nor did they state with specificity as to why they objected to each of the individual interrogatories set forth in Rule 33(b)(4).

In their opposing brief, Defendants state that Plaintiff served his first separate sets of Interrogatories upon Defendants White and Caprio on October 5, 2001 (Doc. 34, Exhs. 1, 2). Each set of interrogatories were numbered one through eight, however, with subparts, the interrogatories contained 37 and 36

questions, respectively. Defendants objected to interrogatories 6(f) through 8 as exceeding the requisite number permitted by Rule 33(a) of the Federal Rules of Civil Procedure. (Doc. 34, Exhs. 3, 4.) However, without waiving the objections, Defendants did respond to each and every interrogatory. (*Id.*)

Plaintiff served his second set of interrogatories upon White and Caprio on November 30, 2001. (*Id.*, Ex. 5, 6.) On January 2, 2002, the individual Defendants objected to the interrogatories pursuant to Federal Rule of Civil Procedure 33(a). Defendants state they have complied with the Federal Rules of Civil Procedure but Plaintiff has failed to do so. Plaintiff did not file a reply brief to Defendants brief in opposition.

As to the signature issue, Rule 33(b)(2) states that the answers are to be signed by the person making them, and objections signed by the attorney making them. Since no answers were provided, Defendants were not obligated to sign the response and Defendants fully complied with Rule 33(b)(2).

Regarding the timeliness issue, Rule 33(b)(3) directs the responding party to answer the interrogatories "within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(3). Newman served his second set of interrogatories by mail on November 30, 2001. Rule 6(e) of the Federal Rules of Civil Procedure allows a party to add an additional three days to the prescribed period after the service of a notice or other paper if the notice or paper is served upon the party by mail. Fed. R. Civ. P. 6(e). Accordingly, Defendants had until January 2, 2002 to respond to the second set of interrogatories. Defendants again fully complied with Rule 33(b)(3).

As to the specificity issue, Defendants' objection that the interrogatories are beyond the requisite number permitted by Rule 33(a) meets the specificity requirement. Rule 33(a) clearly limits the number of written interrogatories to "25 in number including all discrete subparts," unless leave of court has been granted

or a stipulation has been entered between the parties. Fed. R. Civ. P. 33(a). Plaintiff has not sought leave of this court and no stipulation exists in this case. Therefore, Defendants have raised a valid objection for each interrogatory and have stated it with the required specificity. *See Leibforth v. Belvidere National Bank*, 2001 WL 649596, *4 (N.D.Ill. June 8, 2001). Accordingly, Plaintiff's motion to compel (Doc. 30) will be denied.

Defendants have filed a motion for leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2), since Newman is confined in prison (Doc. 37). Defendants' motion will be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's motion to strike Defendants' objections and compel discovery (Doc. 30) is **DENIED.**

2. Defendants' motion for leave to depose Plaintiff is **GRANTED**.

SYLVIA H. RAMBO
United States District Judge

Dated: February 14, 2002.