

FILED
WILLIAMSPORT, PA

JUL - 3 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

MCC:MEM:mel:1999V00378

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,               :
          Plaintiff                  :
                                     :
          v.                         :   Civil No. 1:CV-01-0677
                                     :   (Rambo, J.)
RONALD L. JURY, Lieutenant,          :
SIS, et al.,                         :
          Defendants                 :

## RECORD TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THOMAS A. MARINO
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Date: July 3, 2002

## INDEX

Declaration of Alicia Vasquez . . . . . . . . . . . . . . . . 1

Declaration of Forrest Farmer . . . . . . . . . . . . . . 13

Declaration of Louis Caprio . . . . . . . . . . . . . . 18

Declaration of Jimmy White, Jr. . . . . . . . . . . . . . 25

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,    :
             Plaintiff   :
                       :   CIVIL NO. 1:CV-01-0677
      v.               :   (Rambo, J.)
                       :
RONALD L. JURY, et al.    :
            Defendants  :
                       :

### DECLARATION OF ALICIA VASQUEZ

I, Alicia Vasquez, do declare and state as follows:

1.  I am an Attorney Advisor for the United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Complex, Allenwood, Pennsylvania. I have been employed with the Bureau of Prisons since August 2000.

2.  As an Attorney Advisor with the Federal Bureau of Prisons, I have access to information maintained by the Bureau of Prisons' SENTRY computer system, as well as inmate central files and Special Investigative Supervisor (S.I.S.) Reports.

3.  I am familiar with the above referenced lawsuit filed by inmate Emanuel Newman, federal register number 13418-039.

4.  Attached to this declaration as Attachment 1 is a true and accurate copy of the USP Allenwood S.I.S. Report regarding the April 16, 1999 assault involving the Plaintiff. We respectfully request that this report be reviewed by the court in camera.

5.  Attached to this declaration as Attachment 2 is a true and accurate copy of the Administrative Detention Order for the Plaintiff dated April 16, 1999. The Plaintiff received a copy of that Order on April 16, 1999 at 12:00 p.m. See Attachment 2.

6.  Attached to this declaration as Attachment 3 is a true and accurate copy of the USP Allenwood S.I.S. Report regarding the May 14, 1999 assault involving the Plaintiff. We respectfully request that this report be reviewed by the court in camera.

I declare that all records attached to this declaration are true and accurate copies of records maintained in the ordinary course of business by the Federal Bureau of Prisons.  I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Executed this 25th day of June, 2002.

ALICIA VASQUEZ
Attorney Advisor
FCC Allenwood

<u>**Newman v. Jury, et al.**</u>
**1:CV-01-0677**

**Declaration of Alicia Vasquez**


# ATTACHMENT  #1

Newman v. Jury
Civil No. 1:CV-01-0677

# Pages 4 - 6
# (submitted <u>in camera</u>)

**<u>Newman v. Jury, et al.</u>**
**1:CV-01-0677**

**Declaration of Alicia Vasquez**




# ATTACHMENT  #2

U.S. Department of Justice
Federal Bureau of Prisons

Administrative ⬤ ⬤tion Order

| | USP ALLENWOOD |
|---|---|
| | Institution |
| | Date/Time: 4-16-99/12:00pm |

TO      : Special Housing Unit Officer

FROM    : L. CAPRIO, OPERATIONS LIEUTENANT _____ , (Name/Title)

SUBJECT : Placement of NEWMAN, EMANUEL _____ , Reg. No. 13418-039 ____ , in Administrative Detention

_____ (a)    Is pending a hearing for a violation of Bureau regulations;

xxxxxxx (b)    Is pending investigation of a violation of Bureau regulations;

_____ (c)    Is pending investigation or trial for a criminal act;

_____ (d)    Is to be admitted to Administrative Detention

_____ (1)    Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name/Signature: _____

_____ (2)    Since a serious threat exists to individual's safety as perceived by staff, although person has not requested
admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)    Is pending transfer or is in holdover status during transfer;

_____ (f)    Is pending classification; or

_____ (g)    Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the
Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population
poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

**You are being placed in the Special Housing Unit pending an investigation for fighting,fighting
with another person can lead to serious injury to both parties as well as staff and could have
escalated into a major confrontation between inmates and or/staff and threatens the security
of the institution. This type of behavior will NOT be tolerated at this institution.**

_____

_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy
of this Order on (date / time) 4-16-99/ 12:00pm

Staff Witness Signature/Printed Name _____ /R.Y. EDER, ACT. LT. _____ Date 4-16-99

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented
here.

cc:    Inmate Concerned (not necessary if placement is a result of holdover status)
       Captain
       Unit Manager
       Operations Supervisor – Administrative Detention Unit
       Central File

000008

**<u>Newman v. Jury, et al.</u>**
**1:CV-01-0677**

**Declaration of Alicia Vasquez**

# ATTACHMENT    #3

Newman v. Jury
Civil No. 1:CV-01-0677

# Pages 10 - 12
# (submitted <u>in camera</u>)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
          Plaintiff          :
                      :    CIVIL NO. 1:CV-01-0677
       v.              :    (Rambo, J.)
                      :
RONALD L. JURY, et al.          :
          Defendants          :
                      :

## DECLARATION OF FORREST FARMER

I, Forrest Farmer, do declare and state as follows:

1.    I am currently employed by the United States Department of
Justice, Federal Bureau of Prisons, as a GS-11 Lieutenant at
the Federal Correctional Institution (FCI), Allenwood.  I
have held this position since January 1989.

2.    I have been employed with the Federal Bureau of Prisons
since October 1983.

3.    I am aware of the allegations contained in the above-
captioned complaint.

4.    On April 18, 1999, I completed a memo following an interview
I had with the Plaintiff.  I have attached a copy of this
memo to this declaration as Attachment 1.

5.   This memorandum summarizes the discussion which took place
     between the Plaintiff and me.  A review of this memorandum
     reveals that on April 17, 1999, while I was making rounds in
     the institution hospital, the Plaintiff (housed there as a
     patient) requested to speak to me.  The Plaintiff stated he
     wanted to tell me everything that occurred regarding Black
     (inmate Gass' nickname) assaulting him.  The Plaintiff then
     explained that for the past few weeks Gass had been
     attempting to get him to provide commissary items to him for
     protection.  The Plaintiff said that he told Gass that he
     has been locked up for a long time and refused to submit to
     any type of extortion.  Therefore, he ignored Gass.  <u>See</u>
     Attachment 1.

6.   The Plaintiff then relayed what he knew about the April 16,
     1999 incident.  Specifically, the Plaintiff told me that
     during the serving of the meal on April 16, 1999, the
     Plaintiff was working in the corner of the dish-room next to
     the entrance door on the New Tower side.  The Plaintiff
     noticed that all other inmates had departed the dish-room
     except for Black (Gass).  At this time, Gass approached and
     struck him in the head with a blunt object.  He then
     continued to strike him.  The Plaintiff stated he broke away
     from Gass and tried to leave the dish-room, but the door was
     locked.  The Plaintiff then ran around the dish-room to the

other side of the dish washing machine when Gass caught up with him. The Plaintiff then grabbed hold of Gass and took him to the floor. The Plaintiff then held Gass to the floor until the Food Service Foreman arrived and called for help. <u>See</u> Attachment 1.

7.    The Plaintiff told me that the only reason he was telling me what happened was because he felt that Gass was trying to kill him. The Plaintiff stated that he didn't want Gass to get away with it even though he might be branded a "snitch". <u>See</u> Attachment 1.

8.    I provided this summary given by the Plaintiff to the Acting Captain through the memorandum which I prepared. <u>See</u> Attachment 1.

I certify that the documents attached to this declaration are true and correct copies of documents kept in the ordinary course of business by the Federal Bureau of Prisons. I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Forrest R. Farmer,
Lieutenant
FCI Allenwood

06-25-2002
Date

00C015

**<u>Newman v. Jury, et al.</u>**
**1:CV-01-0677**

**Declaration of F. Farmer**

# ATTACHMENT   #1

000016



U.S. Department of Justice

FEDERAL BUREAU OF PRISONS

*United States Penitentiary, Allenwood*

White Deer, PA 17887-1550

**April 18, 1999**

MEMORANDUM FOR J. BLANCHARD, **ACTING CAPTAIN**

FROM:        F. R. Farmer, Lieutenant

SUBJECT:        **Additional Information Regarding An Assault**

The following information pertains to an assault which took place in Food Service on April 16, 1999.  The assault involved inmates NEWMAN, Emanuel Reg. Number 13418-039 and GASS, Albert Reg. Number 41363-083 with NEWMAN being the victim.

On Saturday April 17, 1999, at approximately 7:45 pm, while making rounds in the institution hospital, inmate NEWMAN (housed there as a patient) requested to speak to me.  NEWMAN stated he wanted to tell me everything that occurred regarding Black (inmate GASS' nickname) assaulting him.  NEWMAN stated for the past few weeks GASS has been attempting to get him to provide Commissary items to him for protection.  NEWMAN stated he has been locked up for a long time and refused to submit to any type of extortion.  Therefore, GASS was ignored.  During the serving of the meal on April 16, 1999, NEWMAN was working in the corner of the dish-room next to the entrance door on the New Tower side.  NEWMAN noticed that all other inmates had departed the dish-room except for Black (GASS). At this time GASS approached and struck him in the head with a blunt object.  He then continued to strike him.  NEWMAN stated he broke away from GASS and tried to leave the dish-room but, the door was locked.  He then ran around the dish-room to the other side of the dish washing machine when GASS caught up with him.  NEWMAN then grabbed hold of GASS and took him to the floor.  NEWMAN then held GASS to the floor until the Food Service Foreman arrived and called for help.

NEWMAN stated the only reason he was telling what happened was because he felt GASS was trying to kill him.  NEWMAN stated he didn't want GASS to get away with it even though he might be branded a 'snitch'. NEWMAN was very cooperative during this interview.  **000017**

Attached to this memorandum is a diagram of the altercation drawn by inmate NEWMAN. Should you desire any additional information, please do not hesitate to contact me.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EMANUEL THOMAS NEWMAN,                  :
             Plaintiff          :
                          :   CIVIL NO. 1:CV-01-0677
           v.                   :   (Rambo, J.)
                          :
RONALD L. JURY, Lieutenant,             :
SIS, et al.,                            :
             Defendants          :

## DECLARATION OF LOUIS CAPRIO

I, LOUIS CAPRIO, do declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons, as a Lieutenant at the United States Penitentiary (USP) Allenwood. I have been a Lieutenant since June 21, 1998. On October 8, 2000, I obtained the grade of GS-11 Lieutenant.

2. I have been employed with the Federal Bureau of Prisons since April 19, 1992.

3. I am aware of the allegations contained in the above-captioned complaint in which I am named as a defendant by the Plaintiff, inmate Emanuel Thomas Newman, Federal Register Number 13418-039, in my official capacity.

4.    In his complaint, the Plaintiff alleges that during an interview on May 9, 1999, he told me that he was informed that someone on the compound planned to murder him, but that he did not tell me who told him of the plan.  The Plaintiff states that I said I would investigate this and get back to him.

5.    On May 9, 1999, Officer Couch informed me that an unidentified inmate had approached him and stated, "You might want to watch out for Newman if he keeps running his mouth."

6.    The Plaintiff was located by staff and escorted to the Lieutenant's office.  I then interviewed the Plaintiff concerning the statement made by the unidentified inmate.

7.    I prepared a memorandum on May 9, 1999 following my interview with the Plaintiff.  I have attached this memorandum to this declaration as Attachment 1.

8.    As this memorandum states, I told the Plaintiff that I had heard he may be having problems in general population.  The Plaintiff stated that he was not involved with anyone and pleaded to not be placed in the Special Housing Unit.

9.   The Plaintiff indicated to me during this interview that he
     had a minor argument with inmate Tinsley a few weeks
     earlier.  The Plaintiff told me that he had done some legal
     work for Tinsley and tried to be honest with Tinsley by
     telling him that it did not look like he was going to be
     able to beat the case.  Inmate Tinsley told the Plaintiff
     that it was his job to make it work and make it look good.
     See Attachment 1.


10.  As reflected in my memorandum, the Plaintiff told me that he
     did not want to get involved with inmate Tinsley and left it
     at that.  The Plaintiff told me that he had no problems with
     inmate Tinsley, which he stated was obvious from the fact
     that they had been on the compound together since the
     argument and nothing has happened between them.  See
     Attachment 1.


11.  The Plaintiff also stated to me that he got along with
     everyone and that somebody would have to be "brain dead" to
     mess with him or any of his people (referring to Nation of
     Islam).  See Attachment 1.


12.  As I wrote in my memorandum immediately following the
     interview, the Plaintiff said to me that he is an old man
     and if he felt threatened, he would come to the Lieutenant's

Office before anything happened.  See Attachment 1.

13.  The Plaintiff pleaded not to be removed from general
     population and be placed into the Special Housing Unit.  As
     I wrote in my memorandum immediately following the
     interview, the Plaintiff requested that he be allowed to
     remain in general population and assured me that he knew of
     no threat to his safety.

14.  Based upon the investigation which had failed to reveal
     evidence that a specific threat existed to the Plaintiff,
     and the Plaintiff's own request to stay in general
     population, I concluded the interview and the Plaintiff
     remained in general population.

15.  Had the Plaintiff actually informed me of a specific threat
     to his safety and asked me to take appropriate measures to
     protect him, I would have placed the Plaintiff in the
     institution's Special Housing Unit in an administrative
     detention status pending investigation.

16.  All actions I took regarding the Plaintiff were in
     accordance with established Bureau of Prisons policies and
     procedures.  At no time did I intentionally violate any of
     the Plaintiff's rights.

        I declare that all records attached to this declaration are
true and accurate copies of records maintained in the ordinary
course of business by the Federal Bureau of Prisons.  I further
declare that the foregoing is true and correct to the best of my
knowledge and belief, and is given under penalty of perjury
pursuant to 28 U.S.C. §1746.


_____          _6 - 25 - 02_____
Louis Caprio                               Date
Lieutenant
United States Penitentiary
Allenwood, Pennsylvania

**<u>Newman v. Jury, et al.</u>**
**1:CV-01-0677**

**Declaration of L. Caprio**

# ATTACHMENT #1

000023



U. S. Department of Justice

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

White Deer, PA 17887-3500

May 9, 999

**MEMORANDUM FOR JAMES F. SHERMAN, CAPTAIN**

**FROM:**        A. Caprio, Lieutenant

**SUBJECT:**     Inmate NEWMAN, Emanuel, #13418-039

On May 9, 1999, Officer Couch informed me that an unidentified inmate approached him and stated "You might want to watch out for Newman if he keeps running his mouth." Inmate Newman was located and escorted to the Lieutenant's Office to be interviewed.

During the interview, inmate Newman was told that information was obtained that he may be having problems in general population. Inmate Newman stated he was not involved with anyone and pleaded to not be placed in the Special Housing Unit. Newman further stated, "Look Lt, I'm not going to lie to you the only thing I got going on is doing a few inmates legal work to survive in this place. I get a little reimbursement for my services but that is it." Inmate Newman also stated the only thing he could think of was an minor argument he had with inmate Tinsley, #49227-083, a few weeks earlier. Newman stated he did some legal work for Tinsley and tried to be honest with Tinsley by telling him it did not look like he was going to be able to beat the case. Tinsley told Newman it was his job to make it work and make it look good. Newman stated the kid is young and acts like a punk, and he did not want to get involved with him and left it at that. Newman further stated he had no problems with Tinsely and it was obviously since they have been on the compound together and nothing has happened. Newman also stated nobody would do anything to him, he gets along with everyone and stated somebody would have to be "brain dead" to mess with him or any of his people (referring to Nation of Islam). Newman also stated that he is an old man if he felt threatened he would come to the Lieutenant's Office before anything happened.

Based upon the interview, inmate Newman's request to remain on the compound, and that no additional information was provided to identify a serious threat existed to Newman's safety, the inmate was released back to his housing unit in general population.

00C024

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
            Plaintiff           :
                                :   CIVIL NO. 1:CV-01-0677
       v.                       :   (Rambo, J.)
                                :
RONALD L. JURY, et al.          :
            Defendants          :
                                :

## DECLARATION OF JIMMIE WHITE JR.

I, Jimmie White Jr., do declare and state as follows:

1.    I am currently employed by the United States Department of
Justice, Federal Bureau of Prisons, as a GS-11 Lieutenant at
the United States Penitentiary (USP) Allenwood.  I have held
this position since December 6, 1998.

2.    I have been employed with the Federal Bureau of Prisons
since September 19, 1993.

3.    I am aware of the allegations contained in the above-
captioned complaint in which I am named as a defendant by
the Plaintiff, inmate Emanuel Thomas Newman, Federal
Register Number 13418-039.  The Plaintiff alleges that
during an interview on May 12, 1999, I had indicated to him
that I would investigate his security concerns and get back
to him.

000025

4.   Contrary to the allegation made by the Plaintiff, I did not
interview the Plaintiff on May 12, 1999, nor do I have any
recollection of ever interviewing the Plaintiff.  I do not
recall the Plaintiff ever asking me to take appropriate
measures to safeguard him.

5.   Had the Plaintiff actually made these statements to me I
would have taken the appropriate steps to safeguard the
Plaintiff.  If I had become aware of a threat to the
Plaintiff, I would have placed him in the institution's
Special Housing Unit in an administrative detention status
pending investigation.

6.   At no time did I intentionally violate any of the
Plaintiff's rights.

      I declare that the foregoing is true and correct to the
best of my knowledge and belief, and is given under penalty of
perjury pursuant to 28 U.S.C. §1746.

_____        _____
Jimmie White Jr.                        Date   6/25/02
Lieutenant
United States Penitentiary
Allenwood, Pennsylvania

000026

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL THOMAS NEWMAN,          :
          Plaintiff            :
                               :
     v.                        :    Civil No. 1:CV-01-0677
                               :    (Rambo, J.)
RONALD L. JURY, Lieutenant,    :
SIS, et al.,                   :
          Defendants           :


CERTIFICATE OF SERVICE BY MAIL

     The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

     That on July 3, 2002, she served a copy of the attached

RECORD TO BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

MICHELE E. LINCALIS
Paralegal Specialist