IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,
    Plaintiff,

)
)
)
)
)    Civil no. 1:CV-01-0677
)
)
-Vs-                        )
)    (Rambo, J.)
)
)
Ronald L. Jury, et al.,
    Defendants,

FILED
HARRISBURG, PA
JUL 1 9 2002
MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

### PLAINTIFF'S MOTION IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Comes Now,** Emanuel Thomas Newman, Plaintiff, Pro-se, and submitts his motion in opposition to the defendant's motion for summary judgment, and request a **jury trial.**

Plaintiff, would state that he is in total opposition to to the defendant's motion for summary judgement.

Furthermore, plaintiff **DENIES** all of the defendant's allegations of material fact, statement of the case, and the argument set forth in the motion for summary judgment.

Respectfully submitted,
By, _____
Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Illinois 61555-5000

Date: July 16th, 2002

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN,<br>    Plaintiff,<br><br>Vs.<br><br>Ronald L. Jury, LT, SIS, ET AL.,<br>    Defendant, | Civil No.: 1:CV-01-0677<br><br>(Rambo, Judge) |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents. (MOTION IN OPPOSITION OF DEFENDANT'S SUMMARY JUDGEMENT MOTION)

This _16Th_ day of _July_, 2002.

By, _[signature]_
    Emanuel Thomas Newman 13418-039
    P.O. Box 5000
    Pekin, Illinois 61555-5000

COPIES TO:   U.S. Attorney                    Clerk Of The Court
             316 Federal Building             U.S. District Court
             240 West Third Street            228 Walnut Street
             Williamsport, PA 17703           P.O. Box 983
                                              Harrisburg, PA 17108

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN,<br>    PLAINTIFF,<br><br>V.<br><br>RONALD L. JURY, LIEUTENANT,<br>SIS, ET AL.,<br>    DEFENDANTS. | CIVIL NO.: 1:CV-01-0677 |

PLAINTIFF'S BRIEF / MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION IN OPPOSITION TO DEFFENDANTS MOTION FOR SUMMARY JUGDMENT

COMES NOW, Emanuel Thomas Newman, Plaintiff, Pro-se, and submits his **BRIEF/MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff states that he is a lay individual without any formal training in the law.

Therefore, he moves this Court pursuant to Haynes v. Kerner, 404 U.S. 519, 520 (1972), and Zilch v. Lucht, 981 F.2d 694 3rd Cir. (1992), which hold that the Courts have an obligation to construe the pleadings of Pro-se litigants liberally.

In support thereof, Plaintiff states:

1

## STATEMENT OF THE CASE

This is a **§1983 / §1331** Bivins action filed by a Federal prisoner who was incarcerated at U.S.P. Allenwood in White Deer, Pennsylvania during the time of all incidents cited in this complaint.

Plaintiff is seeking money damages, because of the injuries he received due to the deliberate indifference of Defendant's James White and Louis Caprio.

The Defendant's have filed a motion for summary Judgement, in which they deny all genuine issues of material fact raised by this plaintiff.

## STATEMENT OF FACTS

On May 08, 1999, inmate Wayne Jackson informed Plaintiff that inmate Kevin Tensley was attempting to get members of his gang (The D.C. Boys) to murder the Plaintiff. The Plaintiff went at once to the unit Officer and told him that he was in fear for his life, because the 'D.C. Boys' were out to get him. This happened just before lock-down. The next day, May 09, 1999, Plaintiff was escorted to the lieutenant's office to see Defendant Caprio. Plaintiff explained in detail everything inmate Jackson had told him. Defendant Caprio informed Plaintiff that he would look into the matter and get back with him, and had Plaintiff escorted back to the Housing Unit.

The very next day, May 10, 1999, Plaintiff was called via <u>institutional pass</u> to see Defendant White at the lieutenant's office. Defendant White informed Plaintiff that he had looked into the matter of the threats made against his life by the 'D.C. Boys', and that his informants had confirmed the threats as real.

The Plaintiff related to the Defendant all that inmate Jackson had told him, and information concerning the threat by inmate Bobby Hazel, who had been offered money to assault the Plaintiff. **(See Exhibit #1 )**

Defendant White claimed that there was more to the story, and that the Plaintiff was withholding information from him.

When Plaintiff had stated that he had told him everything, Defendant White said he would have to look further into the matter and get back with the Plaintiff.

On May 14, 1999, inmate Tensley attacked Plaintiff, hitting him about the head and face with a weapon, inflicting substantial injuries, including damaging Plaintiff's left eye thereby causing permanent spots in his field of vision. Therefore, plaintiff admits that there was an assault on April 16, 1999, which is not the subject of this complaint, and **DENIES** the rest.

### ARGUMENT

Summary Judgement is to be granted only if the record before the Court shows "that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgement as a metter of law."

Rule 56(c), Fed.R.Civ.P. states that a "material" fact is one that "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 248 (1986).

3

The allegations of plaintiff's complaint must be accepted as true. **Cruz v. Beto,** 405 U.S. 319, 322 (1972). Furthermore, the court is bound to give this plaintiff the benefit of every reasonable inference to be drawn from the ".well pleaded" allegations of his complaint. **Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn,** 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. **Id. See also Wheeldin v. Wheeler,** 373 U.S. 647, 648 (1963)(inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. **Scheuer v. Rhodes,** 416 U.S. 232, 236 (1974). If construed in such a way, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. **Hishon v. King & Spaulding,** 467 U.S. 69 (1984).

Therefore, "...it is proper for the court to assume that the [plaintiff] can prove facts which [he] has not alleged, or that the defendants have violated the law...in ways that have not been alleged." **Associated General Contractors of California, Inc. v. California State Counsel OF Carpenters,** 459 U.S. 519, 526 (1983).

Prison officials must take reasonable measures to protect prisoners from assault by other inmates. Plaintiff understands that the defendants in this case are not automatically lible for each and every inmate assault, and that it is upon him to show the court that the defendnats displayed **deliberate indefference** when it came to the plaintiff's safety in the instant case.

4

This plaintiff would point out to the court, that while the burden of demonstrating a prima facie case is upon the plaintiff, the court is required to read the entire complaint " <u>in the light most favorable</u>" to this claimant and only dismiss this action if it appears **inconceivable** that the plaintiff could produce any dispositive evidence justifying relief under any legal theory. **Conley v. Gibson, 355 U.S. 41, 78 S.Ct 99, 2 L.ED.2d 80 (1957).**

The plaintiff seeks a jury trial in this matter, because the defendant's were deliberately indifferent to the plaintiff's safety, which caused permenant injury to this left eye.

Defendant Caprio admitted that he had fore knowledge of a threat to the plaintiff's safety, but did nothing about it in his answers to plaintiff's interrogatories.

Defendant White claims that he never met with the plaintiff prior to the May 14, 1999 assault on his person, even though the plaintifff, submitted affidavits for two other individuals who witnessed the meeting that took place between Defendant and plaintiff.

Furthermore, plaintiff made a request to the defendant's for the production of documents. Among the documents requested were the records of the officer' institutional pass books. The defendant's, claimed that they were unavailable. However, they both admitted in the answers to the interrogatories, that such records were kept so as to track were each inmate is at all times, and that no inmate movement is allowed without an institutional pass.

Therefore, said records do infact exist and the defendant's are withholding said institutional pass logs for the reason of protecting themselves in this matter.

5

The Defendant's have submitted several affidavits in support of their motion for summary judgment against this plaintiff that are not creditable. The Plaintiff, on the other hand, has submitted affidavits and evidence in support of his claims and his motion in opposition to their summary judgment motion.

The affidavits and evidence submitted by this Plaintiff squarely contradicts the Defendant's answer in which they claim none of the incidents took place. Furthermore, the allegations contained in Plaintiff's affidavit portray complete and deliberate indifference on the part of the Defendants. **(See Exhibit 2 & 7)**

When both Defendant's were forewarned of the threats to the Plaintiff's safety by the Plaintiff himself, and then later confirmed by their own sources as being real. **(See Exhibit 3 )**

There are clearly genuine issues of material fact. Furthermore, said factual disputes are material under the governing law, because the Constitution of the United States requires prison officials to provide "reasonable safety" for prisoners. Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993).

They must take reasonable measures to protect prisoners from assaults by other inmates, which they knew about in advance.

Furthermore, "...a prison official can be found [to be] reckless or deliberately indifferent if the official knows of and disregards an excessive risk to [an] inmates health or safety..." U.S. v. Farmer, 511 U.S. at 836-837.

The Third Circuit has stated in Young v. Quinlan, 960 F.2d 351, 360-361 (3rd Cir. 1992), "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate."

In the case of Kenneth Young, the prison officials at U.S.P. Lewisberg failed to protect him from attacks by his fellow inmates. Young's cellmate repeatedly asked him to have sex with him.

When he refused he was beaten, raped and made to perform oral sex with a razor held to his neck. He repeatedly sent letters to prison officials requesting to be placed in protective custody.

In this Plaintiff's case, he was assaulted once by "D.C. Boys" gang member Albert Gass, he beat the Plaintiff about the head, neck and arms with a metal club.

After being released back into general population and being made aware of a second and more serious plot to murder me by other member of the "D.C. Boys", Plaintiff, upon his own request went to Defendant Caprio and explained in detail everything that he had been made aware of and requested him to take whatever measures necessary to ensure my safety.

Defendant Caprio returned Plaintiff to the population, stating he would look into the matter and get back with him.

Plaintiff was then called to see Defendant White, who stated that he had been requested to investigate my claims of a serious threat to my safety. Defendant White stated that he had checked with his inmate informants and confirmed a plot against me by the "D.C. Boys".

This Plaintiff detailed everything I had learned from inmate Jackson and Hazel and requested Defendant White to take whatever steps necessary.

Defendant White accused the Plaintiff of not telling him the entire story, returned me to the general population,

7

stating he would look into the matter further and get back with me, even though I requested that he do whatever was necessary for my safety. On May 14, 1999 Plaintiff was assaulted in the housing unit, and was beaten about the head and face with a weapon. Furthermore, two officers also received injuries from my attacker, who violently fought them for stopping his assault upon plaintiff.

After remaining in the Special Housing Unit from May 14, 1999 until December 1, 1999, and putting in numerous inmate-to-staff requests to see the eye-doctor, I was seen by Dr. Wyhatt (eye-doctor), who examined me and found abnormal debris floating inside my eye. He further stated that said debris was caused by blood leaking into the vitreous humor which fills the eyeball. This, he stated was a direct result of being beaten in the eye, and would not go away. In fact, it would only get worse with age, because there was no way to repair the damage without 80% loss of sight in that eye. (See Exhibit 4$\frac{++}{6}$)

> "The strong likelihood" of [harm] must be "so obvious that a lay-person would easily recognize the necessity for preventative action."
> **Young v. Quinlan**, 960 F.2d at 361.

Plaintiff, when interviewed by both Defendant's, had his head completely bandaged, and said bandage was soaked through with blood in one spot. His face and arms were covered with scratched and bruises, and both his lips and jaw were swollen. (EX.5)

Therefore, Plaintiff looked more like he had survived an airplane crash, than a prison assault. Therefore, the threat that defendant Caprio admitted to in the interrogatories should have caused a reasonable man in his position to take protective action.

8

Furthermore, throughout the Bureau of Prisons, the "D.C. Boys" are known to be one of the most violent and dangerous prison inmate organizations that exist.

Plaintiff would relate to the Court that six (6) months after the Correctional association of America private prison opened in Youngstown, Ohio in 1997-1998, that the institution had to be closed, because of two murders by members of the "D.C. Boys" prison gang. U.S.P. Allenwood was converted to house them.

Defendant's White and Caprio, knew or should have known that a threat by the "D.C. Boys", whos leader was Kevin Tensley, was in fact a serious threat to Plaintiff's safety. Furthermore, a murder by the D.C. Boys has taken place at U.S.P. Allenwood in 2001.

Furthermore, once Defendant White had confirmed through his inmate informants that said threat was real; both he and Defendant Caprio whom he reported to, knew of the danger, and acted deliberately indifferently to protect the Plaintiff.

> "We hold that a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." Young, at 361.

Every inference fairly deducible from the well-pleaded allegations of the complaint should be accepted as true by the Court (for the purposes of ruling on the Motion), including facts alleged "on information and belief". Carroll v. Morrison Hotel McLaughlin v. New York, 149 F.2d 404 (7th Cir 1945).

9

## SUMMARY OF ARGUMENT

In response to the defendant's claim that the plaintiff has failed to plead sufficient facts to establish an Eighth Amendment claim of failure to protect, which is found under their argument in section **(A)**. **(See Argument)**

Plaintiff, denies completely.

In response to the defendant's claim that they are entitled to summary judgment based on the doctrine of Qualified Immunuty, which is found under section **(B)**.

Plaintiff denies completely and states the following:

The Supreme Court has established a two part test for qualified immunity. See **Saucier v. Katz**, 531 U.S. 991, 121 S.Ct. 2151 (2001).

The first prong of the test is that "[t]aken in the light most favorable to the party asserting injury, ... the facts alleged show the officer's conduct violated a constitutional right." **Id.** at 2155.

If so, the court must then determine whether a constitutional right has in fact been violated by the officer's conduct. Plaintiff's Eight Amendment Rights were violated, because great pain and injury took place because the defendant's failed to perform the official duties once they had been made aware of the circumstances facing the plaintiff. **Swofford v Mandrell**, 969 F.2d 547, 549 (7th.Cir.1992).

In response to the defendant's claim that they are entitle to an entry of summary judgment in their favor, which is found under section **(C)**.

Plaintiff denies completely, and states the following:

The jury is the finder of fact, and this plaintiff will present the testimony of a number of witnesses at trial, and move the court to order to the defendant to turn over all of the files related to institutional passes related to the incident in question.

10

The plaintiff's complaint alleges both substantive and procedural Due Process claims, as well as an Eighth Amendment claim.

The substantive Due Process claim involves only an objective intent element (i.e. whether the conduct of the defendants was intentional, reckless, grossly negligent, or deliberately indifferent to the safety of the plaintiff). In the case at bar the defendant are without question at fault, and their actions were deliberately indifferent. Defendant Caprio witnessed the assault in the dishroom on April 16, 1999. Plaintiff was held in the special housing unit for 5 days and released. Within a little over two weeks from that date plaintiff was back in front of Caprio again informing him of threats against his life.

Plaintiff's procedural Due Process was violated when defendant Caprio failed to stay within Bureau of Prisons written policy by taken the necessary action to ensure the plaintiff's safety.

Furthermore, after being interviewed by defendant White a few days later, and informing him of the details given to defendant Caprio, and adding the information given to the plaintiff by inmate Hazel; defendant White also violated plaintiff's procedural Due Process, when he failed to follow established Bureau of Prisons written policy, and take whatever actions were necessary to ensure the plaintiff's safety.

Lastly, after informing both defendant's of the threats against his life, and requesting them to take whatever action necessary to protect and ensure his safety, and the plaintiff was inmate Kevin Tensley and his left eye became damage, both defendants were guilty of violating plaintiff's Eighth Amendment Right.

11

## CONCLUSION

The affidavit's presented by the plaintiff in this case and the admitted statements of defendant Caprio show that the defendant's were aware of a threat. In the case of defendant Caprio, this defendant is who went to housing unit officer Couch and asked to see the lieutenant. Furthermore, the defendant's failed to have an affidavit by housing unit officer Couch disclaiming the fact that it was this plaintiff who informed him of the threat against his life and requested to see the lieutenant.

The defendant's in this case **did not** comply with established case law and the Bureau of Prisons policy. As such they **are not entitled to summary judgment.**

## RELIEF REQUESTED

Plaintiff moves this court to deny defendant's motion for summary judgment. And in the event this court should chose to grant defendant's motion, that the court not certify that any appeal taken by this plaintiff would be frivolous, and lacking in probable cause because it is not in good faith. And, any and all other relief deemed fit in this cause of action.

Respectfully submitted

By, *[signature]*
Emanuel Thomas Newman
13418-039
F.CI.Pekin
P.O. BOX 5000 (MO-1)
Pekin, Illinois 61555-5000

Dated: July 16th, 2002

11
12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN,<br>  Plaintiff,<br><br>Vs.<br><br>Ronald L. Jury, LT, SIS, ET AL.,<br>  Defendant, | Civil No.: 1:CV-01-0677<br><br>(Rambo, Judge) |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents. (MOTION IN OPPOSITION OF DEFENDANT'S SUMMARY JUDGEMENT MOTION)

This __16Th__ day of __July__, 2002.

By, _[signature]_
Emanuel Thomas Newman 13418-039
P.O. Box 5000
Pekin, Illinois 61555-5000

COPIES TO:   U.S. Attorney                  Clerk Of The Court
             316 Federal Building           U.S. District Court
             240 West Third Street          228 Walnut Street
             Williamsport, PA 17703         P.O. Box 983
                                            Harrisburg, PA 17108