TAM:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN, : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. 1:CV-01-0677 |
| : | (Conner, J.) |
| RONALD L. JURY, Lieutenant, : | |
| SIS, et al., : | **FILED ELECTRONICALLY** |
| Defendants : | |

**DEFENDANTS' CONSOLIDATED BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY HEARING,
MOTION FOR SANCTIONS, MOTION FOR ORDER TO TRANSPORT,
AND MOTION FOR WRIT OF HABEAS CORPUS
DUCES TECUM AD TESTIFICANDUM**

This is a failure to protect case brought by Emanuel Thomas Newman, a federal prisoner formerly incarcerated at USP Allenwood.  Defendants are Louis Caprio and James White, both employed as Lieutenants at USP Allenwood.  Presently before the Court are four motions related to Newman's allegation that defendants have violated the Federal Rules of Civil Procedure in responding to his discovery.  Defendants submit the following in opposition to Newman's motions.

**Relevant Procedural History**

Relevant to the current motions, Newman served his first interrogatories upon defendants White and Caprio on October 5, 2001. (*See* Exhs. 1 and 2.)  The individual defendants served

Newman with their responses and objections to the interrogatories on May 11, 1999.  (*See* Exhs. 3 and 4.)

Newman served his Second Set of Interrogatories upon defendants White and Caprio on November 30, 2001. (*See* Exhs. 5 and 6.)  On January 2, 2002, the individual defendants objected to the interrogatories on the ground that they exceeded the requisite number permitted by Rule 33 of the Federal Rules of Civil Procedure. (*See* Exh. 7.)  A motion to compel subsequently filed by Newman was denied by the Court on February 14, 2002.

By Order dated January 2, 2002, the Court allowed the parties thirty days, or until February 1, 2002, to complete discovery.  On February 6, 2002, a motion by defendants to extend the discovery deadline was granted.  Discovery was scheduled to close on March 18, 2002.

On January 9, 2002, Newman served defendants with his first Request for Production of Documents.  (*See* Exh. 8.)  Defendants responded to the discovery on February 8, 2002.  (*See* Exh. 9.[1])  As noted in their response to request 3, defendants were unable to produce copies or originals of institutional passes issued to Newman by Correctional Officer Mann during May 1999, since they are no longer available to be produced.  (Id., p. 1.)

---

[1] Since documents which *have* been produced by defendants in response to Newman's discovery requests do not appear to be the subject of Newman's pending motions, they have been omitted from exhibits 9 and 11.

Newman's Second Request for Production of Documents was served on February 18, 2002 and defendants responded to the discovery on March 25, 2002.  (*See* Exhs. 10 and 11.)  As indicated, no documents were located in response to Newman's requests for documents showing that institutional pass books were issued to Correctional Officer Manning during the week of May 10, 1999, through May 14, 1999.  (*See* Exh. 11, Answer to Request for Production # 2.)  Likewise, defendants were unable to locate any documents in response to Newman's request for "any and all documents, copies of computer files, etc. that show the number of each institutional pass issued from Officer Manning's pass books and the names of the person it was issued to."  (*See* Exh. 11, Answer to Request for Production # 3.)

On April 5, 2002, upon motion of the plaintiff, the discovery deadline was extended for the last time, until May 20, 2002.

On February 14, 2003, Newman served his Third Request for Production of Documents upon counsel for the defendants.  (*See* Exh. 12.)  By letter dated March 17, 2003, Newman was informed that defendants would not be responding to his document requests as the discovery deadline ended ten months ago.  (*See* Exh. 13.)

On March 10, 2003, Newman filed his motion for sanctions. His motion for preliminary hearing was filed on March 12, 2003.

His motions for order to transport and for "writ of habeas corpus duces tecum ad testificandum" were filed on March 14, 2003.

### Argument

1. **The Discovery Motions Should Be Deemed Withdrawn**.

Rule 7.5 of the Local Rules of this Court requires the submission of a supporting brief within ten days after the filing of any motion filed prior to trial. The only exceptions to this Rule are (a) motions for enlargements of time; (b) any motion or stipulation which has concurrence of all counsel *and* which fully states therein the reasons for the motion or the stipulation and the relief sought; or (c) motions for appointment of counsel. Unless otherwise ordered by the Court, if a supporting brief is not filed within the ten-day period of time, the Local Rule provides that the motion shall be deemed to be withdrawn. *See* M.D. Pa. Local Rule 7.5.

In the instant case, Newman has not filed a brief in support of any of the four pending motions. Although his motions for sanctions and for a preliminary hearing include numbered paragraphs purportedly in support of the motions, the motions were not filed with the concurrence of counsel. As such, they do not fall within the exception denoted as paragraph (b) in the Local Rules. Thus, due to Newman's failure to comply with the Local Rules, his motions should be deemed withdrawn.

2. **<u>Newman's Motions Are Without Merit and Should Be Dismissed.</u>**

Newman alleges that defendants White and Caprio have acted in bad faith and committed a fraud against the Court in not complying with his document requests. As relief, he seeks the following: (1) monetary sanctions against each defendant in the amount of "$100.00 per day" since the date he served his first Request for Production of Documents; (2) a preliminary hearing to determine if defendants should be sanctioned for allegedly withholding the documents; (3) a "writ of habeas corpus duces tecum ad testificandum" in order that he may be present for such a hearing; and, (4) an order directing the United States Marshal Service to transport him to the requested hearing.

The basis for each of Newman's motions is defendants' alleged refusal to comply with his request for "any and all documents related to the institutional pass book used by Officer Manning at U.S.P. Allenwood during the week May 10, 1999 through May 14, 1999." (Motion for Sanctions, ¶ 2.) As accurately stated, Newman initially requested documents pertaining to the institutional passes in his first Requests for Production of Documents. (*See* Exh. 8, Request No. 3.) However, defendants were unable to comply with Newman's discovery request as the

institutional passes are no longer available to be produced.[2] (*See* Exh. 9, p. 2.)

Newman's second requests for documents included a request for "any an [sic] all documents that show what institutional passes Book(s) was issued to Correctional officer Manning during the week of May 10, 1999 through May 14, 1999" and "[a]ny and all documents, copies of computer files, etc that show the number of each institutional pass issued from Officer Manning's pass books, and the name of the person it was issued to." (Exh. 10, ¶¶ 2-3.) Defendants were unable to comply with these requests because no responsive documents could be located. (*See* Exh. 11, Answers to Requests for Production of Documents 2 and 3.) Newman's most recent discovery also included two document requests related to institutional passes. Defendants, however, were not obligated to respond as discovery had closed in May 2002. (*See* Exhs. 12 and 13.)

Despite the fact that the documents which Newman requests are either not available or do not exist and that his third document requests were untimely, he claims defendants have committed a fraud and acted in bad faith because, in responding

---

[2] Essentially, institutional passes are nothing more than "hall passes" issued to inmates so they can travel from one area of the institution to another, when movement is otherwise prohibited. They serve no other purpose; thus, there is no reason to maintain them or the books in which they are recorded.

to his interrogatories, they "admitted that these records were kept in the normal course of business so as to keep track of the movement of each inmate."  (Mot. for Sanctions, ¶ 2.)

First, it should be noted that the institutional pass system was not raised by Newman in his first set of Interrogatories. Thus, no admissions pertaining to the passes could have been made in responding to those questions.  (*See* Exhs. 1-4.)  Although his Second Set of Interrogatories to defendant White was dedicated to that subject, the defendant objected and did not respond to the interrogatories as they exceeded the requisite number permitted by Fed. R. Civ. P. 33.  (*See* Exhs. 5 and 7.)  Newman's attempt to compel defendant to answer the interrogatories was unsuccessful.

Secondly, even if an admission was made that institutional pass books were kept in the normal course of business in May 1999, there is no indication that these books were maintained beyond their intended purpose or that they were maliciously destroyed because of the pending litigation.  Therefore, defendants should not be sanctioned for being unable to produce documents which are no longer available.

Newman requests monetary sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure which states, *in toto*:

> [i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to

7

>    participate in good faith, the judge, upon motion or
>    the judge's own initiative, may make such orders with
>    regard thereto as are just, and among others any of the
>    orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu
>    of or in addition to any other sanction, the judge
>    shall require the party or the attorney representing
>    the party or both to pay the reasonable expenses
>    incurred because of any noncompliance with this rule,
>    including attorney's fees, unless the judge finds that
>    the noncompliance was substantially justified or that
>    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  In this case, the Court has not conducted any pretrial or scheduling conferences as yet.  Additionally, although the Court has issued scheduling orders pertaining to discovery and dispositive motions, defendants have complied with those orders.  Thus, Rule 16(f) is inapplicable to Newman's argument.

## **Conclusion**

In conclusion, Newman's motion for sanctions, as well as his motions for a preliminary hearing, an order to transport him, and for a writ of habeas corpus ad testificandum to ensure his

presence and ability to testify, are baseless and without merit. Accordingly, we ask the Court to deny the motions.

                                        Respectfully submitted,

                                        THOMAS A. MARINO
                                        United States Attorney

                                        <u>s/Mark E. Morrison</u>
                                        MARK E. MORRISON
                                        Assistant U.S. Attorney
                                        Atty. I.D. No. PA43875
                                        MICHELE E. LINCALIS
                                        Paralegal Specialist
                                        316 Federal Building
                                        240 West Third Street
                                        Williamsport, PA 17701
                                        Phone:  717-221-4482
                                        Fax: 717-221-2246

Date: March 20, 2003

```
              UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA
```

EMANUEL THOMAS NEWMAN,        :
            Plaintiff         :
                              :
        v.                    :   Civil No. 1:CV-01-0677
                              :   (Conner, J.)
RONALD L. JURY, Lieutenant,   :
SIS, et al.,                  :   **FILED ELECTRONICALLY**
            Defendants        :


CERTIFICATE OF SERVICE BY MAIL

      The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

      That on March 20, 2003, she served a copy of the attached

**DEFENDANTS' CONSOLIDATED BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY HEARING, MOTION FOR SANCTIONS, MOTION FOR ORDER TO TRANSPORT, AND MOTION FOR WRIT OF HABEAS CORPUS DUCES TECUM AD TESTIFICANDUM**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                                      s/ Michele E. Lincalis
                                      MICHELE E. LINCALIS
                                      Paralegal Specialist

Case 1:01-cv-00677-CCC-DB    Document 74    Filed 03/20/2003    Page 11 of 11