EXHIBIT

4

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,      :
      Plaintiff                    :

                             :      CIVIL NO. 1:CV-01-0677

      v.                     :      (Rambo, J.)

                             :

RONALD L. JURY, Lieutenant,     :
SIS, et al.,                       :
      Defendants            :

## DEFENDANT CAPRIO'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant Louis Caprio, and respectfully submit his objections and response pursuant to Rule 33(b) of the *Federal Rules of Civil Procedure*, to Plaintiff's First Set of Interrogatories and states as follows:

1.    List by name and address all penal institutions that you have worked at over the past five years.

    **Response**:    United States Penitentiary, Allenwood, Pennsylvania.

2.    List separately for each institution enumerated in your answer to question #1 the following data:

    a.  Positions that you have held while working at said institutions.

    **Response**:    Senior Officer Specialist from 1993 to 1998.

                      Lieutenant from 1998 to the present.

1

b. List separately the number of D.C. prisoners known personally by you at those institutions.

**Response**:    Defendant objects in that the request is overly broad and irrelevant.

c. List separately the number of violent incidents that you have witnessed while working at said institutions, fights, stabbings, pipings, rapes, etc. . .

**Response:**    Objection.  The request is overly broad, unduly burdensome, and irrelevant to this proceeding. Without waiving this objection, over the past five years although I have personally witnessed approximately ten (10) inmate fights, I have not personally witnessed any stabbings, pipings or rapes.  I have, however responded to the scenes of stabbing incidents approximately three (3) times, to one "piping" incident and to approximately twenty (20) to twenty five (25)  inmate assaults/fights during this same time frame.

3.    What is the official Bureau of Prisons policy/procedure for the separation of inmates after there has been a violent confrontation between them?

**Response:**    All inmates identified as having been involved in an altercation are placed in the institution's Special Housing Unit in an administrative detention status pending investigation.

2

4.    List separately the following concerning your answers to question #3.

    a.    What is the official Bureau of Prisons policy concerning the removal of an inmate from the general institution population once a threat has come to the attention of the prison administration?

    **Response**:    It is my understanding that if staff are made aware of a threat to a particular inmate(s), that individual is to placed in the institution's Special Housing Unit in an administrative detention status pending investigation.

    b.    What is the official Bureau of Prisons policy for the removal of an inmate from the general institution, who has been violently assaulted and makes the prison administration aware of a serious violent threat against his person by members of a prison gang?

    **Response**:    It is my understanding that if an inmate is "violently" assaulted, after receiving the appropriate medical care, that inmate is placed in the institution's Special Housing Unit in an administrative detention status pending investigation.

    c.    What is the official Bureau of Prisons policy for dealing with gang threats of violence against non-gang member inmates?

**Response:**    It is my understanding that all threats of violence by any inmates towards any other inmates are to be referred to the appropriate staff member and investigated.

d.    What is the official Bureau of Prisons policy for dealing with violent D.C. (Washington D.C.) inmates who organize themselves under the title D.C. Boys?

**Response:**    I am not aware of any policy for dealing with a group of inmates called the "D.C. Boys".

e.    What is the official Bureau of Prisons Policy for when prison administration is informed by inmate informants about threats against another inmate.

**Response:**    It is my understanding that any information regarding a threat to the safety of any inmate(s) is to be referred and investigated in order to determine whether the threat is valid. If the threat is determined to be valid, appropriate steps are then taken to remove the threat.

f.    Once the administration has confirmed a threat of violence as being real in nature, and made this known to the inmate against whom the threats are made, what is the procedure?

**Response:**    It is my understanding that the inmates involved are separated, and that appropriate actions are taken to remove the threat such as initiating a criminal investigation, taking disciplinary action, transferring the inmates involved, etc., in order to remove the threat.

g.    Under the circumstances listed in question #4, sections a, b, c, d, e, and f, would the inmate against whom said threats are made be removed from the general prison population and placed into protective custody?

**Response:**    Without knowing the facts surrounding the threat, I am not able to respond to this interrogatory.

h.    If the inmate against whom the threats are made refused to be placed in protective custody is there a waiver that said inmate would have to sign?

**Response:**    I am not aware of a waiver.

i.    What is the official Bureau of Prisons policy concerning a waiver of protective custody?

**Response:**    I am not aware of any such policy.

5

j.    Was the plaintiff in this case given a waiver to sign, and if so what is the name of the prison staff person who witnessed him sign said document?

**Response**:    I am not aware of any such waiver, nor do I know of any other staff member(s) asking the Plaintiff to sign any "waivers" or other forms.

k.    If the threat made against an inmate is gang related, and serious in nature (stabbing, murder etc...) would the official Bureau of Prisons Policy cause said inmate to be removed from the institutions general population without his consent even if he requested to sign a waiver?

**Response**:    It is my understanding that steps would be taken to remove the threat. These steps may include the removal of the intended victim from the institution's population.

l.    Has anyone instructed you on how to respond to these or anyother{sic} questions that this plaintiff might ask in relationship to the now pending civil lawsuit?

**Response**:    No, however, I did receive advice and counsel from the legal staff at the institution.

6

m.    Did you or any of the other defendants get together and decided{sic} what would be said in response to the questions asked or that might be asked later?

**Response**:    No.

n.    Why was the plaintiff allowed to remain in the general population after he had been seriously assaulted once, and he himself made the prison administration aware of threats against his life by the gang known as the D.C. Boys, because it was felt that the first assault/attack was a failed attempt?

**Response**:    I was not involved in the decision to release the Plaintiff from the Special Housing Unit after the first assault. Additionally, since the Plaintiff refused to provide any information concerning a threat to his safety and since I did not have any such information, I was not aware of any reason why the Plaintiff could not remain in the general population.

5.    Did you, defendant Louis Caprio have plaintiff sent to speak with you concerning his insistence{sic} that threats had been made against his life by inmate Kevin Tinsley, who was a member of the D.C. Boys prison gang on May 9, 1999?

**Response**:    No.

6.    List separately the following concerning your answer to question #5.

    a.    State specifically why the plaintiff was called to see you on May 9, 1999?

    <u>Response</u>:    I directed staff to have the Plaintiff report to my office so that I could interview him regarding information staff received from another inmate regarding a possible threat to the Plaintiff.

    b.    Did you make any notes during the conversation with the plaintiff?

    <u>Response</u>:    Although I do not specifically recall making any notes, it is possible that I may have made minor notes during the conversation with the Plaintiff. At the conclusion of my meeting, I wrote a memorandum discussing the substance of the meeting.

    c.    If you did make notes of that meeting, state in a brief summary what is contained in those notes.

    <u>Response</u>:    Although I do not specifically recall making any such notes, if I had done so, I would not have retained those notes, therefore, I am unable to summarize what may have been contained in those notes. My memorandum generally discussed the fact that the Plaintiff had stated that

8

he was not aware of any threats to his safety and that he wanted to remain
in the general population.


d.    After the plaintiff explained that Kevin Tinsley had been the orchestrator of the
April 16, 1999 assault on him, and that he had received word that Tinsley was offering to pay any
member or members of the D.C. Boys who would stab, beat, pipe, or murder plaintiff, what was
the official Bureau of Prisons policy that should have been taken?


    **Response**:    The Plaintiff did not inform me that inmate Kevin Tinsley was allegedly
            behind the April 16, 1999, incident, or that inmate Tinsley was supposedly
            offering to pay other members to stab, beat, pipe or murder Plaintiff;
            therefore, since I was not aware of any threat to the Plaintiff, I am not
            aware of any policy that should have been followed.


e.    What action was taken by you, and why?


    **Response**:    As I stated above, after I interviewed the Plaintiff, the Plaintiff assured me
            that he did not feel threatened nor did he feel as though he was in any
            danger. The Plaintiff also insisted that he be allowed to remain in the
            general population. Based on my investigation and the Plaintiff's own
            statements that no threat to his safety existed and that the Plaintiff wanted

9

to remain in general population, the Plaintiff was returned to his housing unit.

f.    Were you, defendant Louis Caprio present on April 16, 1999 when the first assault was made on the plaintiff?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a). Without waiving this objection, the Defendant responds as follows: Yes.

g.    Did you witness plaintiff being taken to the prison hospital on a gurney passed out, and was he bleeding profusely from a gash in his head?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a). Without waiving this objection, the Defendant responds as follows: Although I do not recall seeing the Plaintiff "passed out", I do recall escorting the Plaintiff to the institution's Health Services Unit.

h.    Did you, defendant Louis Caprio talk with defendant James White concerning the meeting with the plaintiff on May 9, 1999?

10

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a).    Without waiving this objection, the Defendant responds as follows: No.

i.    Did defendant James White offer to investigate the matter of the threat against Pleaintiff {sic}, or was he instructed to do so by you or anyone else to your knowledge?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a).    Without waiving this objection, the Defendant responds as follows:  I do not recall having any conversation with Defendant White regarding the alleged threat or instructing him or anyone else to investigate the alleged threat.  Additionally, I am not aware whether defendant White offered to investigate the alleged threat.

j.    Did defendant James White offer to interview the plaintiff concerning the threats to his person or was he instructed to do so by you or anyone else to you[sic] knowledge?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule

11

33(a).    Without waiving this objection, the Defendant responds as follows:  I do not recall Defendant White offering to investigate the alleged threat, nor do I recall instructing him to do so.  Additionally, I do not have any knowledge regarding whether any one else instructed Defendant White to investigate the alleged threat.

k.    If a middle aged non-violent, non-gang member inmate is sent to see you, and said inmate who was assaulted seriously within three weeks from meeting, with his face and body still bruised, and a bandage covering his entire head, because of a gash that took 21 stitches to close, and this inmate states that he has received good word that there is a serious threat to his life from the D.C. Boy prison gang, because it is felt that the prior assault was a failure, what action would personally take in this matter to ensure that inmate's safety?

**Response:**    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a).    Without waiving this objection, the Defendant responds as follows:  If I receive information that a serious threat exists to any inmate, I would take immediate steps to protect that individual (such as placing him in protective custody) and I would refer the threat as appropriate so that an investigation can be conducted.

l.    The Plaintiff has omitted subpart "l" therefore, no response is required.

12

m.    Did you interview any other inmates concerning the matters brought to your

attention concerning threats made against the plaintiff, before, during or after the

May 10, 1999 meeting with the plaintiff, please give full details?


**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the

requisite number permitted by the Federal Rules of Civil Procedure, Rule

33(a).    Without waiving this objection, the Defendant responds as

follows: Although I did not meet with the Plaintiff on May 10, 1999, I did

meet with the Plaintiff on May 9, 1999.  I did not interview any other

inmates concerning the matters discussed on that date because the Plaintiff

refused to provide any information regarding any credible threat.

Additionally, the Plaintiff refused to provide the names of other inmates to

be interviewed.


n.    On May 14, 1999, an incident report was issued against inmate Kevin Tinsley for

the assault against the plaintiff with a weapon, and for fighting with and assaulting a correctional

officer.  Why was the incident report later expunged and inmate transferred to a lower security

Federal Correctional Institution; give full details?


**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the

requisite number permitted by the Federal Rules of Civil Procedure, Rule

13

33(a). Additionally, the Defendant objects to the release of any such information regarding another inmate without an appropriate signed authorization to release the information since the release of such information may violate the Privacy Act.

o.    Why was inmate Kevin Tinsley paid a sum of money by the Bureau of Prisons, along with having the May 14, 1999 incident report expunged, and being transferred to a lower security Federal Security Institution; give full details?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a). Additionally, the Defendant objects to the release of any such information regarding another inmate without an appropriate signed authorization to release the information since the release of such information may violate the Privacy Act.

7.    Is there any information that is directly or indirectly known by about the incident report(s) issued, moneies{sic} paid, or transferr(s){sic} concerning the complaint made by the plaintiff in this case, which you have not disclosed?

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule

14

33(a). Without waiving this objection, the Defendant responds as follows: No.

8. Please give full and complete details to your answer to question number 7.

**Response**:    Defendant respectfully objects to this interrogatory as it is beyond the requisite number permitted by the Federal Rules of Civil Procedure, Rule 33(a). Without waiving this objection, the Defendant responds as follows: Since my response to interrogatory number seven (above) was "No", no response is required.

EXECUTED this ___19___ day of November, 2001.

Answers by :

LOUIS CAPRIO
Lieutenant
United States Penitentiary
White Deer, PA  17887

Objections By:

MARTIN C. CARLSON
United States Attorney

MARK E. MORRISON
Assistant United States Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL T. NEWMAN,              )
              Plaintiff         )        CIVIL NO.  1:CV-01-0677
                                )
        v.                      )        JUDGE RAMBO
                                )
RONALD JURY, et. al,            )
              Defendants        )

## VERIFICATION

    I, Louis Caprio, hereby state, pursuant to the penalties of perjury set forth at

28 U.S.C. §1746, that I have read "Defendant's Supplemental Response to Plaintiff's First

Set of Interrogatories," and that the foregoing is true and correct.

                                        LOUIS CAPRIO
                                        Lieutenant
                                        U.S.P. Allenwood

Executed on this _11/15/01_ day of November, 2001.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,    :
          Plaintiff    :
                  :  CIVIL NO. 1:CV-01-0677
      v.          :  (Rambo, J.)
                  :
RONALD L. JURY, Lieutenant,  :
SIS, et al.,          :
          Defendants   :

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee with the Federal Bureau of Prisons and is a person of such age and discretion as to be competent to serve papers.

That on November 19, 2001, he served a copy of the attached

## DEFENDANT CAPRIO'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Northumberland, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

JEFF FROMM
Paralegal Specialist

EXHIBIT
5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,    )
        Plaintiff,    )    Civil no. 1:CV-01-0677
                )
                )
        V.            )
                )
                )
Ronald L. Jury, Lieutenant, SIS,  )    Judge, Rambo
et al.,                )
        Defendant,    )

## MOTION TO STRIKE AND
## SECOND SET OF INTERROGATORIES

Comes Now, Emanuel Thomas Newman, (hereinafter Plaintiff), and moves to strike the portions of defendant Whites objections and responses to plaintiff's first set of interrogatories alleging that he never met with and interviewed plaintiff during the week of May 10, 1999, for the following reasons:

1) Defendant White in his response to plaintiff's first set of interrogatories stated the following: "I did not have the plaintiff called to my office during the week of May 10, 1999."

2) Plaintiff would state that U.S.P. Allenwood is a high security institution, and all inmate movement during normal weekday working hours is done via a written pass system. Therefore, the whereabouts of every inmate is known to staff at all times.

3) During the week of May 10, 1999, at or about 1:30 P.M., the 3A housing unit officer, Officer Mann, called plaintiff to his office and wrote him an institutional pass to Lieutenant Whites office. The pass specifically stated "To: Lt. White".

4) Plaintiff took the pass and went to the interview/meeting with defendant White. When the interview was over defendant White signed the institutional pass so that plaintiff could return to the housing unit, because all inmate movement is controlled by staff.

-1-

5) Upon returning to the housing unit, plaintiff discovered that Officer Mann had been called to other duty, and therefore, the plaintiff retained the pass, because each pass must be returned to the officer or an incident report (shot) is issued for the possession of contraband. On the suggestion of another inmate plaintiff made a photo copy of said pass, and returned the pass to officer Mann when he showed up for work the next day. Therefore, defendant's whites statement concerning him not having met with or interviewed the plaintiff is nothing more than a prevarication, and plaintiff moves at this time to strike any and all statements related to same.

## SECOND SET OF INTERROGATORIES

6) Does U.S.P. Allenwood have a written pass system for the inmate population during the normal workday hours?

7) If U.S.P. Allenwood has a written inmate pass system, is the inmates name, number and housing unit, destination, arrival time and and departure time listed on said pass?

8) If U.S.P. Allenwood has a written pass system, is the signature of a staff person required at arrival to and departure from the place indicated on the pass?

9) Do you deny there is a written institutional pass, issued by Officer Mann to plaintiff during the week of May 10, 1999, so that he could report to the Lieutenant's office to see defendant White?

10) Do you deny that you singed said written institutional pass so that plaintiff could return to housing unit 3A after your meeting with him during the week of May 10, 1999?

Respectfully submitted by, _____
                              Emanuel T. Newman
                              13418-039

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
        Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
        Defendant,

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents.        **Defendant White.**

(MOTION TO STRIKE AND SECOND SET OF INTERROGATORIES)

This ____ day of _November_ 2001.

By, _____
        Emanuel Thomas Newman 13418-039
        P.O. Box 5000
        Pekin, Illinois 61555-5000

COPIES TO:        U.S. Attorney                    Clerk Of The Court
                  316 Federal Building             U.S. District Court
                  240 West Third Street            228 Walnut Street
                  Williamsport, PA 17703           P.O. Box 983
                                                   Harrisburg, PA 17108

**EXHIBIT**

6

<br>

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,　　　　　　 )
　　　　　Plaintiff,　　　　　　　　 )　　　　Civil no. 1:CV-01-0677
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　　Judge Rambo
Ronald L. Jury, Lieutenant, SIS,　　)
et al.,　　　　　　　　　　　　　　　)
　　　　　Defendant,　　　　　　　　　)
_____ )

## MOTION TO STRIKE AND
## SECOND SET OF INTERROGATORIES

　　　　Comes Now, Emanuel Thomas Newman, (hereinafter Plaintiff),
and moves to strike the portions of defendant Caprio's objections and
responses to plaintiff's first set of interrogatories alleging that
he followed proper Bureau Of Prison's policy during his interview of
plaintiff the week of May 9, 1999, for the following reasons:

　　　　1) That defendant Caprio was present during the week of April
16, 1999, and witnessed the aftermath of the incident in the dish room
of U.S.P. Allenwood, concerning this plaintiff, and gang member Gass.

　　　　2) Furthermore, plaintiff was in poor condition, on May 9, 1999
during the interview with defendant Caprio, because he had just been
assaulted with an ax like weapon two weeks prior.

　　　　3) Plaintiff, requested to see defendant Caprio, because he
had been made aware of a plot against his life by members of the D.C.
Boy's prison gang, possibly by the same inmate that he claims informed him.

　　　　4) Defendant Caprio claims to have called the plaintiff to
his office, because he had been made aware of a threat to plaintiff'
safety, and considering what he had witnessed on April 16, 1999, he
should have taken the threat seriously, and moved to protect plaintiff.

## SECOND SET OF INTERROGATORIES

5) You stated in your response to plaintiff's first set of interrogatories, that when a threat to the safety of another inmate is made known to staff it is investigated to determine if it is a valid threat, and then appropriate steps are taken to remove the threat. What investigation did you do after being informed of the plot against plaintiff by your inmate informant?

6) You stated that you called the plaintiff to your office because you were made aware of a threat ——— by an inmate informant, to one of your staff persons. What was said to that staff person, and what is that staff person's name?

7) Where you assigned to the Special Housing unit during the time that the plaintiff was held in detention, and if so did you respond to and or sign any of the numerous administrative remedies that he submitted concerning his prolonged detention, or staff's continual labeling him uncoopportive concerning the matter of his assault?

8) While you were assigned to Special Housing did plaintiff request to talk with you concerning the May 14, 1999 incident, and if so what transpired?

9) Considering the assault that had taken place 22 days prior to the May 9, 1999 meeting with plaintiff, and his physical condition (entire head bandages, face and arms black and blue with bruses, lip and face swollen) why didn't you move to take appropriate steps to remove plaintiff from the general population until you were sure there was no valid threat to his safety?

-2-

10) If you receive information from a staff member that there is a threat against an inmate, who has already been seriously assaulted, and you call that inmate to you office to investigate the matter, and said inmate refuses to answer any questions, because of fear that he'll be labeled a **"Rat"** ( informant ) by other inmates. Thereby, causing him to be the target for serious threat to his safety wouldn't it be appropriate to remove said inmate form the general inmate population until an investigation can be done to validate the threat?

11) Concerning the life of an inmate who might be faced with serious injury due to assault, is it better to protect him and be safe, or return him to a high security violent inmate population and be sorry after an incident?

Therefore, plaintiff submits his motion to strike and second set of interrogatories in good faith, and seeks a reply from the defend-ant within the time allotted in the Federal Rules Of Civil Procedure.

Respectfully submitted by,

Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Il 61555-5000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,

      Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,

      Defendant,

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE BY MAIL

    The undersigned plaintiff hereby certifies that persuant to 28
U.S.C. § 1746, the following is true.

    That I, Emanuel Thomas Newman, have placed sufficient postage
for First Class mailing to all the defendant's via their attorney
upon who I am serving all documents. Defendant Caprio

(MOTION TO STRIKE AND SECOND SET OF INTERROGATORIES)

This _____ day of _____ 2001.

By, _____

    Emanuel Thomas Newman 13418-039
    P.O. Box 5000
    Pekin, Illinois 61555-5000

COPIES TO:

    U.S. Attorney
    316 Federal Building
    240 West Third Street
    Williamsport, PA 17703

    Clerk Of The Court
    U.S. District Court
    228 Walnut Street
    P.O. Box 983
    Harrisburg, PA 17108

EXHIBIT
7

MCC:MEM:mel:2001V00411

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
           Plaintiff          :
                        :
        v.          :   Civil No. 1:CV-01-0677
                        :   (Rambo, J.)
RONALD L. JURY, Lieutenant,     :
SIS, et al.,                    :
           Defendants          :

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendants Caprio and White respond to plaintiff's Second Set of Interrogatories as follows:

**OBJECTION:**

Defendants object to the second set of interrogatories as they are beyond the requisite number permitted by Rule 33 of the Federal Rules of Civil Procedure.

Objection submitted by:

MARTIN C. CARLSON
United States Attorney

*Mark E. Morrison*

MARK E. MORRISON
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Dated: January 2, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,                    :
                  Plaintiff              :
                                         :
            v.                           :    Civil No. 1:CV-01-0677.
                                         :    (Rambo, J.)
RONALD L. JURY, Lieutenant,              :
SIS, et al.,                             :
                  Defendants             :

## CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on January 2, 2002, she served a copy of the
attached

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

                                    MICHELE E. LINCALIS
                                    Paralegal Specialist

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT

B

Emanuel Thomas Newman,
      Plaintiff,

                              Civil No. 1:CV-01-0677

      v.

                              (Rambo, J)

Ronald L. Jury, Lieutenant,
Sis, et al.,
      Defendant,

## REQUEST FOR PRODUCTION
## DOCUMENTS

      **Comes Now,** Emanuel Thomas Newman, plaintiff, and request, pursuant to Rule 34 of the Federal Rules of Civil Procedure (hereinafter F.R.Civ.P.), that the defendants Louis Caprio and Jimmie White produce for inspection and coping the following documents:

      **1.** The housing unit log book pages from unit 3-A of U.S.P. Allenwood for the following dates May 7, 1999, May 8, 1999, and May 9, 1999.

      **2.** All notes, log entries , memorandums, or reports made by correctional officer Couch on May 8, 9, and 10 of 1999.

      **3.** All copies/originals of institutional passes issued to inmate Emanuel Thomas Newman # 13418-039 by housing unit 3-A Correctional Officer Mann during the month of May, 1999 for the following dates May 10, 11, 12, 1999.

      **4.** All interdepartmental memoranda concerning the May 14, 1999 melee between inmate Emanuel Thomas Newman # 13418-039 and inmate Kevin Tensley # 49227-083.

-1-

**Wherefore,** plaintiff is proceeding in forma pauperis, and because of his present incarceration it is impossible for him to provide for copying of said requested documents. He would therefore, request that the defendant's provide said copies for same.

Respectfully submitted

By, _____
Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Ill 61555-5000

Date: ___January 9___ , 2002.

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
                Plaintiff,

Vs.                                              Civil No.: 1:CV-01-0677

                                                    (Rambo, Judge)
Ronald L. Jury, LT, SIS, ET AL.,
                Defendant,

## CERTIFICATE OF SERVICE BY MAIL

   The undersigned plaintiff hereby certifies that persuant to 28
U.S.C. § 1746, the following is true.
   That I,  Emanuel Thomas Newman, have placed sufficient postage
for First Class mailing to all the defendant's via their attorney
upon who I am serviing all documents.

                        REQUEST FOR PRODUCTION OF DOCUMENTS
   This ___9___ day of __JANUARY__  200Z.

   By, _Emanuel Thomas Newman_
        Emanuel Thomas Newman 13418-039
        P.O. Box 5000
        Pekin, Illinois 61555-5000


COPIES TO:    U.S. Attorney
              316 Federal Building
              240 West Third Street
              Williamsport, PA 17703          Clerk Of The Court
                                              U.S. District Court
                                              228 Walnut Street
                                              P.O. Box 983
                                              Harrisburg, PA 17108

EXHIBIT

9

MCC:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN, | : | |
|          Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:CV-01-0677 |
| | : | (Rambo, J.) |
| RONALD L. JURY, Lieutenant, | : | |
| SIS, et al., | : | |
|          Defendants | : | |

### DEFENDANTS' RESPONSES TO
### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW, defendants, and respond to plaintiff's Requests for Production of Documents as follows:

1.  "The housing unit log book pages from unit 3-A of U.S.P. Allenwood for the following dates May 7, 1999, May 8, 1999, and May 9, 1999."

    **Response:** The log book pages for May 7 through May 10, 1999 are attached. For security reasons, the pages are being provided in redacted form.

2.  "All notes, log entries, memorandums, or reports made by correctional officer Couch on May 8, 9, and 10 of 1999."

    **Response:** Any log entries for the dates May 8 through May 10, 1999, would be included in the log book pages provided in response to request number 1. There are no responsive documents to plaintiff's request for notes, memorandums, or reports.

3.  "All copies/originals of institutional passes issued to inmate Emanuel Thomas Newman # 13418-039 by housing unit 3-A Correctional Officer Mann during the month of May, 1999 for the following dates May 10, 11, 12, 1999."

**Response:** The institutional passes requested are no longer available.

4.   "All interdepartmental memoranda concerning the May 14, 1999

melee between inmate Emanuel Thomas Newman # 13418-039 and

inmate Kevin Tensley # 49227-083."

**Response:** The only "interdepartmental" memorandum prepared as a result of the May 14, 1999, incident is that which was prepared by Dean Kriebel of the Recreation Department to the Lieutenant's Office, within the Correctional Services Department. The remaining memos which are contained within the Special Investigative Supervisor's file were prepared by other staff members of the Correctional Services Department and, as such, are not considered "interdepartmental." To the extent plaintiff is requesting copies of these documents, copies of memorandums from the following staff are being provided in redacted form:

1.   Dean Kriebel, Recreation Specialist
2.   V. Gonzales, Lieutenant
3.   M. Gayton, Lieutenant
4.   J. Peters, Correctional Officer
5.   J. Nash, Correctional Officer
6.   R. Antonacci, Senior Officer Specialist
7.   L. R. Shults, Senior Officer Specialist
8.   S. Hanis, Correctional Officer
9.   J. Boone, Senior Officer Specialist
10. W. Beck, Senior Officer Specialist
11. B. Brubaker, Senior Officer
12. B. Grove, Correctional Officer

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

Mark E. Morrison

MARK E. MORRISON
Assistant U.S. Attorney
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Date: February 8, 2002

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,               :
                Plaintiff           :
                                    :
        v.                          :    Civil No. 1:CV-01-0677
                                    :    (Rambo, J.)
RONALD L. JURY, Lieutenant,         :
SIS, et al.,                        :
                Defendants          :

CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on February 8, 2002, she served a copy of the
attached

**DEFENDANTS' RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

MICHELE E. LINCALIS
Paralegal Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT

10

Emanuel Thomas Newman,
     Plaintiff,

     -Vs-

Ronald L. Jury, Lieutenant,
SIS, et al.,
     Defendant,

Civil No. 1:CV-01-0677

(Rambo, J.)

## PLAINTIFF"S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Comes Now**, Emanuel Thomas Newman, plaintiff and submits the above titles motion pursuant to Fed.R.Civ.P. Rule 30 (b)(5) and 34, the defendants Jimmie White and Louis Caprio, are hereby directed to produce for inspection and make available for copying the following documents:

1. All housing unit 3-A log book pages for the following dates; May 11, 1999, May 12, 1999, May 13, 1999, and May 14, 1999, from U.S.P. Allenwood.

2. Any an all documents that show what institutional passes Book(s) was issued to Correctional officer Manning during the week of May 10, 1999 through May 14, 1999.

3. Any and all documents, copies of computer files, etc that show the number of each institutional pass issued from Officer Manning's pass books, and the name of the person it was issued to.

4. Any and all documents, computer files, etc written by either defendant Jimmie White and or defendant Louis Caprio related all incident in plaintiff's complaint.

Submitted By, _Emanuel Thomas Newman_

Emanuel Thomas Newman
13418-039
F.C.I.Pekin
P.O. Box 5000 (MO-1)
Pekin, Il 61555-5000

Date: _2/1/02_

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
          Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
          Defendant,

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28
U.S.C. § 1746, the following is true.

That I,  Emanuel Thomas Newman, have placed sufficient postage
for First Class mailing to all the defendant's via their attorney
upon who I am serviing all documents.

PLAINTIFF"S  SECOND REQUEST FOR PRODUCTION OF DOCUMENTS)

This   18th   day of  February        2002

By, _____
          Emanuel Thomas Newman 13418-039
          P.O. Box 5000
          Pekin, Illinois 61555-5000

COPIES TO:       U.S. Attorney
                 316 Federal Building
                 240 West Third Street
                 Williamsport, PA 17703

                                          Clerk Of The Court
                                          U.S. District Court
                                          228 Walnut Street
                                          P.O. Box 983
                                          Harrisburg, PA 17108


EXHIBIT

11

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,                    :
      Plaintiff                            :
                                :    CIVIL NO. 3:CV-01-0677
      v.                                   :
                                  :
RONALD L. JURY, et. al.,                   :    (Judge Rambo)
      Defendants                           :

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The following answers and documents are provided by defendant United States of America in response to Plaintiff's Second Request For Production Of Documents.

## REQUEST FOR PRODUCTION #1:

All housing unit 3-A log book pages for the following dates: (sic) May 11, 1999, May 12, 1999, May 13, 1999, and May 14, 1999, from U.S.P. Allenwood.

## ANSWER:

Copies of the Unit III A log pages for May 11, 1999, through May 14, 1999, are enclosed. These four (4) pages have been **redacted** to remove information such as inmate registration numbers other than the Plaintiff's, and information pertaining to security issues such as the unit count numbers and security equipment identification.

**REQUEST FOR PRODUCTION #2:**

Any an (sic) all documents that show what institutional passes Book(s) (sic) was issued to Correctional officer Manning during the week of May 10, 1999 through May 14, 1999.

**ANSWER:**

No documents were located in response to this request.

**REQUEST FOR PRODUCTION #3:**

Any and all documents, copies of computer files, etc. that show the number of each institutional pass issued from Officer Manning's pass books, and the names of the person it was issued to.

**ANSWER:**

No documents were located in response to this request.

**REQUEST FOR PRODUCTION #4:**

Any and all documents, computer files, etc., written by either defendant Jimmie White and or defendant Louis Caprio related all incident (sic) in plaintiff's complaint.

**ANSWER:**

The following documents are enclosed:

Administrative Detention Order dated 4-16-99 (1 page)

Letter dated April 16, 1999 (1 page)

Letter dated May 9, 1999 (1 page)

Report of Incident dated April 16, 1999 (4 pages)

Once again, **redactions** were made to remove information such as inmate registration numbers other than the Plaintiff's.

Response submitted by:

K. MICHAEL SULLIVAN
Supervisory Attorney
Federal Bureau of Prisons
Consolidated Legal Center - Allenwood
White Deer, Pennsylvania 17887

Date:    March 25, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL THOMAS NEWMAN,      :
          Plaintiff     :
                       :   CIVIL NO. 1:CV-01-0677
       v.            :   (Rambo, J.)
                       :
RONALD L. JURY, Lieutenant,  :
SIS, et al.,              :
          Defendants   :


## CERTIFICATE OF SERVICE BY MAIL


The undersigned hereby certifies that he is an employee with the Federal Bureau of Prisons and is a person of such age and discretion as to be competent to serve papers.

That on March 25, 2002, he served a copy of the attached

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at White Deer, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000


K. MICHAEL SULLIVAN
Supervisory Attorney

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT

12

Emanuel Thomas Newman,    )
       Plaintiff,       )   Case No. 1:CV-01-0677
                  )
                  )
   -Vs-             )
                  )
                  )   (Conner, J.)
Ronald L. Jury, et.al,     )
       Defendant,    )
                  )
                  )

### PLAINTIFF'S THIRD REQUEST FOR
### THE PRODUCTION OF DOCUMENTS

Comes Now, Emanuel Thomas Newman, plaintiff, and submits the above styled motion pursuant to the **Fed.R.Civ.P-Rule 34**, the defendants Jimmie White and Louis Caprio, are hereby directed to produce for inspection and make available for the copying of the the following documents:

1). Any and all documents, pass book log records etc, mirco film, computer files, etc, that show which institutional pass book(s) were used by officer Manning at U.S.P. Allenwood during the week of May 10, 1999 through May 14, 1999.

2). Any and all documents, pass book log records etc, mirco film, computer files etc, that show any and all institutional passes written by officer Manning during the week of May 10, 1999 through May 14, 1999.

3). Any and all documents, pass book log records etc, mirco film, computer files etc, that show the location of any of the items listed in subsection (1) or (2) of this request.

Date: February 14th ,2003.

Submitted By, Emanuel T. Newman
Emanuel T. Newman
13418-039
F.C.I. Oxford
P.O. BOX 1000
Oxford, Wis 53952-1000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
          Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
          Defendant,

Civil No.: 1:CV-01-0677

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents.

This __14Th__ day of __February__ 2003.

By, _Emanuel Thomas Newman 13418-039_
Emanuel Thomas Newman 13418-039

COPIES TO:      U.S. Attorney
                316 Federal Building
                240 West Third Street
                Williamsport, PA 17703

                                   Clerk Of The Court
                                   U.S. District Court
                                   228 Walnut Street
                                   P.O. Box 983
                                   Harrisburg, PA 17108

**U.S. Department of Justice**

EXHIBIT

13

*Thomas A. Marino*
United States Attorney
*Middle District of Pennsylvania*

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Ave.*<br>*P.O. Box 309*<br>*Scranton, PA. 18501-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2816/348-2830* | *Federal Building*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, Pennsylvania 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4582/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |
| Please respond to this office ☐ | Please respond to this office ☐ | Please respond to this office ☒ |

March 17, 2003

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Oxford
P.O. Box 1000
Oxford, WI 53952-1000

Re:  NEWMAN v. JURY
     M.D. Pa. Civ. No. 1:CV-01-0677; USDC

Dear Mr. Newman:

I am in receipt of two copies of "Plaintiff's Third Request for the Production of Documents" dated February 14, 2003, and February 20, 2003. However, please be advised that, since discovery in this matter ended on May 20, 2002, nearly ten months ago, your discovery is untimely. Therefore, we will not be responding to your requests.

Additionally, in response to your February 6, 2003, inquiry regarding settlement, please be advised that defendants are not interested in engaging in settlement negotiations at this time.

Sincerely,

THOMAS A. MARINO
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney

TAM:MEM:mel

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,           :
              Plaintiff          :
                                 :
              v.                 :    Civil No. 1:CV-01-0677
                                 :    (Conner, J.)
RONALD L. JURY, Lieutenant,      :
SIS, et al.,                     :    **FILED ELECTRONICALLY**
              Defendants         :

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 20, 2003, she served a copy of the attached

### EXHIBITS IN SUPPORT OF DEFENDANTS' CONSOLIDATED BRIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                              s/ Michele E. Lincalis
                              MICHELE E. LINCALIS
                              Paralegal Specialist