UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,
      Plaintiff,
ORIGINAL
Civil no. 1:CV-01-0677

-Vs-

(Conner, J.)

Ronald L. Jury, SIS, Lt, et al.,
      Defendants,

**FILED**
**HARRISBURG, PA**

APR 0 1 2003

MARY E. D'ANDREA, CLERK
Per_____
        Deputy Clerk

PLAINTIFF'S CONSOLIDATED BRIEF TO STRIKE
THE GOVERNMENT BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTIOM/BRIEFS FOR PRELIMINARY HEARING,
SANCTIONS , ORDER FOR TRANSPORT, WRIT OF HABEAS CORPUS
DUCES TECUM AD TESTIFICANDUM

     -This is a failure to protect case brought by Emanuel Thomas Newman, Plaintiff, who is a Federal prisoner formerly incarcerated at U.S.P. Allenwood. The defendants James White and Louis Caprio are employed as Lieutenants at U.S.P. Allenwood.

     Presently before the court are four motion/briefs by this plaintiff, and a consolidated brief in opposition to those motion/briefs by the defendants.

     In support thereof, plaintiff Newman states the following:

     1) The plaintiff asserts that the defendnats have acted in bad faith and committed fraud upon the court by stating that there are no such documents that can be turned over in response to this plaintiff's discovery request which is pending at this time and or to any of his prior discovery requests.

     2) The defendants would have the court believe that they do not keep records of each and every pass book which is issued to insititutional staff. Plaintiff, would in fact state to the court that each correctional officer must record the serial number of each pass book upon a log with his name and the date.

-1-

## ARGUMENT

### 3) Plaintiff's discovery Motion / Brief should not be Deemed Withdrawn

Pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the United States Supreme Court held, that the courts have an obliga- ation to construe the pleadings of Pro-Se litigants liberaly, and afford them the benefit of any doubt that they might raise in the due course of their pleadings. Furthermore, just because a Pro-Se litigant's legal documents, which are submitted to the court do not conform 100% to the format of those submitted by trained legal professionals, it does not mean that this pro-se plaintiff's plead- ings should be dismissed. Even the defendants admit that said Motion /Briefs have numbered paragraphs in support of the motion.

Furthermore, plaintiff has attempted to contact counsel for the defendant's by phone several times to inform them of said motion and request settlement. Therefore, defendant's claims con- cerning this matter are false, and the plaintif is not in violation of the local rules of procedure, and should not have his motions deemed withdrawn.

### 4) Plaintiff's Motion/Briefs have merit and should not be dismissed.

The defendants have committed fraud upon the court and are compounding their bad faith, by expecting the court to believe that the documents requested by this plaintiff do not exist, and that there are no records at all that record if nothing else, the name, date and serial of all institutional pass books that are issued to the staff. Plaintiff would state to the court, that if an inmate fails to return an institutional pass to the issuing officer. The officer must write a full report explaining what hap- pened to the missing pass, and said inmate receives an incident report. Therefore, there are numerous documents that track passes.

-2-

Furthermore, the defendant's are refusing to turn over the requested documents, because they go to the heart of this case, and prove to this court, that the defendant James White has made sworn false statements. Plaintiff further states that the United States Attorney is a party to fraud, because he knows of the requested documents, and is himself denying there existance.

Plaintiff, made a third document request, after a staff person at F.C.I. Pekin had informed him, that said Pass Books had to be logged on a record, and that if needed any pass could be found because it could be tracked by its serial number. It was shortly after he revealed this to me that I was transferred from F.C.I. Pekin, and made to remain in U.S.P. Terre Haute's Special Housing Unit for almost five (5) months.

Because the plaintiff knows that the defendant's are making false statements to the court, acting in bad faith, and attempting to obstruct justice by withholding documents that would once and for all prove this plaintiff's claims are true. He has moved this court to sanction the defendant's at a rate of $100 per day from the date of the original (first) discovery request, and hold a hearing in order to prove once and for all whether or not (a) said documents exist; (b) whether or not the defendants have been acting in bad faith; (c) whether the United States Attorney is a party to this fraud; and (d) whether sanctions are valid.

The plaintiff, would request the following relief from the court:

1) That the court order the defendants to turn over any and all douments related to plaintiff's discovery request relvent to the pass book from May of 1999.

-3-

2) That the court Strike the defendant's brief in opposition to this plaintiff's four pending motions.

3) That this Court GRANT this plaintiff's four pending motions, and order a hearing into this matter once and for all, so that it can be determined whether or not there is cause to proceed to trial; along with any and all other relief deemed fit in this cause of action.

Date  March  24    ,2003.

Respectfully submitted

By, _Emanuel Thomas Newman_
    Emanuel Thomas Newman

## CERTIFICATE OF SERVICE

I, Emanuel T. Newman, plaintiff pro-se, pursuant to title 28 U.S.C. § 1746, do hereby state that I have mailed copies of this document to all parties concerned via the U.S. Postal Service.

This 24 day of March, 2003.

By, _Emanuel T. Newman_
    Emanuel T. Newman
    13418-039
    F.C.I. Oxford
    P.O. BOX 1000
    Oxford, Wis 53952-1000

Copies to:
      Mark E. Morrison
      U.S. Attorney                    United States DIstrict Court
      316 Federal Building             Clerk of the Court
      240 West Third Street            P.O. BOX 983
      Williamsport, PA 17701           Harrisburg, PA 17108-0983

E. T. NEWMAN 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, Wis 53952-1000

FILED
HARRISBURG, PA

APR 01 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

17108+09383    99

LEGAL MAIL

U.S. District Court
Clerk of the Court
P.O. Box 983
Harrisburg, PA 17108-0983

LEGAL MAIL