# ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAY 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

EMANUEL THOMAS NEWMAN
        Plaintiff     )
                     )
                     )
        v.          )    Civil No. 1:CV-01-0677
                     )
                     )
RONALD L. JURY, Lieutenant, )
STS, et al.,           )
        Defendants   )

### Plaintiff's Motion for Enlargement of Time
### in which to Complete Discovery

Comes now plaintiff, Emanuel Newman, Pro se, and pursuant to Federal Rules of Civil Procedure, Rules 16(b)(3) and 26(f)(3), moves the Court to grant the parties until July 30, 2003 in which to complete discovery. In support of said motion, plaintiff would show the Court:

1) that plaintiff has previously sought access to important physical documents alledged to be held in the custody of the Bureau of Prisons, which documents are directly relevent to plaintiff's cause of action, and which defendants deny currently exist;

2) that the documents in question are institutional passbooks held by Officer Mann during the months of May 1999;

3) that the documents are of central importance to plaintiff's case because the purpose of the institutional passbooks are to verify the exact whereabouts of inmates at all times within the institution;

4) in the instant case, plaintiff contends that a Lt. White called him to his office on May 12 and advised plaintiff that there was a specific plot to murder plaintiff. Lt. White denies the meeting took place, thus placing in issue the distinct possibility that Bureau of Prisons officials have deliberately engaged in a coverup to obstruct the discovery process and deny plaintiff vital evidence which a jury is entitled to hear as the trier of fact.

5) plaintiff notes that the U.S. Attorney intentionally downplays the significance of the passbooks in question and the Bureau of Prisons procedures for collecting and retaining this information; further, that this construction misleads the Court as it attempts to balance the needs of the parties as to adequate discovery prior to trial;

6) plaintiff asks the Court to look at the relative strengths and positions of the parties in that plaintiff is indigent, not represented by counsel, severely limited in his ability to examine and access documents under control of defendants, and that plaintiff is not trained in the law. Defendants, however, have the full resources of the U.S. government at their behest, and have the power to obstruct justice and the discovery process in general simply by characterizing the documents as minimally relevant and unavailable and by arguing technical procedural issues rather than the substantive discovery contemplated in F.R.C.P. Rule 36;

7) plaintiff notes that no conference of the parties pursuant to Rule 26(f)(3) has been held and that Rule 16(b)(3) allows for modification of the times for disclosures and the extent of discovery permitted;

8) that the administration of justice would be served by allowing the parties the opportunity to explore alternate discovery via the enclosed requests for admissions, see Exhibit A.; further, that no prejudice attaches to the parties as full discovery facilitates the shortening of trial time, the possibility of settlement, and assists the jury in establishing facts predicate to reaching a correct decision;

9) that the Court's recent overruling of defendant's motion for summary judgment establishes that there are material facts in dispute between the parties. and that good cause exists to allow plaintiff a short extension of time in which to complete needed discovery relative to those factual disputes.

Wherefore, plaintiff moves the Court to grant an enlargement of time for the parties to complete discovery, and for all other just and proper relief.

Respectfully submitted,

5/5/03

Emanuel Thomas Newman #13418-039
P.O. Box 1000
Oxford, WI 53952

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,                  )
                                        )
                                        )
                                        )    Civil no. 1:CV-01-0677
                                        )
            Vs.                         )
                                        )
                                        )
                                        )
Ronald L. Jury, et al,                  )
                                        )

---

### CERTIFICATE OF SERVICE

I, Emanuel Thomas Newman, pursuant to title 28 U.S.C. §
1746, do hereby upon my oath state that I have served all parties
to this civil action via the United States Mail Service, of copies
of the attached documents.


This  _5Th_  day of _May_ , 2003.

By, _Emanuel Thomas Newman_
        Emanuel Thomas Newman

Copies to:U.S. Attorney
          316 Federal Building
          240 West Third Street
          Williamsport. Pa 17703

                              U.S.DISTRICT COURT
                              CLERK OF THE COURT
                              228 WALNUT STREET
                              HARRISBURG, PA !G!)*
                                      17108