TAM:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN,<br>　　　　Plaintiff<br><br>　　　v.<br><br>RONALD L. JURY, Lieutenant,<br>SIS, et al.,<br>　　　　Defendants | :<br>:<br>:<br>: Civil No. 1:CV-01-0677<br>: (Conner, J.)<br>:<br>: **FILED ELECTRONICALLY**<br>: |

**BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**
**IN WHICH TO COMPLETE DISCOVERY**

This is a failure to protect case brought by Emanuel Thomas Newman, a federal prisoner formerly incarcerated at USP Allenwood.  Defendants are Louis Caprio and James White, both employed as Lieutenants at USP Allenwood.  Presently before the Court is Newman's request that the "parties" be granted until July 30, 2003, in which to complete discovery.[1]

**Relevant Procedural History**

Relevant to the current motion, Newman served his first interrogatories upon defendants White and Caprio on October 5, 2001. (*See* Exhs. 1 and 2.)  The individual defendants served Newman with their responses and objections to the interrogatories on May 11, 1999.  (*See* Exhs. 3 and 4.)

---

[1] To the extent Newman's motion appears to be a "joint" motion, it is not.

Newman served his Second Set of Interrogatories upon defendants White and Caprio on November 30, 2001. (*See* Exhs. 5 and 6.) On January 2, 2002, the individual defendants objected to the interrogatories on the ground that they exceeded the requisite number permitted by Rule 33 of the Federal Rules of Civil Procedure. (*See* Exh. 7.) A motion to compel subsequently filed by Newman was denied by the Court on February 14, 2002.

By Order dated January 2, 2002, the Court allowed the parties thirty days, or until February 1, 2002, to complete discovery. On February 6, 2002, a motion by defendants to extend the discovery deadline was granted. Discovery was scheduled to close on March 18, 2002.

On January 9, 2002, Newman served defendants with his first Request for Production of Documents. (*See* Exh. 8.) Defendants responded to the discovery on February 8, 2002. (*See* Exh. 9.[2]) As noted in their response to request 3, defendants were unable to produce copies or originals of institutional passes issued to Newman by Correctional Officer Mann during May 1999, since they are no longer available to be produced. (Id., p. 1.)

Newman's Second Request for Production of Documents was served on February 18, 2002 and defendants responded to the

---

[2] Since documents which *have* been produced by defendants in response to Newman's discovery requests do not appear to be the subject of Newman's pending motion, they have been omitted from exhibits 9 and 11.

discovery on March 25, 2002. (*See* Exhs. 10 and 11.) As indicated, no documents were located in response to Newman's requests for documents showing that institutional pass books were issued to Correctional Officer Manning during the week of May 10, 1999, through May 14, 1999. (*See* Exh. 11, Answer to Request for Production # 2.) Likewise, defendants were unable to locate any documents in response to Newman's request for "any and all documents, copies of computer files, etc. that show the number of each institutional pass issued from Officer Manning's pass books and the names of the person it was issued to." (*See* Exh. 11, Answer to Request for Production # 3.)

On April 5, 2002, upon motion of the plaintiff, the discovery deadline was extended for the last time, until May 20, 2002.

On February 14, 2003, Newman served his Third Request for Production of Documents upon counsel for the defendants. (*See* Exh. 12.) By letter dated March 17, 2003, Newman was informed that defendants would not be responding to his document requests as the discovery deadline ended ten months ago. (*See* Exh. 13.)

On March 10, 2003, Newman filed a motion for sanctions. On March 12, 2003, he filed a motion for preliminary hearing. A motion for order to transport and a motion for "writ of habeas corpus duces tecum ad testificandum" were filed on March 14, 2003. In each of the motions, Newman alleges that defendants

White and Caprio acted in bad faith and committed a fraud against the Court in not complying with his document requests. As relief, he seeks the following: (1) monetary sanctions against each defendant in the amount of "$100.00 per day" since the date he served his first Request for Production of Documents; (2) a preliminary hearing to determine if defendants should be sanctioned for allegedly withholding the documents; (3) a "writ of habeas corpus duces tecum ad testificandum" in order that he may be present for such a hearing; and, (4) an order directing the United States Marshal Service to transport him to the requested hearing. The motions have been briefed and are pending disposition by the Court.

Presently, Newman seeks a motion for enlargement of time in which to conduct further discovery regarding the institutional pass books. For reasons which follow, defendants oppose the motion.

### **Argument**

Although discovery ended one year ago, Newman now requests the Court to grant the parties until July 30, 2003 to complete discovery. Essentially, Newman claims that institutional pass books are of "central importance" to his case but that defendants: (1) deny their existence; (2) downplay their significance; (3) have engaged in a cover-up to obstruct the discovery process to deny him this vital evidence; and, (4) have

the power to obstruct justice and the discovery process.  Plff's Mot. for Enlargement of Time, pp. 1-2.  Therefore, he claims "administration of justice would be served by allowing the parties the opportunity to explore alternative discovery," such as requests for admissions.  Id., p. 3.  Newman claims the defendants would not be prejudiced by this enlargement of time.  However, defendants disagree.

Newman commenced the discovery process on October 5, 2001, and it ended with defendants' responses to his second requests for production of documents on March 25, 2002.  See Exhs. 10 and 11.)  Although Newman requested an extension of the discovery deadline on April 5, 2002, and it was granted until May 20, 2002, he waited until February 14, 2003, to attempt further discovery.  In March 2003, he filed four motions pertaining to defendants' alleged refusal to comply with his request for documents related to institutional pass books.  Two months later, and Newman is now requesting that discovery again proceed in order that he can obtain further information about the institutional pass books.  However, as Newman has been advised in the past, the institutional passes are no longer available to be produced.  An extension of time will not alter this fact.

Discovery closed more than one year ago and defendants are ready to proceed to trial.  They should not be burdened with any further discovery while Newman conducts a fishing expedition to

obtain information which he has known for more than a year is no longer available.  Therefore, Newman's motion for enlargement of time should be denied.

## Conclusion

For the reasons stated above, plaintiff's motion that the "parties" be granted an enlargement of time until July 30, 2003, to complete discovery should be denied.

                                       Respectfully submitted,

                                       THOMAS A. MARINO
                                       United States Attorney

                                       s/Mark E. Morrison
                                       MARK E. MORRISON
                                       Assistant U.S. Attorney
                                       Atty. I.D. No. PA43875
                                       MICHELE E. LINCALIS
                                       Paralegal Specialist
                                       316 Federal Building
                                       240 West Third Street
                                       Williamsport, PA 17701
                                       Phone:  717-221-4482
                                       Fax: 717-221-2246

Date: May 23, 2003

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN,<br>      Plaintiff | :<br>:<br>: |
| v. | : Civil No. 1:CV-01-0677<br>: (Conner, J.) |
| RONALD L. JURY, Lieutenant,<br>SIS, et al.,<br>      Defendants | :<br>: **FILED ELECTRONICALLY**<br>: |

CERTIFICATE OF SERVICE BY MAIL

      The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

      That on May 23, 2003, she served a copy of the attached

**BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
IN WHICH TO COMPLETE DISCOVERY**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                                        s/ Michele E. Lincalis
                                        MICHELE E. LINCALIS
                                        Paralegal Specialist