EXHIBIT

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,           )
          Plaintiff,             )        Civil no. 1:CV-01-0677
                                 )
                                 )
     v.                          )
                                 )
                                 )
Ronald L. Jury, Lieutenant, SIS, )        Judge, Rambo
et al.,                          )
          Defendant,             )
_____ )

## MOTION TO STRIKE AND
## SECOND SET OF INTERROGATORIES

Comes Now, Emanuel Thomas Newman, (hereinafter Plaintiff),
and moves to strike the portions of defendant Whites objections and
responses to plaintiff's first set of interrogatories alleging that
he never met with and interviewed plaintiff during the week of May 10,
1999, for the following reasons:

1) Defendant White in his response to plaintiff's first set of
interrogatories stated the following: "I did not have the plaintiff
called to my office during the week of May 10, 1999."

2) Plaintiff would state that U.S.P. Allenwood is a high
security institution, and all inmate movement during normal weekday
working hours is done via a written pass system. Therefore, the where-
abouts of every inmate is known to staff at all times.

3) During the week of May 10, 1999, at or about 1:30 P.M., the
3A housing unit officer, Officer Mann, called plaintiff to his office
and wrote him an institutional pass to Lieutenant Whites office. The
pass specifically stated "To: Lt. White".

4) Plaintiff took the pass and went to the interview/meeting
with defendant White. When the interview was over defendant White
signed the institutional pass so that plaintiff could return to the
housing unit, because all inmate movement is controlled by staff.

-1-

5) Upon returning to the housing unit, plaintiff discovered that Officer Mann had been called to other duty, and therefore, the plaintiff retained the pass, because each pass must be returned to the officer or an incident report (shot) is issued for the possession of contraband. On the suggestion of another inmate plaintiff made a photo copy of said pass, and returned the pass to officer Mann when he showed up for work the next day. Therefore, defendant's whites statement concerning him not having met with or interviewed the plaintiff is nothing more than a prevarication, and plaintiff moves at this time to strike any and all statements related to same.

## SECOND SET OF INTERROGATORIES

6) Does U.S.P. Allenwood have a written pass system for the inmate population during the normal workday hours?

7) If U.S.P. Allenwood has a written inmate pass system, is the inmates name, number and housing unit, destination, arrival time and and departure time listed on said pass?

8) If U.S.P. Allenwood has a written pass system, is the signature of a staff person required at arrival to and departure from the place indicated on the pass?

9) Do you deny there is a written institutional pass, issued by Officer Mann to plaintiff during the week of May 10, 1999, so that he could report to the Lieutenant's office to see defendant White?

10) Do you deny that you singed said written institutional pass so that plaintiff could return to housing unit 3A after your meeting with him during the week of May 10, 1999?

Respectfully submitted by, _____

Emanuel T. Newman
13418-039

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
          Plaintiff,

Vs.                                          Civil No.: 1:CV-01-0677

                                                (Rambo, Judge)

Ronald L. Jury, LT, SIS, ET AL.,
          Defendant,

_____

## CERTIFICATE OF SERVICE BY MAIL

   The undersigned plaintiff hereby certifies that persuant to 28
U.S.C. § 1746, the following is true.

   That I, Emanuel Thomas Newman, have placed sufficient postage
for First Class mailing to all the defendant's via their attorney
upon who I am serviing all documents.        Defendant White.

      (MOTION TO STRIKE AND SECOND SET OF INTERROGATORIES)

This _____ day of _____ 2001.

By, _____
      Emanuel Thomas Newman 13418-039
      P.O. Box 5000
      Pekin, Illinois 61555-5000

COPIES TO:     U.S. Attorney              Clerk Of The Court
               316 Federal Building       U.S. District Court
               240 West Third Street      228 Walnut Street
               Williamsport, PA 17703     P.O. Box 983
                                          Harrisburg, PA 17108

EXHIBIT

6

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel Thomas Newman,       )
            Plaintiff,        )          Civil no. 1:CV-01-0677
                              )
                              )
      v.                      )
                              )
                              )
                              )          Judge Rambo
Ronald L. Jury, Lieutenant, SIS,  )
et al.,                       )
            Defendant,        )
_____)

## MOTION TO STRIKE AND
## SECOND SET OF INTERROGATORIES

_____

Comes Now, Emanuel Thomas Newman, (hereinafter Plaintiff), and moves to strike the portions of defendant Caprio's objections and responses to plaintiff's first set of interrogatories alleging that he followed proper Bureau Of Prison's policy during his interview of plaintiff the week of May 9, 1999, for the following reasons:

1) That defendant Caprio was present during the week of April 16, 1999, and witnessed the aftermath of the incident in the dish room of U.S.P. Allenwood, concerning this plaintiff, and gang member Gass.

2) Furthermore, plaintiff was in poor condition, on May 9, 1999 during the interview with defendant Caprio, because he had just been assaulted with an ax like weapon two weeks prior.

3) Plaintiff, requested to see defendant Caprio, because he had been made aware of a plot against his life by members of the D.C. Boy's prison gang, possibly by the same inmate that he claims informed him.

4) Defendant Caprio claims to have called the plaintiff to his office, because he had been made aware of a threat to plaintiff' safety, and considering what he had witnessed on April 16, 1999, he should have taken the threat seriously, and moved to protect plaintiff.

## SECOND SET OF INTERROGATORIES

5) You stated in your response to plaintiff's first set of interrogatories, that when a threat to the safety of another inmate is made known to staff it is investigated to determine if it is a valid threat, and then appropriate steps are taken to remove the threat. What investigation did you do after being informed of the plot against plaintiff by your inmate informant?

6) You stated that you called the plaintiff to your office because you were made aware of a threat ——— by an inmate informant, to one of your staff persons. What was said to that staff person, and what is that staff person's name?

7) Where you assigned to the Special Housing unit during the time that the plaintiff was held in detention, and if so did you respond to and or sign any of the numerous administrative remedies that he submitted concerning his prolonged detention, or staff's continual labeling him uncoopportive concerning the matter of his assault?

8) While you were assigned to Special Housing did plaintiff request to talk with you concerning the May 14, 1999 incident, and if so what transpired?

9) Considering the assault that had taken place 22 days prior to the May 9, 1999 meeting with plaintiff, and his physical condition (entire head bandages, face and arms black and blue with bruses, lip and face swollen) why didn't you move to take appropriate steps to remove plaintiff from the general population until you were sure there was no valid threat to his safety?

-2-

**10)** If you receive information from a staff member that there is a threat against an inmate, who has already been seriously assaulted, and you call that inmate to you office to investigate the matter, and said inmate refuses to answer any questions, because of fear that he'll be labeled a **"Rat"** ( informant ) by other inmates. Thereby, causing him to be the target for serious threat to his safety wouldn't it be appropriate to remove said inmate form the general inmate population until an investigation can be done to validate the threat?

**11)** Concerning the life of an inmate who might be faced with serious injury due to assault, is it better to protect him and be safe, or return him to a high security violent inmate population and be sorry after an incident?

Therefore, plaintiff submits his motion to strike and second set of interrogatories in good faith, and seeks a reply from the defendant within the time allotted in the Federal Rules Of Civil Procedure.

Respectfully submitted by,

Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Il 61555-5000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
                Plaintiff,

Vs.                                                Civil No.: 1:CV-01-0677

                                                        (Rambo, Judge)

Ronald L. Jury, LT, SIS, ET AL.,
                Defendant,

CERTIFICATE OF SERVICE BY MAIL

    The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

    That I,  Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serving all documents.  Defendant Caprio

    (MOTION TO STRIKE AND SECOND SET OF INTERROGATORIES)

This ___30___ day of ___November___ 2001.

By, _____
        Emanuel Thomas Newman 13418-039
        P.O. Box 5000
        Pekin, Illinois 61555-5000

COPIES TO:        U.S. Attorney
                  316 Federal Building              Clerk Of The Court
                  240 West Third Street             U.S. District Court
                  Williamsport, PA 17703            228 Walnut Street
                                                    P.O. Box 983
                                                    Harrisburg, PA 17108

EXHIBIT

7

MCC:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL THOMAS NEWMAN,                    :
                    Plaintiff            :
                                          :
          v.                              :    Civil No. 1:CV-01-0677
                                          :    (Rambo, J.)
RONALD L. JURY, Lieutenant,               :
SIS, et al.,                              :
                    Defendants            :


## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

    Defendants Caprio and White respond to plaintiff's Second

Set of Interrogatories as follows:

OBJECTION:

    Defendants object to the second set of interrogatories as

they are beyond the requisite number permitted by Rule 33 of the

Federal Rules of Civil Procedure.

                         Objection submitted by:

                         MARTIN C. CARLSON
                         United States Attorney

                         *Mark E. Morrison for*

                         MARK E. MORRISON
                         Assistant U.S. Attorney
                         MICHELE E. LINCALIS
                         Paralegal Specialist
                         316 Federal Building
                         240 West Third Street
                         Williamsport, PA 17703

Dated: January 2, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
                Plaintiff       :
                                :
        v.                      :    Civil No. 1:CV-01-0677-
                                :    (Rambo, J.)
RONALD L. JURY, Lieutenant,     :
SIS, et al.,                    :
                Defendants      :

CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on January 2, 2002, she served a copy of the
attached

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

                                    MICHELE E. LINCALIS
                                    Paralegal Specialist

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT
__8__

Emanuel Thomas Newman,
        Plaintiff,

                                                Civil No. 1:CV-01-0677

        v.

                                                (Rambo, J)

Ronald L. Jury, Lieutenant,
Sis, et al.,
        Defendant,

REQUEST FOR PRODUCTION
DOCUMENTS

Comes Now, Emanuel Thomas Newman, plaintiff, and request, pursuant to Rule 34 of the Federal Rules of Civil Procedure (hereinafter F.R.Civ.P.), that the defendants Louis Caprio and Jimmie White produce for inspection and coping the following documents:

1. The housing unit log book pages from unit 3-A of U.S.P. Allenwood for the following dates May 7, 1999, May 8, 1999, and May 9, 1999.

2. All notes, log entries , memorandums, or reports made by correctional officer Couch on May 8, 9, and 10 of 1999.

3. All copies/originals of institutional passes issued to inmate Emanuel Thomas Newman # 13418-039 by housing unit 3-A Correctional Officer Mann during the month of May, 1999 for the following dates May 10, 11, 12, 1999.

4. All interdepartmental memoranda concerning the May 14, 1999 melee between inmate Emanuel Thomas Newman # 13418-039 and inmate Kevin Tensley # 49227-083.

-1-

Wherefore, plaintiff is proceeding in forma pauperis, and because of his present incarceration it is impossible for him to provide for copying of said requested documents. He would therefore, request that the defendant's provide said copies for same.

Respectfully submitted

By, _Emnl Thomas Newman_
Emanuel Thomas Newman
13418-039
F.C.I. Pekin
P.O. BOX 5000 (MO-1)
Pekin, Ill 61555-5000

Date: _January 9_ , 2002.

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
          Plaintiff,

Vs.                                            Civil No.: 1:CV-01-0677

                                                  (Rambo, Judge)

Ronald L. Jury, LT, SIS, ET AL.,
          Defendant,

## CERTIFICATE OF SERVICE BY MAIL

   The undersigned plaintiff hereby certifies that persuant to 28
U.S.C. § 1746, the following is true.
   That I,  Emanuel Thomas Newman, have placed sufficient postage
for First Class mailing to all the defendant's via their attorney
upon who I am serviing all documents.

                              REQUEST FOR PRODUCTION OF DOCUMENTS
   This ___9___ day of __January__ 2002.

   By, _____
        Emanuel Thomas Newman 13418-039
        P.O. Box 5000
        Pekin, Illinois 61555-5000


COPIES TO:     U.S. Attorney
               316 Federal Building          Clerk Of The Court
               240 West Third Street         U.S. District Court
               Williamsport, PA 17703        228 Walnut Street
                                             P.O. Box 983
                                             Harrisburg, PA 17108

EXHIBIT

9

MCC:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,       :
           Plaintiff      :
                          :
           v.              :   Civil No. 1:CV-01-0677
                          :   (Rambo, J.)
RONALD L. JURY, Lieutenant,  :
SIS, et al.,              :
           Defendants     :

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW, defendants, and respond to plaintiff's Requests
for Production of Documents as follows:

1.   "The housing unit log book pages from unit 3-A of U.S.P.

Allenwood for the following dates May 7, 1999, May 8, 1999,

and May 9, 1999."

    **Response:** The log book pages for May 7 through May 10, 1999
                 are attached.  For security reasons, the pages are
                 being provided in redacted form.

2.   "All notes, log entries, memorandums, or reports made by

correctional officer Couch on May 8, 9, and 10 of 1999."

    **Response:** Any log entries for the dates May 8 through May
                 10, 1999, would be included in the log book pages
                 provided in response to request number 1.  There
                 are no responsive documents to plaintiff's request
                 for notes, memorandums, or reports.

3.   "All copies/originals of institutional passes issued to

inmate Emanuel Thomas Newman # 13418-039 by housing unit 3-A

Correctional Officer Mann during the month of May, 1999 for

the following dates May 10, 11, 12, 1999."

**Response:** The institutional passes requested are no longer available.

4.    "All interdepartmental memoranda concerning the May 14, 1999

melee between inmate Emanuel Thomas Newman # 13418-039 and

inmate Kevin Tensley # 49227-083."

**Response:** The only "interdepartmental" memorandum prepared as a result of the May 14, 1999, incident is that which was prepared by Dean Kriebel of the Recreation Department to the Lieutenant's Office, within the Correctional Services Department. The remaining memos which are contained within the Special Investigative Supervisor's file were prepared by other staff members of the Correctional Services Department and, as such, are not considered "interdepartmental." To the extent plaintiff is requesting copies of these documents, copies of memorandums from the following staff are being provided in redacted form:

1.    Dean Kriebel, Recreation Specialist
2.    V. Gonzales, Lieutenant
3.    M. Gayton, Lieutenant
4.    J. Peters, Correctional Officer
5.    J. Nash, Correctional Officer
6.    R. Antonacci, Senior Officer Specialist
7.    L. R. Shults, Senior Officer Specialist
8.    S. Hanis, Correctional Officer
9.    J. Boone, Senior Officer Specialist
10.   W. Beck, Senior Officer Specialist
11.   B. Brubaker, Senior Officer
12.   B. Grove, Correctional Officer

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney
316 Federal Building
240 West Third Street
Date: February 8, 2002          Williamsport, PA  17703

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,               :
                 Plaintiff          :
                                    :
         v.                         :    Civil No. 1:CV-01-0677
                                    :    (Rambo, J.)
RONALD L. JURY, Lieutenant,         :
SIS, et al.,                        :
                 Defendants         :

CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on February 8, 2002, she served a copy of the
attached

**DEFENDANTS' RESPONSES TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

                        _____
                        MICHELE E. LINCALIS
                        Paralegal Specialist

I  THE UNITED STATES DISTRIC.  .OURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT
10

Emanuel Thomas Newman,          )
            Plaintiff,          )
                                )
                                )   Civil No. 1:CV-01-0677
                                )
        -Vs-                    )
                                )
                                )
                                )
Ronald L. Jury, Lieutenant,     )   (Rambo, J.)
SIS, et al.,                    )
            Defendant,          )

---

## PLAINTIFF"S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Comes Now,** Emanuel Thomas Newman, plaintiff and submits the above titles motion pursuant to Fed.R.Civ.P. Rule 30 (b)(5) and 34, the defendants Jimmie White and Louis Caprio, are hereby directed to produce for inspection and make available for copying the following documents:

1. All housing unit 3-A log book pages for the following dates; May 11, 1999, May 12, 1999, May 13, 1999, and May 14, 1999, from U.S.P. Allenwood.

2. Any an all documents that show what institutional passes Book(s) was issued to Correctional officer Manning during the week of May 10, 1999 through May 14, 1999.

3. Any and all documents, copies of computer files, etc that show the number of each institutional pass issued from Officer Manning's pass books, and the name of the person it was issued to.

4. Any and all documents, computer files, etc written by either defendant Jimmie White and or defendant Louis Caprio related all incident in plaintiff's complaint.

Submitted By, _____        Date: _____
            Emanuel Thomas Newman
            13418-039
            F.C.I.Pekin
            P.O. Box 5000 (MO-1)
            Pekin, Il 61555-5000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
            Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
            Defendant,

Civil No.: 1:CV-01-0677

(Rambo, Judge)

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents.

PLAINTIFF"S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS)

This ___18th___ day of ___February___ 2002

By, _____
            Emanuel Thomas Newman 13418-039
            P.O. Box 5000
            Pekin, Illinois 61555-5000

COPIES TO:
            U.S. Attorney
            316 Federal Building
            240 West Third Street
            Williamsport, PA 17703

            Clerk Of The Court
            U.S. District Court
            228 Walnut Street
            P.O. Box 983
            Harrisburg, PA 17108

EXHIBIT

11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL THOMAS NEWMAN,                :
          Plaintiff                   :
                                      :    CIVIL NO. 3:CV-01-0677
     v.                               :
                                      :
RONALD L. JURY, et. al.,              :    (Judge Rambo)
          Defendants                  :


### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The following answers and documents are provided by defendant United States of America in response to Plaintiff's Second Request For Production Of Documents.

### REQUEST FOR PRODUCTION #1:

All housing unit 3-A log book pages for the following dates: (sic) May 11, 1999, May 12, 1999, May 13, 1999, and May 14, 1999, from U.S.P. Allenwood.

### ANSWER:

Copies of the Unit III A log pages for May 11, 1999, through May 14, 1999, are enclosed. These four (4) pages have been **redacted** to remove information such as inmate registration numbers other than the Plaintiff's, and information pertaining to security issues such as the unit count numbers and security equipment identification.

**REQUEST FOR PRODUCTION #2:**

Any an (sic) all documents that show what institutional passes Book(s) (sic) was issued to Correctional officer Manning during the week of May 10, 1999 through May 14, 1999.

**ANSWER:**

No documents were located in response to this request.

**REQUEST FOR PRODUCTION #3:**

Any and all documents, copies of computer files, etc. that show the number of each institutional pass issued from Officer Manning's pass books, and the names of the person it was issued to.

**ANSWER:**

No documents were located in response to this request.

**REQUEST FOR PRODUCTION #4:**

Any and all documents, computer files, etc., written by either defendant Jimmie White and or defendant Louis Caprio related all incident (sic) in plaintiff's complaint.

ANSWER:

The following documents are enclosed:

Administrative Detention Order dated 4-16-99 (1 page)

Letter dated April 16, 1999 (1 page)

Letter dated May 9, 1999 (1 page)

Report of Incident dated April 16, 1999 (4 pages)

Once again, **redactions** were made to remove information such as inmate registration numbers other than the Plaintiff's.

Response submitted by:

K. MICHAEL SULLIVAN
Supervisory Attorney
Federal Bureau of Prisons
Consolidated Legal Center - Allenwood
White Deer, Pennsylvania 17887

Date:     March 25, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


EMANUEL THOMAS NEWMAN,            :
                Plaintiff        :
                                 :    CIVIL NO. 1:CV-01-0677
        v.                       :    (Rambo, J.)
                                 :
RONALD L. JURY, Lieutenant,      :
SIS, et al.,                     :
                Defendants       :


## CERTIFICATE OF SERVICE BY MAIL


        The undersigned hereby certifies that he is an employee with
the Federal Bureau of Prisons and is a person of such age and
discretion as to be competent to serve papers.

        That on March 25, 2002, he served a copy of the attached

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at White Deer,
Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000


                                    K. MICHAEL SULLIVAN
                                    Supervisory Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EXHIBIT

12

Emanuel Thomas Newman,  )
      Plaintiff,  )  Case No. 1:CV-01-0677
                )
                )
    -Vs-  )
                )
                )  (Conner, J.)
Ronald L. Jury, et.al,  )
      Defendant,  )
                )
                )

## PLAINTIFF'S THIRD REQUEST FOR
## THE PRODUCTION OF DOCUMENTS

Comes Now, Emanuel Thomas Newman, plaintiff, and submits the above styled motion pursuant to the **Fed.R.Civ.P-Rule 34**, the defendants Jimmie White and Louis Caprio, are hereby directed to produce for inspection and make available for the copying of the the following documents:

1). Any and all documents, pass book log records etc, mirco film, computer files, etc, that show which institutional pass book(s) were used by officer Manning at U.S.P. Allenwood during the week of May 10, 1999 through May 14, 1999.

2). Any and all documents, pass book log records etc, mirco film, computer files etc, that show any and all institutional passes written by officer Manning during the week of May 10, 1999 through May 14, 1999.

3). Any and all documents, pass book log records etc, mirco film, computer files etc, that show the location of any of the items listed in subsection (1) or (2) of this request.

Date: February 14Th ,2003.

Submitted By, *Emanuel T. Newman*
                Emanuel T. Newman
                13418-039
                F.C.I. Oxford
                P.O. BOX 1000
                Oxford, Wis 53952-1000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

EMANUEL THOMAS NEWMAN,
        Plaintiff,

Vs.

Ronald L. Jury, LT, SIS, ET AL.,
        Defendant,

Civil No.: 1:CV-01-0677

## CERTIFICATE OF SERVICE BY MAIL

The undersigned plaintiff hereby certifies that persuant to 28 U.S.C. § 1746, the following is true.

That I, Emanuel Thomas Newman, have placed sufficient postage for First Class mailing to all the defendant's via their attorney upon who I am serviing all documents.

This __14Th__ day of __February__ 2003.

By, _Emanuel Thomas New 13418-039_
    Emanuel Thomas Newman 13418-039

COPIES TO:    U.S. Attorney
              316 Federal Building
              240 West Third Street
              Williamsport, PA 17703

              Clerk Of The Court
              U.S. District Court
              228 Walnut Street
              P.O. Box 983
              Harrisburg, PA 17108

U.S. Department of Justice

**Thomas A. Marino**
*United States Attorney*
*Middle District of Pennsylvania*

EXHIBIT

13

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Ave.*<br>*P.O. Box 309*<br>*Scranton, PA. 18501-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2816/348-2830* | *Federal Building*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, Pennsylvania 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4582/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

Please respond to this office ☐          Please respond to this office ☐          Please respond to this office ☒

March 17, 2003

Emanuel Thomas Newman
Reg. No. 13418-039
FCI Oxford
P.O. Box 1000
Oxford, WI 53952-1000

Re:    NEWMAN v. JURY
       M.D. Pa. Civ. No. 1:CV-01-0677; USDC

Dear Mr. Newman:

I am in receipt of two copies of "Plaintiff's Third Request for the Production of Documents" dated February 14, 2003, and February 20, 2003. However, please be advised that, since discovery in this matter ended on May 20, 2002, nearly ten months ago, your discovery is untimely. Therefore, we will not be responding to your requests.

Additionally, in response to your February 6, 2003, inquiry regarding settlement, please be advised that defendants are not interested in engaging in settlement negotiations at this time.

Sincerely,

THOMAS A. MARINO
United States Attorney

MARK E. MORRISON
Assistant U.S. Attorney

TAM:MEM:mel

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,        :
           Plaintiff     :
                          :
          v.           :  Civil No. 1:CV-01-0677
                          :  (Conner, J.)
RONALD L. JURY, Lieutenant,   :
SIS, et al.,              :  **FILED ELECTRONICALLY**
           Defendants    :

<u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 23, 2003, she served a copy of the attached

**<u>DEFENDANTS' EXHIBITS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
IN WHICH TO COMPLETE DISCOVERY</u>**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                                  <u>s/ Michele E. Lincalis</u>
                                   MICHELE E. LINCALIS
                                   Paralegal Specialist