**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EMANUEL THOMAS NEWMAN,** | : |
| **Plaintiff** | : CIVIL NO. 1:CV-01-0677 |
| v. | : (Judge Conner) |
| **RONALD L. JURY, Lieutenant, SIS, et al.,** | : |
| **Defendants** | : |

**O R D E R**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, Emanuel Thomas Newman ("Newman"), formerly an inmate at the Allenwood United States Penitentiary ("USP-Allenwood"), White Deer, Pennsylvania[1], filed the above-captioned Bivens[2] action pursuant to 28 U.S.C. § 1331. Defendants include Louis Caprio ("Caprio") and James White ("White"), both of whom serve as employees of USP-Allenwood. Plaintiff alleges that these staff members allowed another inmate to assault him, despite the fact that plaintiff sought defendants' protection prior to the day of the assault. Currently pending before the court is plaintiff's motion for appointment of counsel (Doc. 68).

---

1. Plaintiff is presently incarcerated in the Federal Correctional Institution, Oxford, Wisconsin.

2. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak, – F.3d–, 2002 WL 1369223 (3rd Cir.2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has held that the court should appoint counsel to assist the indigent litigant when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Plaintiff's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel.  Tabron, supra, at 155-56.  In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments.  Furthermore, the instant case does not appear to be either factually or legally complex.

Therefore, the court will deny Newman's motion for appointment of counsel.  In the event, however, that future proceedings demonstrate the need for counsel, the court may reconsider the matter either sua sponte or upon a motion properly filed by plaintiff.

ACCORDINGLY, this 27th day of May, 2003, it is hereby ORDERED that plaintiff's motion for appointment of counsel (Doc. 68) is **DENIED**.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge