# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMANUEL THOMAS NEWMAN,** | : |
| **Plaintiff** | : CIVIL NO. 1:CV-01-0677 |
| v. | : (Judge Conner) |
| **RONALD L. JURY, Lieutenant, SIS, et al.,** | : |
| **Defendants** | : |

# **O R D E R**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, Emanuel Thomas Newman ("Newman"), formerly an inmate at the Allenwood United States Penitentiary, ("USP-Allenwood") White Deer, Pennsylvania[1], filed the captioned Bivens[2] action pursuant to 28 U.S.C. § 1331. Defendants include Louis Caprio ("Caprio") and James White ("White"), both of whom serve as employees of USP-Allenwood. Plaintiff alleges that these staff members allowed another inmate to assault him despite the fact that plaintiff sought defendants' protection prior to the day of the assault.

---

1. Plaintiff is presently incarcerated in the Federal Correctional Institution, Oxford, Wisconsin.

2. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

By Order dated January 30, 2003, the court denied defendants' motion for summary judgment. (Doc. 67). Currently before the Court are the following motions:

1. Motion to Compel Production of Documents. (Doc. 69).

2. Motion for Sanctions Against Defendants pursuant to Fed.R.Civ.P. 16(f) for failure to produce requested documents. (Doc. 70).

3. Motion for Preliminary Hearing pursuant to Fed.R.Civ.P. 12(d) to determine if defendants should be sanctioned. (Doc. 71).

4. Motion for Writ of Habeas Corpus Duces Tecum Ad Testificandum in order for plaintiff to be present at the preliminary hearing. (Doc. 72).

5. Motion for Order to Transport, (Doc. 73) to requested hearing for sanctions.

6. Motion for Extension of Time to complete discovery. (Doc. 76).

In his motion to compel, plaintiff alleges that he has made three requests for the production of certain documents which defendants have failed to produce. Specifically, plaintiff requests any and all documents, pass book log records, micro film, and / or computer files that show which institutional pass books or passes were used or written by officer Manning during the week of May 10, 1999. Plaintiff further requests any all documents, pass book log records, micro film, and / or computer files that show the location of any of these items. (Doc. 69, ¶¶ 1-3).

By Order dated January 2, 2002, the Court granted the parties thirty (30) days, or until February 2, 2002 to complete discovery. (Doc. 29). By Order dated February 6, 2002, discovery was extended until March 18, 2002. (Doc. 36). On April 5, 2002, discovery was extended for a final time, until May 20, 2002. (Doc. 47). On two separate

occasions within the discovery time frame, plaintiff requested that defendants produce the following documents: 1) documents pertaining to copies or originals of institutional passes issued to Newman by Correctional Officer Manning during May 1999; 2) any and all documents showing that institutional pass books were issued to Correctional Officer Manning during the week of May 1999; and 3) any documents, copies of computer files, or other materials that show the number of each institutional pass issued from Officer Manning's pass books and the names of the person it was issued to. (See Doc. 74, Ex. 9, request for production of document # 3, Ex. 11, requests for production of documents, ## 2, 3).

Defendants responded to plaintiff's requests, indicating that either the documentation requested is no longer available for production[3] or that they were unable to locate the materials in question. (See Doc. 74, Ex. 11, Responses to Request for Production of Documents 2, 3).

On February 25, 2003, some ten months after the close of discovery, plaintiff filed a third motion to compel defendants to produce the documents at issue. Defendants have twice represented to the Court that these documents are either not available or do not exist. Thus, the Court finds plaintiff's motion to compel to be both untimely

---

3. With respect to institutional passes, defendants indicate that such passes are nothing more than "hall passes" issued to inmate so they can travel from one area of the institution to another, when movement is otherwise prohibited. They serve no purpose; thus, there is no reason to maintain them or the books in which they are recorded. (See Doc. 74, Exhibit 9, p. 2, response to production request).

and completely without merit. Consequently, the court will deny plaintiff's motion to compel and related motions.

ACCORDINGLY, this 27th day of May, 2003, it is hereby ORDERED that:

1.  Plaintiff's Motion to Compel Production of Documents, (Doc. 69) is DENIED.

2.  Plaintiff's Motion for Sanctions Against Defendants Pursuant to Fed.R.Civ.P. 16(f) (Doc. 70) is DENIED.

3.  Plaintiff's Motion for Preliminary Hearing Pursuant to Fed.R.Civ.P. 12(d) (Doc. 71) is DENIED.

4.  Plaintiff's Motion for Writ of Habeas Corpus Duces Tecum Ad Testificandum (Doc. 72) is DENIED.

5.  Motion for Order to Transport (Doc. 73) is DENIED.

6.  Motion for Extension of Time to complete discovery (Doc. 76) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge