TAM:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,              :
      Plaintiff                 :
                                :
      v.                        :   Civil No. 1:CV-01-0677
                                :   (Conner, J.)
RONALD L. JURY, Lieutenant,         :
SIS, et al.,                        :   FILED ELECTRONICALLY
      Defendants                :

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR ORDER OF CORRESPONDENCE**

     This is a failure to protect case filed under <u>Bivens</u> by a federal prisoner, Emanuel Thomas Newman. Defendants are two employees of USP Allenwood: Lieutenant Louis Caprio and Lieutenant James White.[1] Newman alleges these staff members allowed him to be assaulted on May 14, 1999, by another inmate, Kevin Tinsley, despite the fact that Newman sought defendants' protection prior to the day of the assault. The case is presently set for trial. Jury selection is scheduled to commence on February 2, 2004.

    On November 18, 2003, Newman filed a "Motion for Order of Correspondence" in which he complains that prison officials have "procrastinated" and failed to respond to his requests for

---

[1] Defendant Ronald L. Jury was dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a), on March 19, 2002.

permission to correspond with six inmates he intends to call as witnesses.[2]

As to his inmate witnesses, defendants submit that the Bureau of Prisons *does* permit this type of correspondence between inmates, subject to established procedures. Specifically, under 28 C.F.R. § 540.17,

> [a]n inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution if the other inmate is either a member of the immediate family, or is a party or witness in a legal action in which both inmates are involved. . . . The following additional limitations apply:
>
>   a.   Such correspondence at institutions of all security levels may always be inspected and read by staff at the sending and receiving institutions (it may not be sealed by the inmate); and
>
>   b.   (1)   The appropriate unit manager at each institution must approve of the correspondence if both inmates are housed in federal institutions and both inmates are members of the same immediate family or are a party or witness in a legal action in which both inmates are involved.
>
>        (2)   The Wardens of both institutions must approve of the correspondence if one of the inmates is housed at a non-federal institution or if approval is being granted on the basis of exceptional circumstances.

28 C.F.R. § 540.17.

In this case, although Newman has a pending civil case scheduled for trial, each of the individual inmates on his proposed list have security issues which need to be researched

---

[2] Newman's prayer for relief includes Dr. James Weyand, a contract optometrist the Bureau of Prisons has used. His address is FedOpt, P.O. Box 264, Jersey Shore, Pennsylvania  17740.

and addressed before such approval can be given. For example, inmate Ames is an extremely high-profile inmate who has numerous restrictions on his correspondence privileges. That is why each institution must give permission for such correspondence privileges. See Exh. 1, Sullivan Decl., ¶¶ 4-6.

Newman's requested inmate witnesses are located in several different institutions. Inmates Ames, Brown and Worthy are incarcerated at USP Allenwood. Inmates Jackson and Tinsley are located at USP Lee, Virginia. Inmate Hazle is confined to USP Florence, Colorado. It will therefore require the approval of Wardens at each of these facilities, plus Newman's Warden at FCI Oxford, Wisconsin. Id.

In an effort to expedite this matter, BOP agency counsel has been provided with Newman's requests and is endeavoring to obtain the necessary approvals for inmate to inmate correspondence.[3] To date, Newman and inmates Brown, Jackson, Tinsley, and Worthy have been approved. The remaining inmates are pending approval. Id., ¶ 6. Nonetheless, in light of agency counsel's efforts, there is no need for the Court to issue an Order as Newman's requests have been rendered moot.

---

[3] Per policy, if approval is given, the inmates' mail cannot be sealed and it is subject to being read and inspected due to obvious security concerns.

For the reasons stated above, the motion for order of correspondence should be denied.

                                        Respectfully submitted,

                                        THOMAS A. MARINO
                                        United States Attorney

                                        <u>s/Mark E. Morrison</u>
                                        MARK E. MORRISON
                                        Assistant U.S. Attorney
                                        Atty. I.D. No. PA43875
                                        MICHELE E. LINCALIS
                                        Paralegal Specialist
                                        316 Federal Building
                                        240 West Third Street
                                        Williamsport, PA 17701
                                        Phone:  717-221-4482
                                        Fax: 717-221-2246

Date: November 25, 2003

```
              UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
           Plaintiff            :
                                :
        v.                      : Civil No. 1:CV-01-0677
                                : (Conner, J.)
RONALD L. JURY, Lieutenant,     :
SIS, et al.,                    : FILED ELECTRONICALLY
           Defendants           :
```

CERTIFICATE OF SERVICE BY MAIL

      The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

      That on November 25, 2003, she served a copy of the attached

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR ORDER OF CORRESPONDENCE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                                          s/ Michele E. Lincalis
                                          MICHELE E. LINCALIS
                                          Paralegal Specialist