IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN, | : | CIVIL NO. 1:01-CV-0677 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| LOUIS CAPRIO, Lieutenant, and | : | |
| JAMES P. WHITE, Lieutenant, | : | |
| Defendants | : | |

## DECLARATION OF K. MICHAEL SULLIVAN

I, K. Michael Sullivan, do hereby declare and state as follows:

1.    I am a Senior Attorney for the Federal Bureau of Prisons, Federal Correctional Complex, Allenwood, Pennsylvania.   I have been employed with the Bureau of Prisons since August 1992.

2.    As a Senior Attorney with the Federal Bureau of Prisons, I have access to information maintained by the Bureau of Prisons' SENTRY computer system, as well as inmate central files and medical records.

3.    On November 24, 2003, I conduced an inquiry to determine whether or not the Plaintiff, inmate Emanuel Newman, Federal Register Number 13418-039, had been given correspondence privileges with six other inmates in connection with the above-captioned case.  Specifically, the Plaintiff has

requested to correspond with the following individuals:

| | |
|---|---|
| Ames, Aldrich | Fed. Reg. No. 40087-083 |
| Brown, Johnny Mack | Fed. Reg. No. 04780-084 |
| Hazel, Bobby | Fed. Reg. No. 41097-133 |
| Jackson, Wayne E. | Fed. Reg. No. 58074-004 |
| Tinsley, Kevin | Fed. Reg. No. 49227-083 |
| Worthy, Ervin Darnell | Fed. Reg. No. 52349-060 |

4.     The Bureau of Prisons has established procedures concerning

correspondence between confined inmates.  These procedures

are found at 28 CFR § 540.17 and Bureau of Prisons Program

Statement 5265.11, entitled Correspondence.  Essentially, an

inmate may be permitted to correspond with an inmate

confined in any other penal or correctional institution if

the other inmate is either a member of the immediate family,

or is a party or witness in a legal action in which both

inmates are involved.


5.     In the Plaintiff's case, he has stated that these six

individuals are all witnesses in his pending civil case.

Since these individuals are all housed in federal

institutions, the appropriate unit manager at each

institution must approve of the correspondence.  If the

request is denied, the Unit Manager shall document the

reason(s) for the denial and the Plaintiff may appeal the

denial through the Administrative Remedy Process.

Additionally, such correspondence may always be inspected

and read by staff at the sending and receiving institutions

(it may not be sealed by the inmate).

6.   As of November 24, 2003, the Plaintiff's request to correspond with all six individuals had been approved by staff at his institution.  Additionally, staff at institutions where the six witnesses are located have approved the request for the following inmates: Johnny Mack Brown, Wayne E. Jackson, Kevin Tinsley and Ervin Darnell Worthy.  Although a request to approve inmate Aldridge Ames has been made, due to unique security concerns involving this individual, that request is still pending.

7.   Finally, the Plaintiff's request to correspond with inmate Bobby Hazel is currently pending approval and it is expected to be granted in the next several days.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Executed this 25th day of November, 2003.

K. MICHAEL SULLIVAN
Senior Attorney
FCC Allenwood
White Deer, Pennsylvania 17887