TAM:MEM:mel:2001V00411

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,               :
               Plaintiff          :
                              :
        v.                           :   Civil No. 1:CV-01-0677
                              :   (Conner, J.)
RONALD L. JURY, Lieutenant,          :
SIS, et al.,                         :   FILED ELECTRONICALLY
               Defendants        :

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S "MOTION FOR ORDER OF MULTIPLE WRITS
### OF HABEAS CORPUS DUCES TECUM AD TESTIFICANDUM"

This is a failure to protect case filed under <u>Bivens</u> by a federal prisoner, Emanuel Thomas Newman.  Defendants are two employees of USP Allenwood:  Lieutenant Louis Caprio and Lieutenant James White.  Newman alleges these staff members allowed him to be assaulted on May 14, 1999, by another inmate, Kevin Tinsley, despite the fact that Newman sought defendants' protection prior to the day of the assault.  The case is presently set for trial.  Jury selection is scheduled to commence on February 2, 2004.

On November 21, 2003, Newman filed a "Motion for Order of Multiple Writs of Habeas Corpus Duces Tecum Ad Testificandum."[1]

---

[1] Newman's certificate of service indicates he served counsel for defendants on November 15, 2003.  However, the envelope in which it was mailed reveals it was not provided to prison officials for mailing until November 18, 2003.

A "Supplemental Motion for Writ of Duces Tecum Ad Testificandum" was filed on December 2, 2003. Newman's motions list a total of six inmates and twenty-five Bureau of Prisons' employees he would like to call as witnesses at trial. The motions request the issuance of writs of habeas corpus ad testificandum to guarantee their appearance. Defendants submit the following in response.

**Argument**

**A.    Inmate Witnesses**

While defendants do not oppose Newman's request for the production of inmates Brown, Worthy, Hazel, Jackson, or Tensley, they believe he has not stated substantial reasons for calling inmate Aldrich Ames. Newman states:

> Inmate Ames was plaintiff confidant in this matter, and can attest to the deep fear that plaintiff lived with prior to the actual attack itself. He was aware of the conversation with defendant White, and had demanded that plaintiff go to the warden on the day of the attack and demand to be placed into custody, because defendant's [sic] White and Caprio had failed to carry out Due Process.

Doc., 83, p. 3. Newman claims Ames to be his "confidant" during the relevant time period, yet Newman never mentioned or made reference to him in his complaint, appendix to complaint, or during his deposition. Obviously, Ames has no personal knowledge or independent information to provide other than hearsay, i.e., what Newman allegedly told him. Additionally, Ames is not qualified to testify regarding due process. Defendants therefore

2

request that his motion pertaining to inmate Aldrich Ames be denied.[2]

## B.   __Staff Witnesses__

To the extent Newman's motion seeks only an "order of multiple writs of habeas corpus duces tecum ad testificandum," defendants oppose the motion as it pertains to these individuals as they clearly are not incarcerated.  Thus, the issuance of such writs are inapplicable to them.

Assuming, *arguendo*, Newman's motion could be construed as a request that the Court issue the subpoenas and order the federal government to incur the costs of transporting these witnesses and paying their witness fees in light of his in forma pauperis status.  Defendants oppose the request.  It is up to Newman to request and issue the subpoenas in accordance with the provisions of the Federal Rules of Civil Procedure.  It is also up to him to incur all costs associated with the witnesses' appearance. However, all of this is moot if he cannot afford the expenses involved.

Newman's request lists twenty-five staff members be produced as witnesses for trial.  His list includes the two defendants

---

[2] In a prior motion, Newman requested permission to correspond with the six inmates he intends to call as witnesses. In response, defendants informed the Court that Newman and four of the six inmates had been approved for inmate-to-inmate correspondence (Brown, Jackson, Tinsley and Worthy).  Since that time, inmate Hazle has also been approved.  Aldrich Ames is the only inmate pending approval.

(White and Caprio), a doctor not employed by the Bureau of Prisons (Weyand, who Newman identifies as "Whyatt"), two retired employees (Fanello and Pannell) and the "Head Records Officer" who cannot be identified as such a position as described by Newman does not exist.  Additionally, nine of the non-defendant witnesses reside out of state, some as far as California (Gonzalez and Toll), Texas (Gaytan), and Florida (Fanello and Lee).

Under the Federal Rules of Civil Procedure, Newman is required to serve a subpoena upon these individuals and "by tendering to that person the fees for one day's attendance and the mileage allowed by law."  <u>See</u> Fed. R. Civ. P. 45(b)(1).[3]

Obviously, Newman leads the Court to believe that because he was granted <u>in</u> <u>forma</u> <u>pauperis</u> status, the burden and costs of producing the witnesses should be upon the Court and at the government's expense.  Newman offers no law in support of this assertion most likely because there is no support for the position that <u>in</u> <u>forma</u> <u>pauperis</u> status indicates a free presentation of witnesses.

---

[3] The federal rules also provide that the subpoena "may be served at any place within the district of the court by which it is issued, or at any place without the district that is *within 100 miles* of the place of the . . . trial. . . ."  Fed. R. Civ. P. 45(b)(2).  As indicated above, at least nine of the witnesses are outside the 100-mile service rule.

In forma pauperis status only allows Newman to proceed without prepaying the filing fee. Subsection (d) of the in forma pauperis statute found at 28 U.S.C. § 1915 provides in part that "[w]itnesses shall attend as in other cases, and the same remedies shall be available as are provided by law in other cases." Thus, Newman must proceed to trial as all other plaintiffs. That includes paying for all aspects of the litigation. Section 1915(d) does not provide the necessary authority for waiver of payment of witness fees. See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986); United States Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th cir. 1984) (en banc); Johnson v. Hubbard, 698 F.2d 286, 289-90 (6th Cir.), cert. denied, 464 U.S. 917 (1983). "Witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party." Johnson v. Hubbard, 698 F.2d at 289 (emphasis added). Moreover, it is not only wrong to charge the government for a plaintiff's costs of trial merely because he is proceeding in forma pauperis and incarcerated, but it is unfair to the indigent, unimprisoned plaintiff, also proceeding in forma pauperis, who has abided by the law and remained out of jail yet who must bear the costs of suit.

In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), the Third
Circuit affirmed the district court's conclusion that it had no
authority under 28 U.S.C. § 1915, or any other statute, to order
the government to pay for deposition transcripts for an indigent
litigant.  6 F.3d at 158.  "There is no provision in the statute
for the payment by the government of the costs of deposition
transcripts, <u>or any other litigation expenses</u>, and no other
statute authorizes courts to commit federal monies for payment of
the necessary expenses in a civil suit brought by an indigent
litigant."  <u>Id</u>., <u>citing</u> <u>Moss v. ITT Continental Baking Co.</u>, 83
F.R.D. 624, 625 (E.D. Va. 1979)(<u>quoting</u> <u>Haymes v. Smith</u>, 73
F.R.D. 572, 574 (W.D.N.Y. 1976).  (Emphasis added.)  This
position is consistent with the recently enacted Prison
Litigation Reform Act, effective April 26, 1996, which modifies
§ 1915.  <u>See</u> <u>Rivera v.  Disabato</u>, 962 F.  Supp.  38, 40 (D.N.J.
1997).  Thus, Newman's motion for the production of the non-
defendant witnesses must be denied unless he is ordered to bear
all of the costs involved with their appearance.[4]

---

[4] Defendants reserve the right to object to the presentation
of these witnesses based on duplicative testimony, jurisdiction,
and relevancy.

## Conclusion

For the reasons stated above, Newman's request that writs of habeas corpus ad testificandum be issued to inmate Aldrich Ames and the twenty-three non-defendant witnesses should be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


s/Mark E. Morrison
MARK E. MORRISON
Assistant U.S. Attorney
Atty. I.D. No. PA43875
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone:  717-221-4482
Fax: 717-221-2246

Date: December 4, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:CV-01-0677 |
| | : | (Conner, J.) |
| RONALD L. JURY, Lieutenant, | : | |
| SIS, et al., | : | FILED ELECTRONICALLY |
| Defendants | : | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 4, 2003, she served a copy of the attached

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S "MOTION FOR ORDER OF MULTIPLE WRITS**
**OF HABEAS CORPUS DUCES TECUM AD TESTIFICANDUM"**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist