TAM:MEM:mel:2001V00411

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
      Plaintiff               :
                              :
      v.                      :   Civil No. 1:CV-01-0677
                              :   (Conner, J.)
RONALD L. JURY, Lieutenant,     :
SIS, et al.,                    :   FILED ELECTRONICALLY
      Defendants              :

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S "MOTION FOR SUBPOENA DUCES TECUMS
TO ADD AN ADDITIONAL WITNESS TO HIS WITNESS LIST AND
TO CORRECT INFORMATION ON ANOTHER"**

    This is a failure to protect case filed under <u>Bivens</u> by a federal prisoner, Emanuel Thomas Newman. Defendants are two employees of USP Allenwood: Lieutenant Louis Caprio and Lieutenant James White. Newman alleges these staff members allowed him to be assaulted on May 14, 1999, by another inmate, Kevin Tinsley, despite the fact that Newman sought defendants' protection prior to the day of the assault. The case is presently set for trial. Jury selection is scheduled to commence on February 2, 2004.

    On November 21, 2003, Newman filed a "Motion for Order of Multiple Writs of Habeas Corpus Duces Tecum Ad Testificandum." A "Supplemental Motion for Writ of Duces Tecum Ad Testificandum" was filed on December 2, 2003. Newman's motions list a total of

six inmates, twenty-four Bureau of Prisons' employees, and one civilian doctor he would like to call as witnesses at trial. The motions request the issuance of writs of habeas corpus ad testificandum to guarantee their appearance. A brief in opposition to the motion was filed on December 4, 2003.

Since that time, in a motion for continuance filed on December 16, 2003, Newman claims to have reduced his non-inmate witness list to seven persons. Doc. 90, p. 2.

Presently before the Court is a motion filed on December 10, 2003, in which Newman requests to amend the name and address of Dr. "Whyatt," the civilian doctor he misidentified in his previous filing. Newman also wishes to add another staff member to his witness list, Attorney K. Michael Sullivan. He therefore requests the Court "to issue a subpoenas [sic] duces tecum for the listed persons." Doc. 89, p. 2. Defendants submit the following in response.

## Argument

To the extent Newman requests the Court to issue the subpoenas and order the federal government paying their witness fees in light of his <u>in forma pauperis</u> status, defendants oppose the request. It is up to Newman to request and issue the subpoenas in accordance with the provisions of the Federal Rules of Civil Procedure. It is also up to him to incur all costs

associated with the witnesses' appearance. However, all of this is moot if he cannot afford the expenses involved.

Under the Federal Rules of Civil Procedure, Newman is required to serve a subpoena upon these individuals and "by tendering to that person the fees for one day's attendance and the mileage allowed by law." See Fed. R. Civ. P. 45(b)(1).

Obviously, Newman leads the Court to believe that because he was granted in forma pauperis status, the burden and costs of producing the witnesses should be upon the Court and at the government's expense. Newman offers no law in support of this assertion most likely because there is no support for the position that in forma pauperis status indicates a free presentation of witnesses.

In forma pauperis status only allows Newman to proceed without prepaying the filing fee. Subsection (d) of the in forma pauperis statute found at 28 U.S.C. § 1915 provides in part that "[w]itnesses shall attend as in other cases, and the same remedies shall be available as are provided by law in other cases." Thus, Newman must proceed to trial as all other plaintiffs. That includes paying for all aspects of the litigation. Section 1915(d) does not provide the necessary authority for waiver of payment of witness fees. See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir.

1986); United States Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th cir. 1984) (en banc); Johnson v. Hubbard, 698 F.2d 286, 289-90 (6th Cir.), cert. denied, 464 U.S. 917 (1983). "Witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party." Johnson v. Hubbard, 698 F.2d at 289 (emphasis added). Moreover, it is not only wrong to charge the government for a plaintiff's costs of trial merely because he is proceeding in forma pauperis and incarcerated, but it is unfair to the indigent, unimprisoned plaintiff, also proceeding in forma pauperis, who has abided by the law and remained out of jail yet who must bear the costs of suit.

    In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit affirmed the district court's conclusion that it had no authority under 28 U.S.C. § 1915, or any other statute, to order the government to pay for deposition transcripts for an indigent litigant. 6 F.3d at 158. "There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Id., citing Moss v. ITT Continental Baking Co., 83

F.R.D. 624, 625 (E.D. Va. 1979)(quoting Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976). (Emphasis added.) This position is consistent with the recently enacted Prison Litigation Reform Act, effective April 26, 1996, which modifies § 1915. See Rivera v. Disabato, 962 F. Supp. 38, 40 (D.N.J. 1997). Thus, Newman's motion for the production of these witnesses must be denied unless he is ordered to bear all of the costs involved with their appearance.[1]

## Conclusion

For the reasons stated above, Newman's motion should be denied.

                                              Respectfully submitted,

                                              THOMAS A. MARINO
                                              United States Attorney

                                              s/Mark E. Morrison
                                              MARK E. MORRISON
                                              Assistant U.S. Attorney
                                              Atty. I.D. No. PA43875
                                              MICHELE E. LINCALIS
                                              Paralegal Specialist
                                              316 Federal Building
                                              240 West Third Street
                                              Williamsport, PA 17701
                                              Phone: 717-221-4482
                                              Fax: 717-221-2246

Date: December 22, 2003

---

[1] Defendants reserve the right to object to the presentation of these witnesses based on duplicative testimony, jurisdiction, and relevancy.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMANUEL THOMAS NEWMAN,** : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. 1:CV-01-0677 |
| : | (Conner, J.) |
| **RONALD L. JURY, Lieutenant,** : | |
| **SIS, et al.,** : | **FILED ELECTRONICALLY** |
| Defendants : | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 22, 2003, she served a copy of the attached

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S "MOTION FOR SUBPOENA DUCES TECUMS
TO ADD AN ADDITIONAL WITNESS TO HIS WITNESS LIST AND
TO CORRECT INFORMATION ON ANOTHER"**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952-1000

                                               s/ Michele E. Lincalis
                                               MICHELE E. LINCALIS
                                               Paralegal Specialist