IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Emanuel T. Newman,
    Plaintiff,

-Vs-

Ronald L. Jury, SIS,
et al.,
    Defendants,

Case no. 1:CV-01-0677

(Judge, Conner)



FILED
JAN 0 5 2004
PER _____
HARRISBURG, PA   DEPUTY CLERK

PLAINTIFF'S REBUTTAL TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUMS TO ADD
AN ADDITIONAL WITNESS TO HIS WITNESS LIST AND TO CORRECT
INFORMATION ON ANOTHER

    Comes Now, Emanuel Thomas Newman, plaintiff, and states the following to this court in rebuttal to the defendant's response to his motion as styled above.

    In support thereof, Plaintiff states:

    1). On December 9, 2003, plaintiff filed his response to defendant's objections to his motion for multiple writs of habeas corpus duces tecum ad testificandum.

    2). On page three (3) of said motion, plaintiff states that <u>he will incure the necessary fees of $40 per day, and submit the necessary Subpoenas for the seven (7) non- inmates witnesses</u>.

    3). Furthermore, plaintiff had already calculated the cost of adding the additional witness into the $280 amount that he had cited to the court, and asked to court to waive all other non-inmate witnesses that he previously listed, because he did not expect the court/government to pay the witness fees for his non-inmate witnesses just because he had been granted <u>in forma parperis</u> status.

Therefore, the defendant's argument concerning this matter is moot.

4). Concerning the correction of name for the witness that was known to plaintiff as Dr. Whyatt to that of James Weyand. When plaintiff inquired of the medical staff of U.S.P. Allenwood in Janurary of 2000, they (Dr.Lee.,M.D.) told plaintiff that the contract eye doctor who had examined him the day before was named Whyatt. It was not until defendant's revealed his name in one of their motions that plaintiff found that he had been mislead by the staff at U.S.P. Allenwood concerning this matter.

5). Plaintiff would also state that the witness fee for this witness was also included in the $280 amount, and therefore, the defendant's argument concerning this matter is also moot.

6). Concerning the addition of Attorney K. Michael Sullivan this witness was also included in the $280 calculation for witness fees, and once again the defendant's argument is moot.

Respectfully submitted by, _[signature]_
Emanuel T. Newman
13418-039
F.C.I. Oxford
Date: December 27, 2003.
P.O. BOX 1000
Oxford, Wis 53952-1000

CERTIFICATE OF SERVICE

I, Emanuel T. Newman do hereby state pursuant to 28 U.S.C. § 1746, that I have placed copies of this document into the U.S. mail to all of the parties concerned in this matter pending before the court. And
FURTHER I SAYETH NOT.
By, _[signature]_  12/27/03
Emauel T. Newman, Certifier.

COPIES TO:   U.S. District court        U.S. Attorney
             228 Walnut Street.         316 Federal Building
             Harrisburg, Pa 17703       240 West Third Street
                                        Williamsport, PA 17108