

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA, HARRISBURG DIVISION

Emanuel T. Newman,
    Plaintiff,

-Vs-

Case no. 01-CV-0677

Ronald L. Jury.,S.I.S. et al.,
    Defendants,

(Judge, Conner)

PLAINTIFF'S RESPONSE TO OBJECTION TO HIS
MOTION IN LIMINE

    **Comes Now,** Emanuel T. Newman, plaintiff ρro-se (hereinafter Newman), and submits his response to defendant's objections to his motion in limine.

    Newman has alleged in his 1983/1331 <u>Bivens</u> action that he made staff aware of a murder plot against his person by members of the D.C. Boys prison gang, and through the deliberate indifference of the prison staff after they had confirmed said plot and returned him to general population, that he was attacked by a member of said prison gang, which resulted in a permenant injury to his feild of vision in his left eye.

    In support thereof Newman states the following:

    This case is set for jury selection on May 24, 2004 at 9:30 A.M. in the Federal Courthouse.

-2-

The defendant have failed to cite any supporting case law or specific statute in support of their objections to plaintiff's motion in limine.

Furthermore, the prejudical effect of the convictions of Newman's witnesses far out weighs any probative value toward their credibility.

Witness Wayne Jackson's conviction involves bank robbery, kidnapping, and rape.

Witness Bobby Hazel's conviction involves murder of a fellow inmate in a State prison.

Witness Johnny Mack Brown's conviction involves a large scale drug conspiracy in which his estranged son took the witness stand and made false statements against him causing him to receive a life sentence.

Witness Ervin D. Worthy's conviction involves a large scale drug distrabution network in the State of Ohio, which this plaintiff believes entailed numerous murders, and drive by shootings.

Witness Kevin Tensely's conviction involves a seriously large scale drug distrabution network run by a murderous group of homosexuals in Washington, D.C. Furthermore, Tensley was hired to assassinate a State Trooper, who survived the murder attempt, and left permenantly disabled.

The defnedant's claim in their motion that they don't intend to use any evidence other than that which is allowed by Federal Rules Of Evidence Rule 404, 607, and 609.

The impact of hearing about murderous homosexual drug gangs, kidnappings, and rapes will have an impact on how the jury see's each of plaintiff's witnesses, and because of the heinous nature of their alleged crimes prejudice the minds of the jurors against them.

> "Felony conviction evidence under rule 609(a)(1) should be reviewed on an indivdual basis, making no assumptions about the probative value of the conviction to credibility outside the facts of the case, and applying a genuine balancing of that value against the potential prejudice."

See, <u>Tabron v. Grace</u>, 898 F.Supp 293, 297 (M.D.Pa. 1995)

This plaintiff moves this court to deny defendant's brief in opposition to his motion in limine. However, should this court feel that the defendant's argument hold some weight, plaintiff would humbly move this court to review the convictions of each witness that he intends to call, and follow the example of Chief Judge Rambo by barring the introduction of convictions and or portions of said convictions which might cause undue prejudice in the minds of the jury.

Respectfully submitted by, _____
Emanuel T. Newman
Plaintiff Pro-Se.

CERTIFICATE OF SERVICE

I, Emanuel T. Newman, pursuant to title 28 U.S.C. 1746, do hereby state that I have placed sufficient postage for first class mailing of this document to all parties concerned.

This 16 day April, 2004

By, _____
Emanuel T. Newman

COPIES SENT TO:

U.S. Attroney
316 Federal Building
240 West Third Street
Williamsport, Pa 17703

U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENN
228 WALNUT STREET
HARRISBURG, Pa 17108