
EXHIBIT
1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN,          :
            Plaintiff           :
                                :   CIVIL NO. 1:CV-01-0677
      v.                        :
                                :
RONALD L. JURY, et al.          :
            Defendants          :
                                :

### DECLARATION OF M. SULLIVAN

I, M. Sullivan, hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as a Senior Attorney, at the Federal Correctional Complex (F.C.C.), Allenwood, Pennsylvania. I have been employed with the FBOP since August 1992.

2. Contrary to the Plaintiff's assertions, I am not employed with the United States Attorneys Office.

3. On or about April 12, 2004, I received a facsimile copy of a letter dated April 8, 2004, from Staff Attorney David Glassman, Lewisburg Prison Project. The letter was addressed to my attention and it was faxed to me from the United States Attorneys Office for the Middle District of

Pennsylvania. I have attached a copy of the letter to my declaration as Attachment Number 1.

4. Essentially, the letter requested to know if I, the "proposed witnesses, or any other staff member" would accept service of three subpoenas. The subpoenas were addressed to "Assistant Warden Craig", "Captain Robert Farley" and "Doctor James Weyand". Upon receipt of the letter, I notified Captain Farley and Associate Warden Craig that they may be contacted by Attorney Glassman and that they should contact me if they had any questions.

5. On or about April 13, 2004, I spoke with Attorney Glassman regarding his letter. Mr. Glassman discussed his role in the case and he stated that he wanted to come to the institution to serve the subpoenas. I informed him that Doctor Weyand was not an employee of the Bureau of Prisons and that he would not be here. I also informed him that the other two individuals were employees at USP Allenwood.

6. I further informed Mr. Glassman that government employees were not authorized to accept mileage checks from him. Mr. Glassman stated he was not familiar with the rules so I referred him to Rule 45 of the Federal Rules of Civil Procedure (Subpoenas).

7. After a brief discussion, Mr. Glassman stated that he would come by the institution the following day.

8. On or about April 14, 2004, Mr. Glassman called to say that he would not be coming to the institution because it appeared as though the subpoenas did not conform to the Federal Rules of Civil Procedure. We briefly discussed the subpoenas and he stated he was going to contact the Plaintiff to discuss the matter further.

9. On or about April 15, 2004, Mr. Glassman arrived at the institution unannounced. I was contacted by the Front Desk Officer and I spoke with Mr. Glassman. Essentially, Mr. Glassman felt that the subpoenas substantially complied with the rules and that I should accept them on behalf of the staff members. I informed him that I was not authorized to accept service on behalf of either staff member and that Associate Warden Craig was on leave at that time. I also informed him that Captain Farley was present at the institution.

10. We discussed the case and I informed him that neither of the two named staff members were "records custodians" and that neither employee had worked at USP Allenwood at the time of the events in question, nor did either one of them have any

involvement in the events in question. I further stated that although AW Craig's name had been raised once before, Captain Farley's name had never been mentioned.

11. I informed Mr. Glassman that I had not seen the subpoenas yet and he showed them to me. I informed him that it did not appear as though the subpoenas conformed to the Federal Rules and that I had spoken with Assistant United States Attorney Mark Morrison about the subpoenas in question. Since the subpoenas did not appear to conform to the rules, I informed Mr. Glassman that if I was asked by the two staff members in question, I would advise them not to accept service at this time.

12. I then offered to review the list of requested records to determine if the records were already being brought to the trial by AUSA Morrison. Mr. Glassman and I generally discussed the items and I informed him that most, if not all, of the requested records that were still in existence were already being brought to the trial by AUSA Morrison. I then identified which records were no longer in existence. Finally, I strongly encouraged Mr. Glassman to discuss this issue with AUSA Morrison since he is the attorney of record in this case. I further informed him that my role as agency counsel was limited to providing advice to staff (if

requested) regarding whether or not they should accept service.

13. In addition to directing Mr. Glassman to speak with AUSA Morrison, I also offered him an opportunity to tour our institution so he could view specific areas pertinent to the case. Mr. Glassman accepted the offer and we successfully completed the tour.

14. Although I informed Mr. Glassman that I would advise the two staff members not to accept service of the subpoenas, I never refused to contact the staff members in question to meet with Mr. Glassman. In fact, as stated above, upon receipt of the initial letter, I immediately contacted the staff to notify them of the subpoenas and I contacted Mr. Glassman to coordinate a time for him to serve the subpoenas.

15. It was my understanding that Mr. Glassman was going to contact AUSA Morrison to resolve any issues surrounding the subpoenas.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Executed this 6th day of May, 2004.

M. SULLIVAN
Senior Attorney
USP Allenwood

**Newman v. Jury, et al.**
Civil Action Number 1:CV-01-0677 M.D.Pa.

**Declaration of M. Sullivan**

# ATTACHMENT NUMBER 1

# LEWISBURG PRISON PROJECT

P.O. Box 128  
LEWISBURG, PA 17837-0128

Phone (570) 523-1104  
Fax (570) 523-3944

April 8, 2004

K. Michael Sullivan, Supervisory Attorney  
U.S.P. – Allenwood  
Legal Department  
P.O. Box 3500  
White Deer, PA 17887

RE: *Emanuel T. Newman v. Ronald L. Jury, et al.*  
No. 01-cv-0677 (Conner)(Harrisburg)  
Trial Date: May 24, 2004

Dear Mr. Sullivan:

On April 6, I received subpoenas *duces tecum* and mileage checks from Plaintiff Emanuel T. Newman. The subpoenas and checks are addressed to an "Assistant Warden Craig" and a "Captain Robert Farley" at U.S.P. Allenwood plus a Doctor James Weyand of FedOpt in Jersey Shore, Pennsylvania.

Are you, these proposed witnesses, or any other staff member willing to accept service of these subpoenas and checks? I attempted to call you this morning but the operator put me through to someone in your Records Office. The records officer told me that no one answered the phone in your department when he tried to forward my call.

Sincerely,

David L. Glassman  
Staff Attorney

cc: Mark Morrison, AUSA  
Emanuel Newman, #13418-039, FCI – Oxford