IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| Emanuel Thomas Newman,<br>　　　Plaintiff, | )<br>)<br>) |
| | ) CIVIL ACTION NO. 1:01-CV-0677 |
| -Vs- | )<br>)<br>) (Judge Conner) |
| Ronald L. Jury, SIS, Lt.,<br>et al.,<br>　　　Defendant, | )<br>)<br>) |

FILED
HARRISBURG
MAY 1 2 2004
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

PLAINTIFF'S FINAL JURY INSTRUCTIONS

　　　Comes Now, Emanuel T. Newman, plaintiff pro-se, and submitts plaintiff's final jury instructions.

　　　In support thereof, plaintiff states the following:

　　　That he is a lay individual without formal training in the workings of the law.

　　　He therefore, moves this court pursuant to **Haines v. Kerner,** 404 U.S. 519, 520, which holds that the courts are to construe the pleadings of pro-se litigants librally and not hold them to the same standards as if they were trianed attorneys, who are knowledgable in the workings of the law.

　　　Therefore, plaintiff submits the following 12 final jury instructions to this court, and respectfully request that his jury be instructed with them.

Plaintiff's Final Jury Instruction No. 1

You as jurors are to decide this case based on a standard of proof known as a preponderance of the evidence. This means that after hearing all the evidence, you are to decide whether it is more likely than not that the plaintiff has proven his case. The standard is not proof to a moral certainty; nor is it proof beyond a reasonable doubt, which is the standard in a criminal case.

Plaintiff's Final Jury Instruction No. 2

You may decide which testimony to believe based upon the credibility of the witnesses as you determine, using common sense and your own life's experiences.

Plaintiff's Final Jury Instruction No. 3

    I remind you that the testimony of a law enforcement officer, including a prison guard, is not to be considered any more inherently believable than any other citizen.

Plaintiff's Final Jury Instruction No. 4

When deliberating, you will base your decision on your conviction as to what the plaintiff's or defendants' evidence proves. You will, however, discuss your opinions freely and openly with other jurors in an effort to arrive at a just and truthfull decision.

Plaintiff's Final Jury Instruction No. 5

You, the jurors, are judges of the facts in this case. A fact is any act or condition of things assumed as happening or existing.

Plaintiff's Final Jury Instruction No. 6


A fact may be established by logical conslusions drawn from evidence other than direct evidence. Such an inference may be drawn by deducing the logical consequences of the consideration of other facts.

Plaintiff's Final Jury Instruction No. 7


Direct evidence is a fact from which a conclusion can be drawn directly. Circumstantial evidence is evidence which tends to prove a fact indirectly. I charge you that both direct and circumstantial evidence are equal under the law.

Plaintiff's Final Jury Instruction No. 8

Records kept in the normal sequence of events may be considered as written proof of the matters asserted.

Plaintiff's Final Jury Instruction No. 9

Failure to provide facts or evidence in circumstances where it is normal and logical to do so can be considered by you, the members of the jury, in deciding whether a party has met his burden of proof.

Plaintiff's Final Jury Instruction No. 10

The advocates have given their final summations to you, the jury. Remember that what the lawyers say is not evidence. Evidence comes from the testimony you heard from persons in the witness box, together with documents admitted by the court.

Plaintiff's Final Jury Instruction No. 11

Prejudice is a fact of life. It is also something that we pledge as jurors, as finders of fact, to leave outside the courtroom doors. You are charged to decide this case based upon the believability of the witnesses - without prejudice as to race, color, or station in life.

Plaintiff's Final Jury Instruction No. 12

   In awarding damages, you may consider a dollar amount which reflects the pain and suffering that a human being received as a result of the failure of a party to protect that human being, when he or she has a duty to do so.
   You may also consider an award of damages sufficient to deter that person from repeating the actions or inactions which gave rise to the complaint now before the court - to inhibit the reocurrance of these types of fact situations.

*[signature]*
4/28/04

CERTIFICATE OF SERVICE

I, Emanuel T. Newman pursuant to 28 U.S.C. § 1746, do hereby state that I have placed suficient postage for first class mailing of this document to all parties concerned.

This 28 day of April, 2004

By, *Emanuel T. Newman*
Emanuel T. Newman
PLaintiff pro-se
13418-039

COPIES TO:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 Walnut Street
Harrisburg, PA 17108

UNITED STATES ATTORNEY
316 FEDERAL BUILDING
240 WEST THIRD STREET
WILLIAMSPORT, PA 17117



LEGAL MAIL

Emanuel T. Newman
13418-039
Federal Correctional Institution
P.O. BOX 1000
Oxford, Wis 53952-1000

U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
OFFICE OF THE CLERK OF THE COURT
228 WALNUT STREET
HARRISBURG, PA 17108

