TAM:MEM:mel

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL THOMAS NEWMAN,** | : | No. 1:CV-01-0677 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| **RONALD L. JURY, Lieutenant,** | : | |
| **SIS, et al.,** | : | **Filed Electronically** |
| Defendants | : | |

### BRIEF IN OPPOSITION TO
### "PLAINTIFF'S MOTION FOR SANCTIONS,
### AND CONTEMPT AGAINST THE DEFENDANT'S AND THEIR COUNSEL"

Emanuel Thomas Newman, a federal prisoner, filed this civil rights action under <u>Bivens</u> alleging that Defendants failed to protect him. Defendants are Lieutenant Louis Caprio and Lieutenant James White. Newman specifically alleges that these staff members allowed him to be assaulted at USP Allenwood on May 14, 1999 by another inmate, Kevin Tinsley, despite his claim that he sought defendants' protection prior to the day of the assault. The case is presently set for trial. Jury selection is scheduled to commence on May 24, 2004.

Presently pending before the Court is "Plaintiff's Motion for Sanctions and Contempt Against the Defendant's [sic] and Their Counsel." Initially, Newman complains that he has been "packed out for transit, and does not have access to any of his legal materials." Doc. 127, unnumbered p. 1. To the extent this statement is construed as an allegation that Newman has been

transported to the Middle District of Pennsylvania without his legal materials, defendants submit that, according to the United States Marshal Service, Newman arrived at Dauphin County Prison on May 10, 2004, and has access to his legal materials.

The remaining allegations in Newman's motion fall into two categories. The first is a re-hash of allegations made in his earlier "Motion for Order Issuing Subpoena Duces Tecum for Witnesses to Attend Civil Trial" filed April 26, 2004. The second category of allegations concerns a set of vague, unsubstantiated claims that Bureau of Prisons officials in different institutions conspired to issue incident reports against him, gave him disciplinary transfers, placed him into "ADX type segregation at USP Terror Hut" for a period of seven months, and then him sent to FCI Oxford under a close supervision watch. See Doc. 127, unnumbered p. 2.

As for the first category of allegations, defendants refer the Court to their Brief in Opposition to Plaintiff's Motion for Order Issuing Subpoena Duces Tecum for Witnesses to Attend Civil Trial and accompanying declaration of Michael Sullivan filed on May 6, 2004 (Doc. 129).

As for the second category of allegations, defendants submit that, as stated, Newman has set out no supportable claim for sanctions. In light of the fact that this matter is scheduled for trial in one week, May 24, 2004, defendants would be prejudiced by being required to respond to vague allegations that are not supported by a brief as would be required by Local Rule

7.5.[1]  Further, the claims of relocation of Newman and placing him in segregated housing all fall outside the time frame and are irrelevant to the case at bar.

Thus, Newman's motion for sanctions and contempt should be denied.

                                      Respectfully submitted,

                                      THOMAS A. MARINO
                                      United States Attorney

                                      s/Mark E. Morrison
                                      MARK E. MORRISON
                                      Assistant U.S. Attorney
                                      Atty. I.D. No. PA43875
                                      MICHELE E. LINCALIS
                                      Paralegal Specialist
                                      316 Federal Building
                                      240 West Third Street
                                      Williamsport, PA 17701
                                      Phone:  717-221-4482
                                      Fax: 717-221-2246

Date: May 17, 2004

---

[1] In fact, this brief is filed in an attempt to provide the Court with a response so that the Court may, if it so chooses, hand down an Order prior to trial.  If a trial date were not pending, defendants would wait for a supporting brief from Newman before filing any response.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMANUEL THOMAS NEWMAN**, : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. 1:CV-01-0677 |
| : | (Conner, J.) |
| **RONALD L. JURY, Lieutenant,** : | |
| **SIS, et al.**, : | **FILED ELECTRONICALLY** |
| Defendants : | |

CERTIFICATE OF SERVICE BY MAIL

     The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

     That on May 17, 2004, she served a copy of the attached

**BRIEF IN OPPOSITION TO
"PLAINTIFF'S MOTION FOR SANCTIONS,
AND CONTEMPT AGAINST THE DEFENDANT'S AND THEIR COUNSEL"**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Dauphin County Prison
501 Mall Road
Harrisburg, PA  17111

                                                  s/ Michele E. Lincalis
                                                  MICHELE E. LINCALIS
                                                  Paralegal Specialist