UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:01-CV-0677 |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| LOUIS CAPRIO AND JAMES WHITE | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS' TRIAL BRIEF**

In accordance with Local Rule 39.7, the United States files this Trial Brief in the above entitled matter.

I.   Summary Statement of Evidence

Plaintiff, Mr. Emanuel Newman (hereafter Newman) is an inmate who brought a *Bivens* action against the above named Bureau of Prisons defendants.[1] At all relevant times, Newman was incarcerated at the United States Penitentiary at Allenwood. Newman claims that his Eighth Amendment Rights were violated in that defendants Caprio and White, employees of the Bureau of Prisons, failed to protect Newman from serious harm. The specific harm alleged was an assault that took place on May 14, 1999 during which inmate Kevin Tinsley struck Newman about the head and body with a closed fist.

---

[1] Claims against a third originally named defendant, Ron Jury, have been withdrawn.

In his complaint, Newman raises an April 16, 1999 assault during which he was a victim. His claim surrounding that assault, at paragraph 11 of his complaint, was that a Lieutenant Ron Jury released him into general inmate population without conducting a thorough investigation. Since Jury has been voluntarily withdrawn from this litigation, it is anticipated that no evidence will be introduced concerning details of the April 16, 1999 assault, as the remaining defendants are alleged to have permitted the May 14, 1999 assault. Additionally on this point, Newman specifically alleges that he was not well acquainted with the inmate who assaulted him in April and had no idea what that inmate's reasons were for assaulting Newman.

Newman cites, in paragraph 20 of his complaint, physical injuries sustained in both assaults to support his claim for damages. It is submitted that injuries sustained from the April 14,1999 assault are irrelevant and should not be admitted since this case concerns the alleged failure to protect Newman from the May 14, 1999 assault. The injuries sustained as a result of the May 14, 1999 assault are: left eye swollen shut, bruising about the forehead, minor bruising on upper chest, scrapes/abrasions on left elbow, right arm and left knee. In his response to interrogatories asking him to describe all injuries, Newman only listed blurred vision in his left eye from the May 14, 1999 assault. No injuries from the April 16, 1999 assault were listed.

II.     <u>Summary of Legal Issues Involved and Legal Authorities Relied Upon:</u>

This is a failure to protect case filed under Bivens by a federal prisoner, Emanuel Thomas Newman. Defendants are two employees of USP Allenwood: Lieutenant Louis Caprio and

Lieutenant James White.[2]  To establish an eighth amendment claim, two prongs must be satisfied.  First, proof is required of a deprivation, i.e., the risk of assault, that is objectively, sufficiently serious.  *Farmer*, 511 U.S. at 834.  Next, because it is only the unnecessary and wanton infliction of pain which implicates the eighth amendment, the prison official must be proved to have acted with deliberate indifference.  That is, the prison official must be shown to both know of and disregard an excessive risk to inmate health or safety.  Id. at 837; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").  It must be established that, "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  "The requisite proof is whether prison officials, acting with deliberate indifference, exposed Newman to a sufficiently substantial 'risk of serious damage to his future health.'" Id. at 843.

Federal Rule of Civil Procedure 26 requires that parties disclose the identity of any expert witness who may be used at trial. Fed.R.Civ.P. 26(a)(2)(A). That disclosure must also be accompanied by a "written report prepared and signed by the witness." Id. (a)(2)(B). The expert report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor," as well as "the data or other information considered by the witness in forming the opinions...." Id.

---

[2] Defendant Ronald L. Jury was dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a), on March 19, 2002.

Newman's purported medical expert has not been timely disclosed nor requested by Newman to prepare a report, and was not listed as an expert witness prior to the close of discovery, Failure to properly disclose or supplement information in accordance with Rule 26 can result in sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). See Fed.R.Civ.P. 37(c)(1). Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." Id.
Newman should be precluded from eliciting evidence regarding expert opinion, or suffer any appropriate sanction as the Court sees fit.

    Finally, the government will be requesting, orally, that a motion *in limine* be granted regarding any testimony on Newman's injuries sustained as a result of the April 16,1999 assault. The legal support for that contention will be offered.

    On this day, as separate documents, defendants' witness list and exhibit list have been filed.

                                               Respectfully submitted,

                                               THOMAS A. MARINO
                                               United States Attorney

                                               MARK E. MORRISON
                                               Assistant United States Attorney
                                               Federal Building - Room 217
                                               228 Walnut Street
                                               P.O. Box 11754
                                               Harrisburg, PA  17108
                                               (717) 221-4482

Dated:  Harrisburg, Pennsylvania
            May 19, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL THOMAS NEWMAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. 1:01-CV-0677 |
| v. ) | |
| ) | (Conner, J.) |
| ) | |
| RONALD L. JURY, et al., ) | Electronically Filed |
| ) | |
| Defendants ) | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 19, 2004, she served a copy of the attached

**DEFENDANTS' TRIAL BRIEF**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
Dauphin County Prison
501 Mall Road
Harrisburg, PA  17111

                                       s/ Michele E. Lincalis
                                       MICHELE E. LINCALIS
                                       Paralegal Specialist