UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:01-CV-0677 |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| LOUIS CAPRIO AND JAMES WHITE | : | |
| | : | |
| Defendants | : | |

_____

DEFENDANTS' PROPOSED POINTS FOR CHARGE
_____

THOMAS A. MARINO
United States Attorney

MARK E. MORRISON
Assistant United States Attorney
MICHELE E. LINCALIS
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

Date: May 20,2004

**Defendants' Proposed Point for Charge 1**

In order for your verdict to be for plaintiff and against defendant Caprio and/or defendant White, all of the following elements must have been proved by a preponderance of the evidence:

FIRST, that Kenneth Tinsley assaulted plaintiff resulting in serious harm; and

SECOND, that defendant Caprio and/or defendant White were aware of a substantial risk of serious harm; and

THIRD, that defendant Caprio and/or defendant White knew of and disregarded, with deliberate indifference, an excessive risk to plaintiff Newman's health or safety; and

FOURTH, that defendant Caprio and/or White were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and

FIFTH, that defendant Caprio and/or defendant White actually drew the inference; and

SIXTH, that plaintiff was damaged.

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for the defendants.

*Farmer v. Brennan*, 511 U.S. 825 (1994).

*Hamilton v. Leavy*, 117 F.3d 742, 746 (3rd Cir. 1997).

**<u>Defendants' Proposed Point for Charge 2</u>**

The mere fact that Mr. Newman has filed a complaint against Lts. Caprio and White, alleging that they violated his constitutional rights, cannot be considered by you as evidence against them. Rather, in reaching your decision, you are to consider only the evidence presented in the courtroom.

*Federal Jury Practice and Instructions*, §§71.01, 72.04.

**Defendants' Proposed Point for Charge 3**

In considering Mr. Newman's claim, Mr. Caprio and/or Mr. White must have been shown to both know of and disregard an excessive risk to Mr. Newman's health or safety. If it was not proven that Caprio and/or White knew of and disregarded an excessive risk to Newman's health or safety, your verdict must be for the defendants.

*Farmer v. Brennan*, 511 U.S. 825 (1994).

*Wilson v. Seiter*, 501 U.S. 294 (1991).

**Defendants' Proposed Point for Charge 4**

Mr. Newman also makes a claim for punitive damages. The purpose of punitive damages is not to compensate the injured plaintiff but to punish a defendant for his willful or malicious conduct and to deter others from similar behavior. In order to award punitive damages to Mr. Newman, you must find that the defendant correctional officials displayed a callous and evil motive when dealing with Mr. Newman or that they acted with reckless or callous indifference to his federally protected rights. If, on the other hand, you find that the defendants' conduct was wrong but not so extreme as to be "callous or evil", there should be no award of punitive damages.

_____*Memphis Community School District v. Stachura*, 477 U.S. 299, 306 n.9 (1986).

_____*Smith v. Wade*, 461 U.S. 30, 54-56 (1986).

_____*Allah v. Al-Hafeez*, 226 F.3d 247, 251-52 (3rd Cir. 2000).

## **Defendants' Proposed Point for Charge 5**

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

          *Federal Jury Practice and Instructions*, §74.02

          Respectfully submitted,

          THOMAS A. MARINO
          United States Attorney

          _____
          MARK E. MORRISON
          Assistant United States Attorney
          MICHELE E. LINCALIS
          Paralegal Specialist
          228 Walnut Street, Suite 220
          P.O. Box 11754
          Harrisburg, PA   17108-1754
          (717) 221-4482

Date: May 20, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:01-CV-0677 |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| LOUIS CAPRIO AND JAMES WHITE | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 20th day of May, 2004, she served a copy of the attached:

**DEFENDANTS' PROPOSED POINTS FOR CHARGE**

by First Class Mail to the person hereinafter named, at the place stated below:

Emanuel Thomas Newman
Reg. No. 13418-039
Dauphin County Prison
501 Mall Road
Harrisburg, PA  17111

```
                                    _____
                                    PHYLLIS M. MITCHELL
                                    Supervisory Legal Assistant
```