FILED
HARRISBURG, PA

MAY 2 5 2004

MARY E. D'ANDREA, CLERK
Per _____ *R·J/V*

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

WARNER ERVIN BATTY, JR.       :
               Petitioner       :       CIVIL NO. 1:04-CV-068
                    :       (JUDGE RAMBO)
      V.                            :
                    :
FRANK J. TENNIS, Warden       :       (MAGISTRATE JUDGE SMYSER)
            Respondent       :

## COMMONWEALTH'S ANSWER AND MOTION IN OPPOSITION TO FEDERAL HABEAS CORPUS RELIEF

AND NOW COMES THE COMMONWEALTH OF PENNSYLVANIA, Office of the District Attorney of York County, Pennsylvania who answers the petition of Warner Ervin Batty, Jr. and moves for the dismissal of the petition filed requesting same on the basis of the following:

1.     The petitioner has exhausted all State Appellate court procedural remedies.

2.     The petitioner's claim for Federal Habeas Corpus relief is untimely and therefore the Honorable Court is without jurisdiction to entertain the proffered claims under the Federal Antiterrorist and Effective Death Penalty Act (Pub. L. No. 104-132 § 104 (3) codified at 28 U.S.C. § 2244 (d) (1) and which provides as follows:

     "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review"...

3.     Under the Federal Antiterrorist and Effective Death Penalty Act, 28 U.S.C. § 2254 (d) (3), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court "shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings"...

4.     The petitioner has been previously granted three (3) hearings under the Pennsylvania Post Conviction Relief Act addressing the instant

claims before the York County Court of Common Pleas on September 5, 1995 on or about January 31, 1991 and subsequently on October 23, 1997 for which relief was denied on October 19, 1998.

5.   Petitioner appealed the denial of post conviction relief to Superior Court of Pennsylvania, which affirmed the denial on September 10, 1999.

6.   Petitioner has not asserted any basis for attack upon his previous conviction and sentence under the Antiterrorist and the Effective Death Penalty Act.

7.   The petitioner has received a full and fair hearing in the Courts of the Commonwealth, which have either disposed of all the issues he has raised or he has otherwise waived all issues that he could have raised during the prior State Court proceedings by his failure to have presented them.

## HISTORY OF PRIOR ADJUDICATION ON THE MERITS OF THE CLAIMS OF THE PETITIONER WHICH HE ALLEGES ENTITLE HIM TO FEDERAL HABEAS RELIEF

The Commonwealth has attached a number of documents as exemplary of the prior adjudication on the merits of the claims raised in his petition.

We address the petitioner's claims on the merits merely as illustrative of the prior opportunities for a full and fair hearing as we believe that the federal habeas corpus petition is time-barred and as such is dispositive of all other issues arising in the federal habeas corpus petition.

I.    Ground one: Petitioner did not waive indictment by a grand jury and the Pennsylvania law, at the time of the prosecution, did not permit the filing of an information against the petitioner in lieu of a grand jury indictment.

The petitioner filed his first petition under the Pennsylvania Post Conviction Hearing Act on January 22, 1985. More than seven years earlier, the petitioner had appealed his conviction and life sentence directly to the Supreme Court of Pennsylvania, which confirmed his conviction and sentence on October 27, 1978.

On January 22, 1985, the petitioner, under the act then captioned the "Post Conviction Hearing Act" (now the "Post Conviction Relief Act"), alleged ineffective assistance of counsel. After a hearing, his claim for relief was denied on September 6, 1985.

Subsequent to this first petition, the petitioner filed another without the aid of counsel. It was filed on January 15, 1991 and denied on January 31, 1991. (Exhibit "A")

A **third** petition, this time with aid of counsel was filed on October 26, 1995. Hearing was held on October 23, 1997 and relief was denied on October 19, 1998.

After the third denial, the petitioner filed an appeal with the Superior Court of Pennsylvania. In its order affirming the denial of post conviction relief, the Superior Court on September 10, 1999 (**Commonwealth of Pennsylvania v. Warner Batty**, No. 1800 Harrisburg) addressed the issue of his claims of ineffective assistance of counsel and the preclusion of the raising of issues considered previously litigated or waived. (Exhibit "B")

The Superior Court found that the issue of waiver of rights to indictment by a grand jury was litigated in the 1991 postconviction petition and further found that even if the claims were cognizable there was no error in that the petitioner had waived this claim.

**II.    Ground two: <u>State Courts did not address conversation had with previous counsel in which previous counsel advised petitioner that life imprisonment does not mean life without parole.</u>**

This claim was addressed by the prior Superior Court opinion (Exhibit "B") as a claim of ineffectiveness. The Superior Court found as a fact that "our careful review of the record shows that appellant was well aware of the potential that he would serve a life sentence without parole."

This claim must also fail as previously litigated.

**III.    Ground three:    <u>Major reason petitioner entered a plea was because his counsel told him that it would guarantee him avoidance of the death penalty.</u>**

The Superior Court (Exhibit "B") refers to the PCHA hearing of September 5, 1985 stating..."the lengthy and thorough guilty plea colloquy shows that appellant was well aware that a life sentence was possible. Specifically the following took place during the degree of guilt hearing of April 14, 1976."

THE COURT:

In other words, you don't have to worry about the death sentence, but you do have to realize that there is the possibility of a life sentence here, or something less than that, depending upon what specific degree is determined to be appropriate. Are you with me on that?

MR. BATTY:

Sure.

THE COURT:

I want you to know the worst, and I want you to know the best. The worst would be a life sentence, on the way this is being presented, and the best would be substantially less, if you were to establish Voluntary Manslaughter, and it could be in between there. You realize that?

MR. BATTY:

(Nodding yes.)

The Superior Court goes on further to state, "it is clear from the record that appellant knew of the potential sentences he could receive, and he was in no way compelled to plead guilty. We find no error."

The issue has been addressed directly by the Superior Court of Pennsylvania and has thus been previously litigated.

## IV.    Ground four: <u>Petitioner was never given the opportunity for "quiet time" with a family member prior to making a decision</u>.

The Commonwealth is in a quandary as to how to respond to this claim, as it does not appear to raise a cognizable issue under The State Constitution or the Federal Constitution.

Our response is, however, that to the extent that it raises any claims of constitutional infirmity, it does not appear to have been previously litigated. However, to the extent that one may glean a cognizable claim on the basis of such cryptic language, we assert that this is a claim, which has been effectively waived in that it could have been raised in a previous postconviction or appellate court forum.

## CONCLUSION

The Commonwealth urges the Honorable United States District Court to refuse, deny and dismiss the instant petition as time barred and further, as lacking in merit as every issue raised has either been previously litigated or waived. All proceedings related hereto should be stayed and dismissed without a hearing.

Respectfully Submitted,

C.N. Patterson, Jr., Esq.
Chief Deputy of Litigation
Office of the District Attorney of
York County, Pennsylvania
Pa.Sup. Ct. Atty ID# 40196
U.S.D.C.O.I.C. #2065
For the Commonwealth
Of Pennsylvania