IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMANUEL THOMAS NEWMAN, :

        Plaintiff, :

v. : Civil No. 1:CV-01-0677

RONALD L. JURY, et al. :

        Defendants. : (Conner, J.)

**FILED**
HARRISBURG, PA
MAY 1 9 2004
MARY E. D'ANDREA, CLERK
Per _____

## DECLARATION OF DAVID L. GLASSMAN, ESQ.

1. On Tuesday, April 13, 2004, I spoke by telephone with K. Michael Sullivan, counsel at U.S.P. - Allenwood, concerning an agreeable time for me to serve two subpoenas and tender mileage checks on behalf of the Plaintiff.

2. Mr. Sullivan invited me to "stop by anytime" between 8:00 a.m. and 4:00 p.m., Tuesday April 13 through Thursday April 15, 2004. He further stated that I should not visit on Friday April 16 because he would be out that day.

3. Mr. Sullivan further advised me that Rule 45 prohibits BOP staff from accepting mileage reimbursement checks.

4. I never told Mr. Sullivan that I "was not familiar with the rules" of Civil Procedure. I did admit that I was unfamiliar with any provision of Rule 45 which prohibited Government staff from accepting mileage fees, especially in view of the position taken by defense counsel last year that the Plaintiff should be

required to tender mileage fees to all of his desired non-confined witnesses. Rather, I informed Mr. Sullivan that I disagreed with his interpretation of the relevant portion of Rule 45(b)(1) but that I demurred to his opinion, which inured to the benefit of the Plaintiff anyway.

5. On either April 13 or 14, I accepted an invitation by Mr. Sullivan to speak with AUSA Mark Morrison on a three-way call to discuss the matter further. Mr. Sullivan put me on hold, then returned to the call without Morrison.

6. Mr. Sullivan informed me that he just had gotten off the phone with Morrison and that Morrison was unable to speak with me because Morrison was in Court at the moment.

7. Mr. Sullivan related that, according to Morrison, Morrison already had advised the Plaintiff how to subpoena BOP witnesses and that Morrison was tired of helping Plaintiff put on Plaintiff's own case.

8. I later reviewed the docket on PACER and concluded that Morrison was incorrect and that Plaintiff was correct with respect to Plaintiff attempting to abide by Rule 45 and the Orders of the Court concerning service of subpoenas.

9. On the morning of Thursday April 15, I called the office of Mr. Sullivan. I left a message on his voice-mail that I had decided to drop by that afternoon per his invitation of April 13 because I had changed my opinion of the legitimacy of the home-made subpoenas based upon my further review of Rule

45(a)(3) and since he told me that he would be out on Friday, April 16.

9. On the afternoon of April 15, I presented myself to the Front Desk Officer at U.S.P. - Allenwood. She informed me that she was expecting me. It is possible that she was relying upon a message left for her back on April 13 by Mr. Sullivan. Mr. Sullivan then cordially met with me in the lobby. Therefore, I did not arrive at the institution "unannounced."

10. Mr. Sullivan correctly declares that he never "refused" to permit me to meet with the subjects of the subpoenas. However, I accepted his opinion that Captain Farley unlikely would accept service once Mr. Sullivan advised him not to accept service from me. Therefore, I elected to accept the opinion of Mr. Sullivan rather than proceed through a useless exercise of tendering service, having service refused, and interrupting the work of Captain Farley for nothing.

11. I asked Mr. Sullivan why he and Captain Farley merely could not accept service and then ask Morrison to move to quash the subpoenas. Mr. Sullivan responded that he felt that my suggestion was impractical, especially given that the subjects of the subpoenas have no custody of the records sought by the Plaintiff to be brought to trial and that they had not worked at Allenwood in 1999 anyway.

12. Mr. Sullivan correctly declares that he encouraged me to contact Morrison. I elected against contacting Morrison because:

    a. of the tone of his earlier response as related to me by Mr. Sullivan and my expectation that further communication merely would result in additional adversarial rhetoric;

    b. the inconsistent positions already taken with respect to the mileage fee issue;

    c. I am not counsel of record for the Plaintiff; and

    d. I already was dissatisfied by the response of Mr. Sullivan as to why Morrison had initiated no stipulation with the *pro se* Plaintiff concerning the records being sought rather than wasting the time of the Court, the Plaintiff, and myself.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2004.

                                                   *David L. Glassman*
                                                   David L. Glassman, Staff Attorney
                                                   Lewisburg Prison Project, Inc.



NAME EMMANUEL T. NEWMAN
D.C.P.# 65,200
DAUPHIN COUNTY PRISON
501 MALL ROAD
HARRISBURG, PA  17111-1299

U.S. Federal District Court
Clerk of the Court
Middle District Court of
Pennsylvania
228 Walnut Street
Harrisburg, PA 17108