UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| EMANUEL T. NEUMAN, PLAINTIFF, | CIVIL NO. 1:CV-01-0677 |
| V. | FILED HARRISBURG MAY 24 2004 MARY E. D'ANDREA, CLERK Per ____ Deputy Clerk |
| RONALD L. JURY, SIS, ET AL, DEFENDANTS, | (CONNER, J) |

PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT

   COMES NOW, EMANUEL T. NEUMAN, PLAINTIFF PRO-SE, SUBMITS THIS RESPONSE TO THE DEFENDANT'S OPPOSITION TO SANCTIONS AND CONTEMPT.

   IN SUPPORT THEREOF PLAINTIFF STATES:

   1). ON APRIL 27, 2004 THIS PLAINTIFF WAS PACKED OUT FOR TRANSIT AT F.C.I. OXFORD. THIS INCLUDED ALL OF HIS LEGAL MATERIALS RELATED TO THE MAY 24, 2004 CIVIL TRIAL.
   2) PLAINTIFF ARRIVED AT U.S.P. TERRE HAUTE ON APRIL 29, 2004, AND WAS DENIED ACCESS TO HIS LEGAL MATERIAL WHILE IN HOLD-OVER STATUS.
   3) ON MAY 3, 2004, PLAINTIFF ARRIVED AT THE FEDERAL TRANSFER CENTER IN OKLAHOMA CITY.

—1—

4) Plaintiff was denied access to his legal material while in holdover status at the Federal Transfer Center.

5) Plaintiff arrived at the Dauphin County Prison, in Harrisburg, Pennsylvania on May 10, 2004, and was allowed his legal material while in holdover status. However, upon inspection several documents were missing, and his legal material was no longer in the same box/package that it was packed out in on April 27, 2004 at F.C.I. Oxford.

6) The documents removed were material to the instant case, because they confirmed that inspite of plaintiff's objection he was returned to general population at U.S.P. Allenwood a third time, and staff were well aware of a continuing threat to plaintiff's safety.

7) After contacting the Lewisburg Prison Project, on May 18, 2004, Attorney David L. Glassman mailed plaintiff his copies of the original documents that were missing from plaintiff's legal material.

-2-

## ARGUMENT

8) Plaintiff was awaken August 23, 2002 at 4:30 A.M., taken without being told why to U.S.P. Terror Hut, where he remained in A.D.X. style detention for the first 30 days. He was then given an incident report which stated, that he was the leader of racially motivated disturbance at F.C.I. Pekin.

9) The reviewing D.H.O. officer contacted the SIS at F.C.I. Pekin, and expunged the incident report completly, and told this plaintiff that there was no information that he had committed any type of offense, that someone had it out for him, and that he wasn't going to become involved.

10) Plaintiff, requested to be returned to F.C.I. Pekin, because he had been found innocent. However, his request was denied and he remained in SHU at U.S.P. Terrer Haute for an additional 6 months.

11) Plaintiff was then transferred to F.C.I. Oxford and placed under close watch supervision, where he is currently housed/incarcerated.

—3—

11) THE DEFENDANTS don't OPENLY DENY THESE ALLEGATIONS THEY MERELY STATE THAT THEY ARE UNSUPPORTED.

12) PLAINTIFF WAS CONTACTED BY ATTORNEY DAVID L. GLASSMAN, WHO CORRECTED THE MISUNDERSTANDING PLAINTIFF GOT FROM HIS PRIOR AFFIDAVIT RELATED TO THE SERVICE OF WITNESSES WITH SUBPOENAS.

13) PLAINTIFF HUMBLY WITHDRAWS HIS PRIOR ALLEGATION THAT DEFENDANTS AND THEIR COUNSEL BLOCKED THE SERVICE OF PLAINTIFF'S WITNESSES WITH SUBPOENAS.
(SEE: GLASSMAN'S AFFIDAVIT ATTACHED TO PLAINTIFF'S RESPONSE TO OPPOSITION TO ORDER ISSUING SUPOENA'S DUCES TECUM.)

14) HOWEVER, ALL OTHER ALLEGATIONS MADE IN THIS BRIEF IN RESPONSE TO DEFENDANT'S OPPOSITION ARE MADE PURSUANT TO TITLE 28 U.S.C. § 1746. FURTHER I SAYETH NOT.
THIS 20, DAY OF MAY 2004.
By _____
EMANUEL T. NEWMAN
13418-039
D 65, 200
501 MALL Rd
HARRISBURG, PA 17111