UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| Emanuel Thomas Newman,<br>Plaintiff, | ) ) ) ) ) | Case no. 01 - CV -0677 |
| -Vs- | ) ) ) ) ) | |
| Louis Caprio, and<br>Jimmie L. White, Jr.,<br>Defendants, | ) ) ) ) ) | (Conner, J) |

AFFIDAVIT OF
EMANUEL THOMAS NEWMAN

    I, Emanuel Thomas Newman, pursuant to title 28 U.S.C. § 1746, do hereby state the following under the penalties of perjury, and that the foregoing is true, complete, and correct to the best of my knowledge and belief

    1) That I am the plaintiff in the above titled civil case, and also the prevailing party.

    2) That I am submitting the attached bill of cost to the court, and am seeking $75,993.31 to cover the cost of my litigation.

    3) That I paid $150 to the clerk of the court to file my civil action. 20% per month was taken from my inamte acount until the amount was paid in full.

    4) That I paid a witness fee of $40 to Dr.Weyand to appear at trial.

    5) That it cost me $35 to have Dr.Weyand served with a subpoena to appear in court.

    6) That Over the course of my litigation I have purchased 680 postage stamps at a cost of .37¢ each for a total of $251.60.

7) That during the course of my litigation I have made a total of 3264 copies of cases, documents, pleadings, exhibits, discovery items, medical records, Federal Rules of Local Procedure for the Middle District, at a cost of .15¢ each for a total of $489.60.

8) That Rev. Richard Dahl spent 208.5 hours traveling back and forth, and doing legal research in a Law library at a cost of $40 per hour for a total $8,340, and his bill is attached.

9) That Rev. Helen Trowbridge spent a total of 349.5 hour doing computerized legal research for me at the going rate of $40 per hour for a total of $13,980, and her bill is attached.

10) That the research done by both Rev. Dahl amd Trowbridge was invaluable to this plaintiff, because the law libraries at the institutions I have been incarcerated at over the course of my litigation were totally incomplete, and lacked upto-date legal materials. In some cases complete books containing needed legal matrials were missing in other cases they were out-dated, and of no use to me.

11) That during the course of my litigation I made numerous phone calls to para-leagals, attorneys, Rev. Dahl, and Rev. Trowbridge, also to the clerk of the court, to the Lewisburg Prison Project, all concerning my case. My calculations are that I spent 3613 minuntes making legal related phone calls at a cost of .20¢ per minute, for a total of $722.60.

12) That Rev. Dahl hired a para-legal to aid me with my litigation at an out of pocket cost of $2500.

13) That I, Emanuel Thomas Newman, have at no time attempted to act as a trianed attorney at law. I have no training in the legal profession. Furthermore, neither Rev.Dahl or Rev. Trowbridge attempted to act as an attorney, nor did either of them give me any legal advice. I did my own legal research by compiling the research done by Rev.Dahl, and Trowbridge as well as my own legal research from the sparse materials in the law libraries at the institutions I have been incarcerated at during my litigation. I spent a total of 9400 hours at the going rate of $5.25 per hour for a total cost of $49,350.

14) That I purchased a total of 17 typewriter ribbons from the prison commissary and from other inmates at a cost of $4.68 per ribbon for a total of $79.56.

15) That I purchased a total of 27 correction ribbons from the prison commissary and from other prisoners at a cost of $1.00 each for a total of $27.

16) That I purchased 33 large brown legal mailing envelopes from the prison commissary and other prisoners at a cost of .15¢ each for a total of $4.95.

17) That I purchased one (1) typing daisy wheel from an inmate at F.C.I. Oxford at a cost of $23.

18) That on August 23, 2002, I was awaken at 4.00 am, and placed on a bus to U.S.P. Terre Haute. Once there I was placed on "Nothing Comming Status", which mean 24 hour lock down. I remained there for seven months. After the first 30 days I was issued an incident report. 30 days later it was expunged, and 5 months later I was sent to F.C.I. Oxford. For a period of 7 months I was away

from my personal and legal property. When I was given my property numerous documents related to this civil case were missing along with my legal note book in which I kept my phone log, and copy log. None of the copyers at any of the institutions I have been at over the course of my litigation have returned any type of receipt for the copies made. I submitted a written request to F.C.I. Oxford for copies of my inmate account from 1999 to 2004, and was told that they did not have access to those records. I have attached a copy of that response as well as copies of my inmate account from F.C.I. Pekin (an incomplete statement of my account), and an upto-date account statement from F.C.I. Oxford. These statements show some of the funds sent in to me by Rev.Dahl that I used to cover the cost of postage, copies, typewrter ribbons etc.

    AND FURTHER I SAYETH NOT

This 25, of July, 2004

By *[signature]*
Emanuel Thomas Newman
Plaintiff.
F.C.I. Oxford
P.O. BOX 1000
Oxford, Wis 53952-1000