UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:01-CV-0677 |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| LOUIS CAPRIO AND JAMES WHITE | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR THE AWARD OF COSTS**

Pursuant to the Court's Order dated August 5, 2004, the United States files this brief in the above entitled matter.

I.  Background

Plaintiff, Mr. Emanuel Newman (hereafter Newman) is an inmate who brought a *pro se* *Bivens* action against the above named Bureau of Prisons defendants. The matter was tried before a jury and a verdict was returned in favor of Newman with a zero damages award.

Newman filed a "Motion for the Award of Cost", requesting that a total of $75,993.31 in costs be taxed against Defendants.

II. Question Presented

> Since attorney's fees are not recoverable to a *pro se* litigant, is the Court's and/or Clerk of Court's discretion in taxing costs of litigation limited to the areas set out in 28 U.S.C.A. § 1920?
>
> Suggested answer in the affirmative.

III.  Argument

There are two principle concepts for awarding out-of-pocket expenses. First, "[s]ome expenses are included in the concept of attorney's fees, as 'incidental and necessary expenses incurred in furnishing effective and competent representation,' and thus are authorized by section 1988. These are usually the expenses that would be charged to a fee paying client, such as reasonable photocopying, travel and telephone costs. *Grimm v. Lane*, 895 F. Supp. 907 (S.D.Oh. 1995). Second, costs to be paid to a third party can be recovered according to the guidelines of 28 U.S.C.A. § 1920. *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624, 636-37 (6th Cir.1979).

The first type of costs, those awarded as attorney's fees or expenses an attorney would charge, constitute the bulk of the items for which Newman seeks taxation, but are unrecoverable. It is without question that a *pro se* litigant may not recover attorney's fees in an action under 42 U.S.C.A. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435-438 (1991). In fact, Newman acknowledges that he is not requesting attorney's fees.

A few of the items requested by Newman are taxable, according to 28 U.S.C.A. § 1920.

Title 28 U.S.C.A. § 1920 sets out the areas of costs that may be taxed against the non-prevailing party in a District Court case:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. 28 U.S.C.A. § 1920.

The items listed in Newman's Bill of Costs will be discussed in order. Each item will be designated as falling into the first category, an item of expense that an attorney would charge and thus not taxable as a cost, or falling under the second category, an item recoverable under one of the enumerated areas of 28 U.S.C.A. § 1920:

Phone calls - category one (attorney expenses) - not taxable - objection.
Copies - category one (attorney expenses) - not taxable - objection.
Postage - category one (attorney expenses) - not taxable - objection.
Civil Filing Fee - category two - taxable - no objection.                    $150.00
Witness Fee - category two - taxable - no objection.                         $ 40.00
Typewriter Ribbons - category one (attorney expenses) - not taxable - objection.
Service of Witness - category two - taxable - no objection.                  $ 35.00
Correction Ribbons - category one (attorney expenses) - not taxable - objection.
Computerized Legal Research - category one (attorney expenses) - not taxable - objection.
Typing Daisy Wheel - category one (attorney expenses) - not taxable - objection.
Non-Legal Professional Research - category one (attorney expenses) - not taxable - objection.
Large Brown Legal Envelopes - category one (attorney expenses) - not taxable - objection.
Paralegal Fees - Bill Golden - category one (attorney expenses) - not taxable - objection.[1]
Legal Research by Plaintiff - category one (attorney expenses) - not taxable - objection.

It is anticipated that Newman may argue that his 3,264 copies of cases, documents, pleadings, exhibits, discovery items, medical records, and "Federal Rules of Local Procedure" should fall under 28 U.S.C.A. § 1920(4) and thus be taxable. It is submitted that all documents

---

[1]This item was subsequently removed by Newman by "Motion to Correct Error" dated August 10, 2004.

listed except for trial exhibits would fall under documents prepared by and provided by an attorney and thus be categorized as attorney's fees and non-taxable. Costs of printing and/or copying documents used as exhibits at trial are taxable. However, all documents submitted by Newman for use as exhibits at trial were provided in discovery and copies were made by the Courtroom Deputy at the pretrial conference. Thus, no expenses were incurred by Newman.

Further, *arguendo*, if the Court deems taxable any of the items that are objected to by Defendants, it is submitted that Newman is not a "prevailing party" for purposes of determining costs since he failed to recover any damages at trial.

WHEREFORE, Defendants Caprio and White respectfully request this Court to deny all requests for taxation of costs except for the $150.00 filing fee, the $40.00 witness fee and the $35.00 service fee.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


MARK E. MORRISON
Assistant United States Attorney
Federal Building - Room 217
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108
(717) 221-4482

Dated: Harrisburg, Pennsylvania
August 24, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL THOMAS NEWMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. 1:01-CV-0677 |
| v. | ) | |
| | ) | (Conner, J.) |
| | ) | |
| RONALD L. JURY, et al., | ) | Electronically Filed |
| | ) | |
| Defendants | ) | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 24, 2004, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR THE AWARD OF COSTS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Emanuel Thomas Newman
Reg. No. 13418-039
F.C.I. Oxford
P.O.Box 1000
Oxford, WI 53952-1000

                                                                      s/ Michele E. Lincalis
                                                                      MICHELE E. LINCALIS
                                                                      Paralegal Specialist