IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| Emanuel Thomas Newman,<br>　　Plaintiff, | )<br>)<br>)　Case no. 1:01-CV-0677<br>)<br>) |
| V. | )<br>)<br>)<br>) |
| Louis Caprio, and<br>Jimmie L. White, Jr.,<br>　　Defendants, | )　(Conner, J.)<br>)<br>)<br>) |

FILED
HARRISBURG, PA
SEP 13 2004
MARY E. D'ANDREA, CLERK
Per _____

PLAINTIFF'S REPLY BRIEF IN OPPOSITION
TO DEFENDANT'S BRIEF IN OPPOSITION TO THE AWARD OF COST

Comes Now, Emanuel Thomas Newman, plaintiff, Pro-Se, and submits this reply brief in opposition to the defendants.

Therefore, in response to the court's order of August 5, 2004, plaintiff submits the following:

1.　**BACKGROUND:**

Plaintiff, a federal prisoner, filed this civil action on April 18, 2001 under **Bivens** alleging that he had been injured as a direct result of the **deliberate indifference** of defendants Louis Caprio and Jimmie L. White, Jr, which left him with large gray spots in his field of vision.

Following a three (3) day civil jury trial the jury returned a judgment in favor of the plaintiff on all of his claims. Thereby, establishing him as the **prevailing party.**

2.　**QUESTIONS PRESENTED:**

　　a) Is plaintiff the **prevailing party** for purposes
　　　 of determining cost?

　　b) Does the Court and/or Clerk of Court's have the
　　　 authority and discretion in taxing cost of litigation?

-1-

3. **ANSWER TO QUESTIONS:**

   a) Affirmative.

   b) Affirmative.

4. **ARGUMENT:**

Plaintiff would bring to the court's attention that the United States Supreme Court in <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Public Health and Human Resources</u>. 149 L.Ed.2d 855, 862 (2001), defined the term **prevailing party.**

Chief Justice William Rehnquist's decision for the five justice majority was grounded solely on one basic, down to earth, staight forward proposition in designating those parties eligible for an award of litigation cost.

> Congress employed the term "prevailing party" -a legal term of art. The most recent edition of BLACK'S LAW DICTIONARY (the one published in 1999) defines "prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the damages awarded."
>
> <u>Buckhannon</u> at 862.

Therefore, this plaintiff is the prevailing party in this civil action, and entitled to recover cost from the defendants for his out of pocket litigation expenses.

The defendants have objected to just about all of plaintiff's claimed expenses claiming that the cost fall outside of the authority granted to the court under 28 U.S.C.A. § 1920.

This plaintiff was granted **in forma pauperis** status under the Prison Litigation Reform Act (P.L.R.A.). Title 28 U.S.C. § 1915 (e), allows this court to provide a judgment for cost at the conclusion of this law suit as in any other civil action, and this plaintiff may be awarded cost on the same basis as any other in forma pauperis litigant.

See, <u>Evans v. Tennessee Dept. Of Corrections</u>, 514 F.2d 283, 284-85 (6th.Cir.1975); <u>Coleman v. Turner</u>, 838 F.2d 1004, 1005 (8th.Cir. 1988).

The cost referred to under title 28 U.S.C. § 1920 are limited to Clerk's Fees, witness fees, copies of necessary items for trial etc. However, numerous courts have ruled that the attorney's fee statutes permit a pro-se prisoner litigant to the recovery of some of their litigation expenses even though they are not attorneys or entitled to recover attorney fees if those cost are reasonable and necessary. <u>Bert v. Hennessey,</u> 929 F.2d 457, 458 (9th.Cir.1991); <u>Jermosen v. Smith,</u> 733 F.Supp 13, 14 (W.D.N.Y. 19 90).

As noted by this plaintiff in his original motion for bill of cost he is **not** requesting attorney fees, because he is not an attorney. The Court is not authorized to grant such a request.

Plaintiff, does move this court for the recovery of cost that are outside of those allowed under 28 U.S.C. § 1920, because those cost are reasonable and absolutely necessary in the bringing of his civil action to trial.

> <u>REASONABLE:</u> adj. 1. Fair, proper, or moderate under the circumstances [reasonable pay].
>
> <u>Black's Law Dictionary</u>
> <u>Eighth Edition, 1999. pg 1293.</u>

The defendants object to plaintiff's cost for copies.

This plaintiff would state that he appeared in the court on May 24, 2004 carrying two large bundles of documents that he had copied in preparation for trial. Those documents included, his complete medical file, all related administrative remedies, all

memorandums for the B.O.P. and it's staff persons related to the civil action, numerous exhibits, affidavits, and correspondence. All of which had been copied in the event they were needed for trial.

Plaintiff, trust the court's memory in this matter, and would state that the cost of those copies was both necessary and reasonable in order for him to bring his case to trial.

Furthermore, the phone calls made by this plaintiff that were related to his litigation were necessary as they aided him in obtaining crucial information from the clerk of the court, Rev. Dahl, and Rev. Trowbridge concerning his case during the preparation stages of litigation while bringing this case to trial.

Numerous of those phone calls were to paralegals for information on the construction of pleadings, and research, as well as to attorneys for advice on how I should proceed at certain stages of my litigation.

The defendants also object to the cost of postage. Without the United States Postal Service plaintiff would never have been able to bring his civil action into the court. Therefore, that expense was necessary and because the cost of postage is set by the United States government as were the cost of both copies, and the use of the phone. Those expenses were absolutely necessary and reasonable. <u>Luna v. Harris</u> 691 F.Supp. 628,-29 (E.D.N.Y. 1988); <u>Mayberry v. Walters</u>, 862 F.2d 1040 (3rd,Cir. 1988); 42 U.S.C. § 19 88.

The defendants also object to the computerized legal research done for this plaintiff by Rev.Dahl and Rev. Trowbridge from their office in Hagerman, Idaho.

Neither Reverends constructed any pleadings for this plaintiff. They researched case law on the internet and in the State Law library in Boise, Idaho. Nor did they give this plaintiff any legal advice. However, they did at their own expense make many long distance phone calls to attorneys and paralegals asking questions and relaying answers to me by accepting collect phone calls, and the U.S. Postal Service. "...time reasonably spent by law clerks and paralegals is compensable under section 1988!" <u>Cameo Concalescent Center v. Senn</u>, 738 F.2d 836, 846 (9th.Cir.1984)"; (prevailing plaintiff in civil rights action was entitled to recover cost of computerized legal research, photocopying,...postage, under § 1988 as such expenses were billed separately from the attorney fees in the community where the litigation occurred) See, <u>Erickson v. City of Topeka, Kansas</u>, 239 F.Supp.2d 1202 (D.Kan.2002).

      The defendants fail to offer any reason for the objection. Plaintiff would further state that said cost for computerized research is reasonable. Had he contracted with a law firm for the same services at $150 per hour X 349.5 hours the cost would have been $52,425. The numerous hours spent by Reverend Dahl driving back and forth from his home, staying with friends, family, and at times in motels while doing legal research in the State Law Library is being nominally compensated at the rate of $40 per hour. Rev.Dahl placed himself at great hardship as he is 86 years old. "For the Laborer is worthy of his hire." <u>Holy Bible Book Of Luke,</u> Chapter 10: Verse 7*

---

* Included at the request of Reverends Dahl and Trowbridge.

Plaintiff's submitted cost for computerized legal research is reasonable and necessary, because he would have never made it past the defendant's motion for summary judgment had it not been for the extraordinary case law, and sample documents provided by Reverends Dahl and Trowbridge. See, Compare Jones v. Unisys Corp, 54 F.3d 624, 633 (10th.Cir.1995)(These cost are to be allowed to to the prevailing party 'unless the court otherwise orders'...the district court has discretion in this matter...); Also see, Godinet v. Managment and Training, 182 F.Supp.2d 1108, 1114 (D.Kan. 2002)(Defendants, however, argues that fees for the use of computerized legal research are not pre se properly recoverable...The Court disagrees).

Therefore, plaintiff's submitted cost for computerized legal research are in fact reasonable, and were absolutely necessary. Thereby, recoverable under 42 U.S.C. § 1988, because he would have never made it into the courtroom to take advantage of his constitutional rights. But for the hard work and attention given by the two reverends. Also, plaintiff, who has no legal training, was able to appear in court and not make a total fool out of himself or try the court's patients had he not been provided with detailed information on how he should act before the court and jury.

WHEREFORE, Emmanuel Thomas Newman, plaintiff is the prevailing party (**as defined by the U.S. Supreme Court**), he most respectfully moves this court to use it's discretion in this matter, and **GRANT** his Bill of Cost.

Respectfully submitted by, *Emmanuel T. Newman*
Emmanuel T. Newman

Date: 4 September, 2004.

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| Emanuel Thomas Newman,<br>    Plaintiff, | Case no. 1:CV-01-0677 |
| V. | |
| Louis Caprio, and,<br>Jimmie L. White, Jr.,<br>    Defendants, | (Conner, J.) |

CERTIFICATE OF SERVICE

I, Emanuel Thomas Newman, pursuant to title 28 U.S.C. § 1746, do hereby state upon my oath, that I have placed adequate postage for first class mailing to all parties concerned of Plaintiff's Reply Brief In Opposition to Defendant's Brief In Opposition To The Award Of Cost.

This **4Th** day of September, 2004

By, *Emanuel Thomas Newman*
Emanuel Thomas Newman
13418-039
F.C.I. Oxford
P.O. BOX 1000
Oxford, Wisconson 53952-1000

COPIES TO:
    U.S. Attorney
    316 Federal Building
    240 West Third Street
    Williamsport, Pa 17703

    U.S. District Court
    Office of the Clerk of Court
    228 Wlanut Street
    Harrisburg, Pa 17108



13418-039
Federal Correctional Institution
P.O. Box 1000
Oxford, Wis 53952-1000

United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

Legal Mail