IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL THOMAS NEWMAN,** | : | **CIVIL ACTION NO. 1:01-CV-0677** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LOUIS CAPRIO and JAMES P. WHITE,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion for an award of fees and costs (Doc. 173) by plaintiff, Emanuel Thomas Newman ("Newman").  In the underlying case, Newman alleged that defendants, security officers at the federal institution at which he was incarcerated, were deliberately indifferent to the risk of inmate assault, resulting in an attack on Newman.  He sought compensatory and punitive damages based on the injuries that he purportedly suffered.  A jury trial was held in May 2003, at which Newman represented himself.  The jury found that defendants had violated Newman's constitutional rights but declined to award any damages.  (Doc. 158, 160).

Newman now seeks approximately $73,500 in costs relating to "copies," "postage," "civil filing fee," "witness fee," "typewriter ribbon," "service of witness," "correction ribbon," "computerized legal research," "typing daisy wheel," "non-legal professional research law library," "large brown legal envelopes," and "legal

research done by plaintiff."¹ (Doc. 173 at 3). Defendants raise objections to the bulk of these costs. They concur only in the request for reimbursement of the filing fee and witness fees, totaling $225.00. (Doc. 177).

An interesting legal question is posed by the motion: whether a party who achieves a favorable finding on the issue of liability but is awarded no relief can be considered a "prevailing party" under Federal Rule of Civil Procedure 54. That Rule provides, in pertinent part, as follows: "[C]osts other than attorneys' fees shall be allowed as of course to the *prevailing party* unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). That Newman did not receive any of the monetary relief requested in the complaint suggests that he is not a "prevailing party" as the phrase is used in federal law. See Hewitt v. Helms, 482 U.S. 755, 760 (1987) ("[A] plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail."); Tunison v. Continental Airline Corp., 162 F.3d 1187, 1190 (D.C. Cir. 1998). However, some authorities intimate that a favorable finding on liability may suffice to confer "prevailing party" status, see 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2667 (3d ed. 1998), and some cases imply that costs may be awarded in certain circumstances to a non-prevailing party, see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001).

---

¹ In a "motion to correct error" (Doc. 176), Newman asks to eliminate his request for reimbursement of paralegal expenses in the amount of $2500. The court will grant the motion (Doc. 176) and has recognized this correction.

The court need not resolve this issue, since the expenses to which defendants object are not recoverable even if Newman is deemed a "prevailing party." Section 1920 of Title 28 of the United States Code enumerates the categories of expenses that may be taxed as "costs" following judgment:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see also In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 457 (3d Cir. 2000) ("The 'costs' capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920."). Defendants properly concede that subsections (1) and (3) provide authority for the assessment of filing and witness fees incurred by Newman.

Newman's other expenses, however, are not recoverable under this section. Costs relating to "copies" may be taxed under 28 U.S.C. § 1920(4) only if they were "necessarily obtained for use in the case." Id. Newman claims that a total of 3260 copies were "prepared for court/trial," but he offers no information by which the court could determine whether any of these documents were necessary for litigation of his claim. (See Doc. 173, 178). Newman introduced seventeen exhibits at trial, none of them comprising more than a few pages. (Doc. 156). Copies of

3

several exhibits were provided to Newman during the final pre-trial conference at no cost. (Doc. 146; see Doc. 178). Newman does not explain why other copies were needed or how they related to the litigation. Without a description of these documents or their purpose, the court cannot deem them necessary to the case under § 1920(4). See McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990); see also Krouse v. Am. Sterilizer Co., 928 F. Supp. 543, 546 (W.D. Pa. 1996), aff'd, 126 F.3d 494 (3d Cir. 1997); Levin v. Parkhouse, 484 F. Supp. 1091, 1096 (E.D. Pa. 1980). The request to award costs for "copies" will be denied.

The remaining claims—for legal research expenses, office supply purchases, and postage and telephone charges—do not fall within the ambit of § 1920. Expenses relating to research and case preparation are in the nature of "overhead" normally borne by attorneys in the course of litigation. See Boyadjian v. CIGNA Cos., 994 F. Supp. 278, 280-82 (D.N.J. 1998), aff'd, 203 F.3d 816 (3d Cir. 1999); see also Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 38 F.3d 1429, 1440 (7th Cir. 1994).[2] They are not "costs" of the types enumerated in § 1920. Id. They are recoverable, if at all, only as part of an award for attorney's fees. See Boyadjian, 994 F. Supp. at 280-82; see also Norcross v. Bd. of Educ., 611 F.2d 624, 639 (6th Cir. 1979).

Newman is, of course, proceeding without an attorney and is ineligible for a fee award. See Kay v. Ehrler, 499 U.S. 432, 435 (1991). Nevertheless, he argues that

---

[2] But see Wehr v. Burroughs Corp., 619 F.2d 276, 285 (3d Cir. 1980), overruling recognized in Boyadjian v. CIGNA Cos., 994 F. Supp. 278, 281 (D.N.J. 1998) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987)), aff'd, 203 F.3d 816 (3d Cir. 1999).

4

he is entitled to those "overhead" expenses that *would be* granted to a represented party as "attorney's fees." (Docs. 173, 178). This position is not entirely without support. Several courts have held that a pro se plaintiff who succeeds in a 42 U.S.C. § 1983 action against state officials is allowed such expenses pursuant to 42 U.S.C. § 1988,[3] which provides for an award of attorney's fees in statutory civil rights actions. <u>See, e.g.</u>, <u>Burt v. Hennessey</u>, 929 F.2d 457, 458-59 (9th Cir. 1991). <u>But see</u> <u>Kay</u>, 499 U.S. at 435 ("[A] pro se litigant . . . is *not* entitled to attorney's fees [under § 1988].").

But, even accepting this principle *arguendo*, it has no application in this case. Newman's claim is not brought against state officials under § 1983 or any other statutory civil rights provision. Rather, it is brought against federal officials pursuant to a judicially implied cause of action for constitutional rights violations. <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 396 (1971). Neither § 1988 nor other federal statutes provides for an award of attorney's fees in these

---

[3] Section 1988 provides, in pertinent part, as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b).

5

circumstances, see Saxner v. Benson, 727 F.2d 669, 673 (7th Cir. 1984), aff'd sub nom. Cleavinger v. Saxner, 474 U.S. 193 (1985), and the limited nature of the relief available in such cases counsels against recognizing an implied right to attorney's fees, see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-70 (2001); see also Buckhannon, 532 U.S. at 602 (stating that attorney's fees may generally not be awarded "absent explicit statutory authority") (quoting Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994)).  Newman is not entitled to an award of attorney's fees or "overhead" expenses associated with research and case preparation.

     The motion for an award of costs will be granted only to the extent that it is unopposed.  An appropriate order will issue.


       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:     October 22, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL THOMAS NEWMAN,** | : | **CIVIL ACTION NO. 1:01-CV-0677** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LOUIS CAPRIO and JAMES P. WHITE,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of October, 2004, upon consideration of plaintiff's motion for an award of costs (Doc. 173) and motion to correct error (Doc. 176), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for an award of costs (Doc. 173) is GRANTED in part and DENIED in part as follows:

    a. The Clerk of Court is directed to tax against defendants those costs enumerated in the bill of costs (Doc. 173 at 3) relating to filing and service fees in the amount of $225.00. See 28 U.S.C. § 1920(1), (3); Fed. R. Civ. P. 54(d)(1); L.R. 54.4(1).

    b. The Clerk of Court shall not tax against defendants other costs enumerated in plaintiff's bill of costs (Doc. 173 at 3). See L.R. 54.4.

2. The motion to correct error (Doc. 176) is GRANTED.

                S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge